THE UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

MARTHA ADAMS, ET AL

Plaintiffs,

v.  Docket No: 2:07cv-1064- WKW

ASBESTOS DEFENDANTS:

ALBANY INTERNATIONAL, ET AL,

Defendants.

## MOTION FOR SUBSTITUTION OF PARTIES

Comes now Plaintiffs in the above styled cause, by and through counsel of record, and moves the Court for leave to file an Amended Complaint to substitute as a named Plaintiff, Tommy Kyle Byrd, as the Personal Representative of the Estate of Shirley Marie Gilbert and as surviving child and Administrator of the Estate of Shirley Marie Gilbert, in lieu of the originally named Plaintiff, Teresa Watson.

As grounds therefore, Plaintiffs show unto the Court, that Shirley Marie Gilbert is deceased and that Letters of Testamentary have been filed in the Probate Court of the State of Alabama, Covington County and an Order

Appointing Tommy Kyle Byrd as the Personal Representative for the Estate of Shirley Marie Gilbert on December 20, 2007. See attached as Exhibit A.

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs respectfully request this Honorable Court for leave for Plaintiffs to file an Amended Complaint substituting as a named Plaintiff, Tommy Kyle Byrd, as the Personal Representative of the Estate of Shirley Marie Gilbert and as surviving child and Administrator of the Estate of Shirley Marie Gilbert, in lieu of the originally named Plaintiff, Teresa Watson.

Respectfully submitted,

s/G. Patterson Keahey, Jr.
G. PATTERSON KEAHEY, JR.
ASB-6357-A64G
G. PATTERSON KEAHEY, P.C.
One Independence Plaza, Suite 612
Birmingham, AL  35209
(205) 871-0707 (telephone)
(205) 871-0801 (fax)
info@mesohelp.com (e-mail)

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being filed electronically with the Clerk of the Court using the CM/ECF system on this 27th day of December, 2007 and will be served thru electronic mail.

12/21/2007  12:41   Received 13342223163   Dec 21 2007 11:53am JONES & JONES, P.C.   PAGE 04

## IN THE PROBATE COURT OF COVINGTON COUNTY, ALABAMA

IN THE MATTER OF THE     *
ESTATE OF SHIRLEY        *   CASE NO.: PC-07-324
GILBERT, DECEASED.       *

### LETTERS OF ADMINISTRATION

KNOW ALL MEN that Letters of Administration on the Estate of Shirley Gilbert, deceased, are hereby granted to Tommy Kyle Byrd, who has duly qualified and given bond as Administrator, and that he is authorized to administer such estate.

It is further ORDERED by the Court that the said Administrator shall have all the general powers and duties without limitation as authorized for transactions enumerated in Code of Alabama Section 43-2-843 (1975, as numbered) as follows:

1. Retain assets owned by the decedent pending distribution or liquidation including those in which the representative is personally interested or which are otherwise improper for trust investment.

2. Receive assets from fiduciaries, or other sources.

3. Perform, compromise, or refuse performance of the decedent's contracts that continue as obligations of the estate, as the personal representative may determine under the circumstances. In performing enforceable contracts by the decedent to convey or lease land, the personal representative, among other possible courses of action, may do either of the following:

    a. Execute and deliver a deed of conveyance for cash payment of all sums remaining due or the purchaser's note for the sum remaining due secured by a mortgage or deed of trust on the land.

    b. Deliver a deed in escrow with directions that the proceeds when paid in accordance with the escrow agreement, be paid to the successors of the decedent, as designated in the escrow agreement.

4. Satisfy written charitable pledges of the decedent irrespective of whether the pledges constituted binding obligations of the decedent or were properly presented as claims, if in the judgment of the personal representative the decedent would have wanted the pledges completed under the circumstances.

5. If funds are not needed to meet debts and expenses currently payable and are not immediately distributable, deposit or invest liquid assets of the estate, including moneys received from the sale of other assets, in federally insured interest-bearing accounts, readily marketable secured loan arrangements, or other prudent investments which would be reasonable for use by trustees generally.

6. Abandon personal property when, in the opinion of the personal representative, it is valueless, or is so encumbered, or is in condition that it is of no benefit to the estate.

7. Vote stocks or other securities in person or by general limited proxy.

8. Pay calls, assessments, and other sums chargeable or accruing against or on account of securities, unless barred by the provisions relating to claims.

9. Hold a security in the name of a nominee or in other form without disclosure of the interest of the estate but the personal representative is liable for any act of the nominee in connection with the security so held.

