IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MARTHA ADAMS, ET AL., | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:07-CV-01064-WKW-TFM |
| | ) |
| ASBESTOS DEFENDANTS: | ) |
| ALBANY INTERNATIONAL, ET AL. | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, THE MARLEY-WYLAIN COMPANY D/B/A WEIL-MCLAIN COMPANY, INC. TO PLAINTIFFS' COMPLAINT**

COMES NOW, The Marley-Wylain Company d/b/a Weil-McLain Company, Inc., one of the defendants herein, by its attorney and files this its Answer to Plaintiffs' Complaint previously filed against it and would show and state:

**FIRST DEFENSE**

This answering defendant would affirmatively allege and aver that the Complaint fails to state a viable claim against this answering defendant for actual, compensatory, or punitive damages, as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and as a result thereof, said Complaint should be dismissed and this answering defendant discharged in the premises with its proper cost.

**SECOND DEFENSE**

This answering defendant would affirmatively allege and aver that the Complaint fails to state a viable claim against this answering defendant for fraud, as required by Rule 9 of the Federal Rules of Civil Procedure, and as a result thereof, said allegations should be stricken from the Complaint and this answering defendant discharged in the premises with its proper cost.

**THIRD DEFENSE**

This answering defendant would affirmatively allege and aver that the Complaint has been filed in the Middle District improperly in that venue lies in another, more convenient venue for the answering defendant.

**FOURTH DEFENSE**

This answering defendant would affirmatively allege and aver that the claim made against this answering defendant, is the same as the claim made against co-defendants, who were the suppliers of any asbestos-containing products sold by this answering defendant and to permit recovery by the same plaintiffs against more than one defendant for the same product would result in double recovery, and would violate the due process rights of this answering defendant under the Constitution of the State of Alabama and the Constitution of the United States.

**FIFTH DEFENSE**

This answering defendant would affirmatively allege and aver that one or more of the plaintiffs lack the capacity to maintain this lawsuit pursuant to Rule 17 of the Federal Rules of Civil Procedure, and that said causes should be continued, abated, or dismissed until each plaintiff demonstrates that they have the proper capacity to maintain this action.

**SIXTH DEFENSE**

This answering defendant would affirmatively allege and aver that the Complaint filed and exhibited against it is vague or ambiguous, thus failing to allow this answering defendant to properly provide an appropriate responsive pleading, and pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, this answering defendant moves this Honorable Court to require the plaintiffs, individually, to file a more definite statement; however, without waiving this defense or any other defense that may be applicable to the answering defendant, whether pled here or pled later by the answering defendant or any other co-defendant, this answering defendant would respond to the Complaint as follows:

1. The allegations contained in a paragraph under the section entitled "JURISDICTION" are denied.

2. The allegations contained in a paragraph under the section entitled "STATUTE OF LIMITATIONS" are denied.

3. The allegations contained in paragraphs 1 through 10 (including subparts, if any) under the section entitled "BACKGROUND FACTS – THE PLAINTIFFS" of the Complaint are denied and strict proof thereof demanded.

4. The allegations contained in paragraphs 11 through 77 (including subparts, if any) under the section entitled "BACKGROUND FACTS – THE DEFENDANTS" of the Complaint, as pertains to this answering defendant, are denied and strict proof thereof demanded; the allegations contained in paragraphs 11 through 77 of the Complaint, as they pertain to the remaining defendants are beyond the knowledge of this answering defendant, therefore said allegations are denied.

5. The allegations contained in paragraph 78 (including subparts, if any) under the section entitled "BACKGROUND FACTS – THE DEFENDANTS" of the Complaint are denied and strict proof thereof demanded.

6. The allegations contained in paragraphs 79 through 98 (including subparts, if any) under the section entitled "BACKGROUND FACTS – THE DEFENDANTS" of the Complaint, as pertains to this answering defendant, are denied and strict proof thereof demanded; the allegations contained in paragraph 79 through 98 of the Complaint, as they pertain to the remaining defendants are beyond the knowledge of this answering defendant, therefore said allegations are denied.

7. The allegations contained in paragraphs 99 through 104 (including subparts, if any) under the section entitled "DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY" of the Complaint are denied and strict proof thereof demanded.

8. The allegations contained in paragraphs 105 through 109 (including subparts, if any) under the section entitled "COUNT ONE" of the Complaint, as pertains to this answering defendant, are denied and strict proof thereof demanded.