10. Insure the assets of the estate against damage, loss, and liability and the personal representative against liability as to third persons.

11. Borrow money without security or with security of personal property to be repaid from the estate assets or otherwise; and advance money for the protection of the estate.

12/21/2007  12:41   Received 13342223163   Dec 21 2007 11:54am JONES & JONES, P.C.   PAGE 05

12. Effect a fair and reasonable compromise with any debtor or obligor, or extend, renew, or in any manner modify the terms of any obligation owing to the estate. If the personal representative holds a mortgage, pledge, or other lien upon property of another person, the personal representative may, in lieu of foreclosure, accept a conveyance or transfer of encumbered assets from the owner thereof in satisfaction of the indebtedness secured by the lien.

13. Pay taxes, assessments, and other expenses incident to the administration of the estate.

14. Sell or exercise stock subscription or conversion rights; consent, directly and through a committee or other agent, to the reorganization, consolidation, merger, dissolution, or liquidation of a corporation or other business enterprise.

15. Enter for any purpose into a lease as lessor or lessee, with or without option to purchase or renew, for a term not to exceed one year.

16. Allocate items of income or expense to either estate income or principal, as permitted or provided by law.

17. Employ necessary persons, including appraisers, attorneys, auditors (who may include certified public accountants, public accountants, or internal auditors), investment advisors, or agents, even if they are associated with the personal representative, to advise or assist the personal representative in the performance of administrative duties; act without independent investigation upon recommendations of agents or advisors, and instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary.

18. Prosecute or defend claims or proceedings in any jurisdiction for the protection or benefit of the estate and of the personal representative in the performance of duties of the personal representative.

19. Continue any unincorporated business or venture in which the decedent was engaged at the time of death as provided in any of the following:

   a. In the same business form for a period of not more than one year from the date of appointment of a general personal representative if continuation is a reasonable means of preserving the value of the business including good will.

   b. In the same business form for any additional period of time that may be approved by order of the court in a proceeding to which the persons interested in the estate are parties;

   c. Throughout the period of administration if the business is incorporated by the personal representative and if none of the probable distributees of the business who are competent adults object to its incorporation and retention in the estate.

20. Incorporate any business or venture in which the decedent was engaged at the time of death.

21. Provide for exoneration of the personal representative from personal liability in any contract entered into on behalf of the estate.

22. Satisfy and settle claims and distribute the estate as provided in Title 43 of the Code of Alabama 1975.

It is further ORDERED that the said Petitioner proceed without delay to collect and take possession or control of the personal property and evidences of debt of the said decedent.

DONE this the _1 0_ day of December 2007.

_____
JUDGE OF PROBATE

STATE OF ALABAMA )

COVINGTON COUNTY )

**CERTIFICATION**

I, Sherrie R. Phillips, Judge of Probate in and for said County and State, hereby certify that the within and foregoing is a true, correct and complete copy of the Letters of Administration issued to Tommy Kyle Byrd as Administrator of the Estate of Shirley Gilbert, deceased, as the same appears of record in my office, and are still in full force and effect.

Given under my hand and seal of office, this the 20 day of December 2007.

_Sherrie R. Phillips_
JUDGE OF PROBATE

12/21/2007 12:41   Received
13342223163

Dec 21 2007 11:53am
JONES & JONES, P.C.                                    PAGE 03

## IN THE PROBATE COURT OF COVINGTON COUNTY, ALABAMA

| | | |
|---|---|---|
| IN THE MATTER OF THE | * | |
| ESTATE OF SHIRLEY | * | CASE NO.: PC-07-326 |
| GILBERT, DECEASED. | * | |

### ORDER APPOINTING ADMINISTRATOR

Comes now Tommy Kyle Byrd and files his Petition for Letters of Administration on the Estate of Shirley Gilbert, deceased. It appears from the record and the evidence that the decedent departed this life on or about the 30th day of December 2005, in the City of Andalusia, Covington County, Alabama.

It is therefore, ORDERED, ADJUDGED, and DECREED by the Court that the said Tommy Kyle Byrd, before undertaking his duties as Administrator, do give and file in this Court his bond in the amount of $1,000.00, conditioned and payable as required by law, and to be approved by the Court.

It is further ORDERED that Tommy Kyle Byrd be and he hereby is appointed Administrator of the Estate of Shirley Gilbert, deceased, and that Letters of Administration issue forthwith.

DONE this 20 day of December 2007.

_____
Judge of Probate