9. The allegations contained in paragraphs 110 through 122 (including subparts, if any) under the section entitled "COUNT TWO" of the Complaint, as pertains to this answering defendant, are denied and strict proof thereof demanded.

10. The allegations contained in paragraphs 123 through 129 (including subparts, if any) under the section entitled "COUNT THREE" of the Complaint, as pertains to this answering defendant, are denied and strict proof thereof demanded.

11. The allegations contained in paragraphs 130 through 146 (including subparts, if any) under the section entitled "COUNT FOUR" of the Complaint, as pertains to this answering defendant, are denied and strict proof thereof demanded.

12. The allegations contained in paragraphs 147 through 150 (including subparts, if any) under the section entitled "COUNT FIVE" of the Complaint, as pertains to this answering defendant, are denied and strict proof thereof demanded.

13. The allegations contained in the last unnumbered paragraph (including subparts, if any) under the section entitled "JURY DEMAND AND AD DAMNUM" of the Complaint, as pertains to this answering defendant, are denied and strict proof thereof demanded, it being specifically denied that the plaintiffs, individually or jointly, are entitled to recover the sums demanded from this answering defendant, or any other sums, for either compensatory or punitive damages, special or general damages, or any other sums whatsoever.

## SEVENTH DEFENSE

This answering defendant would affirmatively allege and aver that the plaintiffs and/or plaintiffs' decedents, was reasonably and adequately warned of alleged risk, and had actual, constructive, or imputed knowledge of the risks and hazards to which he was exposed, and as a result thereof, the Complaint should be dismissed as to this answering defendant.

## EIGHTH DEFENSE

This answering defendant would affirmatively allege and aver that there was no causal connection between this answering defendant, and any product sold by this answering defendant, to any injury sustained by any plaintiff and/or plaintiff's decedent, such causal connection being

remote, indefinite, and speculative, and as a result thereof, the Complaint should be dismissed as to this answering defendant.

### NINTH DEFENSE

This answering defendant would affirmatively allege and aver that any injury or illness allegedly sustained by the plaintiffs and/or their decedents, was due to the negligent and reckless misconduct of others, including acts or omissions of other defendants to this litigation, and including the plaintiffs' and/or plaintiffs' decedents' employers, and the United States Government, for which this answering defendant would have no vicarious liability; that the negligence, breach of duty, and other wrongful acts by other defendants, and/or other parties not joined as defendants, and/or the United States Government, and/or the United States Navy, and/or the plaintiffs' and/or plaintiffs' decedents' employers, constitutes an intervening and superseding cause of the plaintiffs' alleged injuries and/or illnesses.

### TENTH DEFENSE

This answering defendant would affirmatively allege and aver that the plaintiffs and/or plaintiffs' decedents was guilty of negligence which was the sole, proximate or only cause of their illness or injury, or alternatively, that the negligence of the plaintiffs proximately caused or proximately contributed to his injuries or illnesses.

### ELEVENTH DEFENSE

This answering defendant would affirmatively allege and aver that the plaintiffs and/or plaintiffs' decedents failed to mitigate their damages.

### TWELVTH DEFENSE

This answering defendant would affirmatively allege and aver that if the plaintiffs and/or plaintiffs' decedents were exposed to any product sold by this answering defendant, which is denied, then any exposure was so minute as to be *de minimis*, and insufficient in fact or law to cause or contribute to any alleged injury, damage, loss or illness of the plaintiffs and/or plaintiffs' decedents.

**THIRTEENTH DEFENSE**

This answering defendant would affirmatively allege and aver that the plaintiffs and/or plaintiffs' decedents assumed the risk of any damages which he may have incurred as a result of alleged exposure to any products manufactured, sold or distributed by this answering defendant, on the grounds that the plaintiffs and/or plaintiffs' decedents and their employers had equal or greater knowledge of the hazards of exposure to asbestos-containing products, and that the plaintiffs and/or plaintiffs' decedents used and utilized asbestos-containing products in a negligent and improper manner, without proper regard for their own health and safety.

**FOURTEENTH DEFENSE**

This answering defendant would affirmatively allege and aver that the state of the art, *i.e.*, the science of medicine and industrial application of asbestos-containing products, was at all material times such that this answering defendant neither breached any duty allegedly owed to the plaintiffs and/or plaintiffs' decedents, nor did this answering defendant know nor could it have known that any product sold or manufactured by it presented a foreseeable risk of harm to the plaintiffs or plaintiffs' decedents or others, and the use and utilization of said products, with normal and expected use of such products.

**FIFTEENTH DEFENSE**

This answering defendant would affirmatively allege and aver that there were no warranties, express or implied between this answering defendant and the plaintiffs and/or plaintiffs' decedents and that no privity of contract existed between this answering defendant and the plaintiffs and/or plaintiffs' decedents.

**SIXTEENTH DEFENSE**

This answering defendant would affirmatively allege and aver that any claims for punitive damages in this case are unconstitutional, being in violation of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, and the Equal Protection Clause of the Fourteenth Amendment because any award which might be made for punitive damages, would be based upon a standard which is unconstitutionally vague.

**SEVENTEENTH DEFENSE**

This answering defendant would affirmatively allege and aver, on information and belief, that the plaintiffs' and/or plaintiffs' decedents employers were guilty of negligence in that they failed to equip plaintiffs and/or plaintiffs' decedents properly and failed to instruct the plaintiffs and/or plaintiffs' decedents in the use and utilization of asbestos-containing products; this answering defendant would specifically and affirmatively allege and aver that the plaintiffs and/or plaintiffs' decedents employers failed to furnish the plaintiffs and/or plaintiffs' decedents with a safe place to work and with safe instruments, equipment and tools, as required by the laws of the state(s) in which they worked, and that such failure and negligence on behalf of the plaintiffs' and/or plaintiffs decedents' employers was the sole, proximate and only cause of the plaintiffs' and/or plaintiffs' decedents injuries and illnesses, if any.

**EIGHTEENTH DEFENSE**

This answering defendant would affirmatively allege and aver that at no time did it consult with any other asbestos sellers, manufacturers, producers, or suppliers, and that never at any time, regarding any sales to plaintiff's employers, was there any concert of action between this answering defendant, or any other defendant; based on the foregoing, this answering defendant would affirmatively allege and aver that it is not a joint tortfeasor with any other party, and that it may not be held jointly and severally liable with any other party.

**NINETENTH DEFENSE**

This answering defendant would affirmatively allege and aver that the plaintiff's cause of action, if any, is barred by the applicable statute(s) of limitation and, further and in the alternative, that the plaintiff's cause of action, if any, is barred by the doctrine of laches, and further, and in the alternative, that the plaintiffs and/or plaintiffs' decedents are estopped from bringing an action against this answering defendant.

**TWENTIETH DEFENSE**

This answering defendant would affirmatively allege and aver that if any verdict or judgment is rendered against it, that said judgment or verdict should be reduced by the amount of

any settlements made by any other co-defendants, and the amount of any Workmen's Compensation payments made to the plaintiffs and/or plaintiffs' decedents or on their behalf.

### TWENTY-FIRST DEFENSE

This answering defendant would affirmatively allege and aver that at all pertinent times, that any products manufactured, sold, and distributed by this answering defendant met and complied with all industry standards, with all reasonable standards, as well as federal and state standards and regulations governing the manufacturing, sale, packaging, and distribution of any asbestos-containing products.

### TWENTY-SECOND DEFENSE

This answering defendant would affirmatively allege and aver that if any product sold, manufactured or distributed by it contained asbestos, then the product was complete at the time it was received by plaintiffs and/or plaintiffs' decedents' employers, required no modification, and was not subject to placing asbestos fibers into the air.

### TWENTY-THIRD DEFENSE

This answering defendant would affirmatively allege and aver that any products manufactured and sold by it to plaintiff's employers were designed and manufactured pursuant to and specifically in accordance with the standards and/or specifications mandated by the United States Government; the United States Department of the Navy; Ingalls/Litton; and/or other sites; this answering defendant would affirmatively allege and aver that the knowledge of the United States Government and its agencies, and/or the plaintiffs and/or plaintiffs' decedents' employers, of possible health hazards from use of such products exceeded the knowledge of this answering defendant, and by reason thereof this answering defendant is immune from liability.

### TWENTY-FOURTH DEFENSE

This answering defendant would affirmatively allege and aver that in the event that the plaintiffs and/or plaintiffs' decedents' claimed exposure to air-borne asbestos material occurred during the performance of any military or government contract, or pursuant to any military or government specifications, then the products and materials provided by this answering defendant

were in accordance with the instructions and specifications of the United States Government, or its agencies, as to which all appropriate disclosures were made and as a result of which, this answering defendant would be immune to any claims made by any plaintiff.

### TWENTY-FIFTH DEFENSE

This answering defendant would affirmatively allege and aver that the plaintiffs' claims are barred by the Risk/Utility Doctrine.

### TWENTY-SIXTH DEFENSE

This answering defendant would affirmatively allege and aver that the plaintiffs' claims are barred by the Alabama Rule of Repose.

### TWENTY-SEVENTH DEFENSE

This answering defendant would affirmatively allege and aver that any and all claims for breach of warranty, express or implied, are barred by the appropriate statutes of limitation of the State of Alabama, and/or the failure of the plaintiffs and/or plaintiffs' decedents to give due, adequate and timely notice of any defect to this answering defendant.

### TWENTY-EIGHTH DEFENSE

This answering defendant would affirmatively allege that if the plaintiffs used some or all of this answering defendant's products, which is denied, the plaintiffs misused or abnormally or improperly used said products and such use contributed, in whole or in part, to the injury or damages allegedly sustained by the plaintiffs and/or plaintiffs' decedents, if any.

### TWENTY-NINTH DEFENSE

This answering defendant would affirmatively allege that the exclusive remedy of the plaintiffs is under the Alabama Workmen's Compensation Act, or the Workmen's Compensation Act of some other state, and their suit for damages against this answering defendant would be excluded and should be dismissed.

## THIRTIETH DEFENSE

Federal law preempts all plaintiffs' claims involving damages caused by alleged asbestos exposure related to locomotive equipment, including parts and appurtenances of locomotives. *See Napier v. Atlantic Coastline Railroad Co.*, 272 U.S. 605 (1926); and the Boiler Inspection Acts (initially enacted by Congress in 1911 and now codified at 40 U.S.C. § 20701-20903 (1944)).

## THIRTY-FIRST DEFENSE

If the plaintiffs are attempting to impose liability upon the answering defendant as a successor to any other corporation, then the answering defendant denies it has liability in such capacity.

## THIRTY-SECOND DEFENSE

To the extent that plaintiffs seek recovery under the Alabama Extended Manufacturer's Liability Doctrine, then all such claims are time-barred pursuant to *Cline v. Ashland, Inc., et al.* (Ala. 2007).

## THIRTY-THIRD DEFENSE

This answering defendant would affirmatively allege and aver that there has been a nonjoinder of real parties in interest as required by Rule 19(a) of the Federal Rules of Civil Procedure, and that said causes should be continued, abated, or dismissed until the real parties in interest have all been joined as parties in this cause.

## THIRTY-FOURTH DEFENSE

To the extent that Plaintiffs claim punitive damages herein, separately and severally, this answering defendant adds and separately and severally assigns the following grounds:

1. Answering defendant denies that it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against answering defendant.

2. Plaintiffs claims for the recovery of punitive damages are barred by and/or subject to all applicable limitations established by the Alabama legislature.

3. Answering defendant denies that it was or has engaged in a pattern or practice of intentional wrongful conduct, and denies that plaintiffs has or can produce evidence sufficient to support or sustain a pattern or practice of intentional wrongful conduct by answering defendant so as to justify an award of punitive damages.

4. Plaintiffs cannot recover punitive damages against answering defendant because such an award, which is penal in nature, would violate answering defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the Constitution of the United States (the "United States Constitution"), unless answering defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

5. Subjecting or affirming an award of punitive damages against answering defendant in this case would amount to and constitute a denial of due process as afforded by the due process clause of the Fourteenth Amendment to the United States Constitution, and by the due process clause of Art. I, § 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

    (a) Any award of punitive damages against answering defendant under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of evidence beyond a reasonable doubt;

    (b) There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award, and such an award is subject to no predetermined limit;

(c) Use of the <u>Alabama Pattern Jury Instructions</u> 11.03 in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d) Any punitive damage award would not be subject to post-trial and judicial review on the basis of objective standards and criteria;

(e) The power and authority imposed upon the jury under Alabama law as to the amount of a punitive damage award is so relatively unfettered that there is lacking any reasonable or logical standard, uniformity, criteria or guidance in the assessment of the amount of the award of punitive damages;

(f) Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and answering defendant's alleged wrongful or culpable conduct;

(g) Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h) Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i) In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict in a single amount could be enforced against answering defendant for any portion of that judgment regardless of answering defendant's culpability, or relative culpability;

(j) Should the Court require the award of punitive damages in a single joint and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(k) Where a joint and several punitive damage award is mandated to be in a single amount, against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the culpability of the conduct of the respective defendants;

(1) An award of punitive damages would constitute an arbitrary and capricious taking of property of answering defendant without due process of law;

(m) An award of punitive damages may be assessed against answering defendant for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of answering defendant;

(n) An award of punitive damages may be assessed against answering defendant "vicariously" as a principal without any further proof of independent wrongful conduct or ratification by answering defendant;

(o) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(p) Under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical or reasonable standard or criteria which govern the award, or the amount of the award, of punitive damages;

(q) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against answering defendant;

(r) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(s) The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(t) The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

6. To award punitive damages against answering defendant in this case would violate the excessive fines provision of the Eighth Amendment to the United States Constitution and Art. I, § 15 of the Alabama Constitution.

7. To award punitive damages against answering defendant in this case would have a chilling effect upon answering defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

8. To award punitive damages against answering defendant in this case would violate the commerce clause of the United States Constitution by chilling and impeding answering defendant from engaging in interstate commerce, and such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

9. Plaintiffs are not entitled to punitive damages from answering defendant pursuant to the facts as alleged in Plaintiffs' Complaint.

10. Plaintiffs' claims for punitive damages against answering defendant are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

11. Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, this defendant is denied equal protection of the laws as guarant3eed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

12.     Plaintiffs' Complaint seeks to make this answering defendant liable for punitive damages. The Supreme Court of the United States has issued opinions in the cases styled <u>BMW of North America. Inc. v. Gore</u>, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group. Inc.</u>, 121 S.Ct. 1678, 149 L.Ed 2d 674 (2001), and <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 123 S.Ct. 1513 (2003), on the issue of punitive damages. Answering defendant adopts by reference whatever defenses, criteria, limitations, standards, and constitutional protections that are mandated or provided by the decisions of the Supreme Court of the United States in those cases.

13.     Plaintiffs claim for punitive damages violates the rights of this answering defendant to due process and equal protection of the law as guaranteed by the Constitution of the United States and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in <u>Hammond v. City of Gadsden</u> and <u>Green Oil Company v. Hornsby</u> is unconstitutionally vague and inadequate in the following respects:

(a)     The <u>Hammond</u> and <u>Green Oil</u> procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)     The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for this defendant;

(c)     The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)     The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)     This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

    (f)  The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

  14. Defendant avers that Alabama Code § 8-8-10 (1975) is unconstitutional as it applies to the imposition of post-judgment interest to a punitive damages award.

  15. Defendant has acted at all times in compliance with all regulatory requirements under State and Federal law applicable to the phase of its operations complained of by Plaintiffs so punitive damages cannot be awarded to plaintiffs.

  16. In the event, and to the extent that, the award of punitive damages, or the amount of the award of punitive damages under Alabama practice and procedure, is deemed to be governed by § 6-11-20, <u>Ala. Code 1975</u>, then, and to that extent, said section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the foregoing paragraphs.

## THIRTY-FIFTH DEFENSE

The answering defendant affirmatively pleads insufficiency of process and insufficiency of service of process of the Complaint pursuant to Rules 12(b)(4-5) of the *Federal Rules of Civil Procedure*.

## THIRTY-SIXTH DEFENSE

The answering defendant affirmatively pleads that each of the plaintiffs' claims constitute unique, separate, and unrelated claims that do not arise out of the same transaction or occurrence or series of transactions or occurrences and as such the plaintiffs' separate and unique claims should be severed and transferred to their appropriate venue pursuant to Rule 20 and Rule 21 of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, this answering defendant, The Marley-Wylain Company d/b/a Weil-McLain Company, Inc., specifically reserving its right to amend this Answer at any time consistent with the Federal Rules of Civil Procedure and other applicable rules and law and further adopting any defense pled by any other defendant which may not be included in this Answer, prays that it be dismissed and discharged in the premises

with its proper cost from this matter. Answering defendant demands trial by jury if it is not dismissed and discharged in the premises.

      RESPECTFULLY SUBMITTED this the 27th day of December, 2007.

                                    THE MARLEY-WYLAIN COMPANY
                                    D/B/A WEIL-MCLAIN COMPANY, INC.

                                    BY: s/ CHADWICK L. SHOOK

OF COUNSEL:

AULTMAN, TYNER, RUFFIN & SWETMAN, LTD.
315 HEMPHILL STREET
P. O. DRAWER 750
HATTIESBURG, MS 39401
TELEPHONE:  601-583-2671
FACSIMILE:  601-583-2677

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this 27th day of December, 2007 served a copy of the above and foregoing by electronic means via the CM/ECF to those registered with the CM/ECF.

                                      s/ Chadwick L. Shook