THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MARTHA ADAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action Number: |
| v. ) | |
| ) | 2:07-CV-01064-WKW-TFM |
| KELLY-MOORE PAINT CO., INC., et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT KELLY-MOORE'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE
STATEMENT AND OR MOTION FOR SEVERANCE**

COMES NOW the defendant, identified as Kelly-Moore Paint Company, Inc. ("Kelly-Moore"), and reserving all rights and defenses, respectfully moves this Court for its Order dismissing the Plaintiffs' Complaint. In the alternative, Kelly-Moore moves for an Order severing the Plaintiffs' claims and or requiring Plaintiffs to provide a more definite statement of their claims. In support thereof, Kelly-Moore offers the following:

**I.   Plaintiffs' Complaint is Due to be Dismissed for Failure to Comply with
Rules 8 and 10(b),** *Federal Rules of Civil Procedure*

First and foremost, the Plaintiffs' Complaint is due to be dismissed for failure to comply with Rules 8 and 10, *Federal Rules of Civil Procedure*. FRCP 8(a) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise, and direct." Rule 8(e), *Federal Rules of Civil Procedure*. "It is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining ... ." Hoshman v. Esso Standard Oil Co., 263 F.2d 499, 501 (5th Cir. 1959)(citations omitted). Indeed, a plaintiff may not merely "label his or her claims" to survive a motion to dismiss, but must give the

defendant fair notice of the claims and the grounds upon which they rest. <u>Veltman v. Walpole Pharmacy, Inc.</u>, 928 F.Supp. 1161 (M.D. Fla. 1996); <u>see also</u>, <u>Williams v. Lear Operations Corporation</u>, 73 F.Supp.2d 1377 (N.D. Ga. 1999).

    Here, Plaintiffs have made general claims under a hodgepodge of legal theories, including "negligence and intentional tort," "negligence in the course of employment," fraud and conspiracy, and "product liability, combined and concurring negligence, intentional tort and conspiracy." Plaintiffs have also identified Kelly-Moore as an alleged producer of various "asbestos containing" products. However, Plaintiffs have failed to identify *which* product each Plaintiff (or Plaintiff's decedent) allegedly used; *when* they allegedly used such product; *where* they allegedly used such product; and under *what* circumstances they used such product. Simply stating where each Plaintiff (or Plaintiff's decedent) worked and the dates of the employment is not enough. As stated, the bare allegations in Plaintiffs' Complaint wholly fail to put Kelly-Moore on notice as to the transactions or occurrences which form the basis of their claims.

    Not only do Plaintiffs fail to put Kelly-Moore on notice as to the circumstances forming the basis of their Complaint, but they also fail to inform Kelly-Moore which claims are brought against it and which claims are brought against the other named defendants. FRCP 10(b) requires that "each claim founded upon a separate transaction or occurrence or defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." In Plaintiffs' Complaint, however, there is no distinction between the claims brought against Kelly-Moore and those made against the other named defendants. Surely Plaintiffs' Complaint fails to measure up to the standard set by FRCP 10(b). As such, it is due to be dismissed.

Finally, Plaintiffs' Complaint fails to set forth facts sufficient for Kelly-Moore to even frame a proper defense. FRCP 8(c) requires defendants to plead all affirmative defenses in the responsive pleading or risk losing the defense. However, Plaintiffs' Complaint, as written, forces Kelly-Moore to guess what it has done to injure each plaintiff -- and when and how. In fact, all the defendants must now answer with abandon, pleading every conceivable affirmative defense, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense they may have. However, the Federal Rules of Civil Procedure do not require a responding party to plead with such abandon. As such, the Complaint is due to be dismissed.

**II.    Plaintiffs' Complaint is Due to be Dismissed for Failure to Plead Fraud with Particularity as Required by Rule 9(b), *Federal Rules of Civil Procedure***

FRCP 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." It has been said that this rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants "against spurious charges of immoral and fraudulent behavior.'" Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir. 1988)(citation omitted). The Eleventh Circuit has readily endorsed the dismissal of pleadings for failure to comply with the requirements of FRCP 9(b). See, e.g., Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1210 (11th Cir. 2001); Hendley v. American National Fire Ins. Co., 842 F.2d 267, 269 (11th Cir. 1988); Friedlander v. Nims, 755 F.2d 810, 813 (11 Cir. 1985); Summer v. Land & Leisure, Inc., 664 F.2d 965, 970 (5th Cir. 1981).

To satisfy the particularity requirement, a plaintiff must aver "(1) precisely what statements were made in what documents or oral representations or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff[ ], and (4) what the defendant[ ] obtained as a consequence of the fraud." United States ex rel Clausen v. Lab Corp. of America, 290 F.3d 1301, 1310 (11th Cir. 2002)(citations omitted). In a case involving multiple defendants, a complaint should inform each defendant of the specific fraudulent acts which form the basis of plaintiff's claim against that particular defendant. See, Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1381 (11th Cir. 1997); see also, Friedlander v. Nims, 755 F.2d at 813.

Here, Plaintiffs generally allege that the Defendants misrepresented, concealed, and or altered scientific evidence regarding alleged health hazards of asbestos. However, the Plaintiffs have failed to identify any false statements made by Kelly-Moore or even the time, place, and individual responsible for any such statements. In fact, the Plaintiffs do not even identify Kelly-Moore as a member of any of the organizations, e.g., "the IHF, AID/NA, ATI [and] the Asbestosis Research Council," they claim conspired to fraudulently conceal or misrepresent the alleged hazards of asbestos. Given Plaintiffs' failure to set forth specific facts as to Kelly-Moore, their Complaint is due to be dismissed for failure to comply with FRCP 9(b).

**III.     Plaintiffs' Complaint Fails to Adequately Set the Bounds of Discovery**

Assuming, *arguendo*, compliance with FRCP 8, 9 and 10, Plaintiffs' Complaint is still due to be dismissed for failure to adequately set the bounds of discovery. In fact, the Plaintiffs' Complaint exemplifies a standard "shotgun" pleading.

In <u>Byrne v. Nezhat</u>, 261 F.3d 1075 (11th Cir. 2001), the Eleventh Circuit identified a "shotgun" pleading as one that fails to set forth sufficient facts to define the underlying issues and claims in the case and, thus, set the boundaries for discovery. In <u>Byrne</u>, the Court warned that "shotgun" pleadings, such as Plaintiffs' Complaint, cause disproportionately high transaction costs for the parties and impedes the court's ability to administer justice by "consuming an inordinate amount of the court's time" in the inevitable discovery disputes - "justice is [often] delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." <u>Byrne</u>, 261 F.3d at 1130, 1131; <u>see also</u>, <u>Sikes v. Teleline, Inc</u>., 281 F.3d 1350, 1356 (11th Cir. 2002); <u>Cramer v. Florida</u>, 117 F.3d 1258, 1263 (11 Cir. 1997); <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996); <u>Anderson v. Dist. Board of Trustees of Central Fla. Community College</u>, 77 F.3d 364 (11th Cir. 1996).

Here, Plaintiffs fail to delineate the claims made against Kelly-Moore from the claims made against the other named defendants. Rather, the Plaintiffs have only set forth five generic causes of action, failing to allege any dates, times, locations, or other facts which would put Kelly-Moore on notice as to the transactions or occurrences which form the basis of their claims. In short, Plaintiffs' failure to properly delineate the issues and claims made against the defendants, and all of them, will "exact [an] intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources" - just the sort of thing notice pleading is supposed to prevent. <u>Cramer v. Florida</u>, 117 F.3d at 126.

**IV.     Plaintiffs are Not Properly Joined Under Rule 20, *Federal Rules of Civil Procedure***

Rule 20, *Federal Rules of Civil Procedure*, provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Here, Plaintiffs allege generally that they have been exposed to asbestos and asbestos-containing products. However, Plaintiffs fail to allege facts indicating that their right to relief arises out of the same transaction[s] or occurrence[s]. Rather, Plaintiffs require defendants, and this Court, to presume that a common set of facts, or question of law, forms the basis of their claims. Kelly-Moore submits that FRCP 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief. As such, Kelly-Moore seeks severance of Plaintiffs' Complaint.

Finally, the lack of common relief likewise warrants severance of Plaintiffs' claims. The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims. It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages. Cherokee Elec. Coop. v. Cochran, 706 So.2d 1188, 1193 (Ala. 1997). If nothing else, the wrongful death claims should be severed from the personal injury claims.

**V.     Other Defenses**

As additional grounds, Kelly-Moore asserts the filing of the Plaintiffs' Complaint fails to set forth causes of action upon which relief may be granted.

Kelly-Moore asserts that this Court lacks personal jurisdiction.

Kelly-Moore asserts that this Court lacks subject matter jurisdiction.

Kelly-Moore asserts insufficiency of process.

Kelly-Moore asserts insufficiency of service of process.

Kelly-Moore asserts venue is improper.

Kelly-Moore asserts that the Plaintiffs' Complaint is barred by *res judicata*.

Kelly-Moore asserts that some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

Kelly-Moore asserts any and all affirmative defenses and arguments asserted by other named defendants, as if more fully set out herein.

## VI. Some Plaintiffs are Due to be Dismissed Based Upon the Applicable Statute of Limitations

Prior to May 19, 1980, Alabama had a one year statute of limitations period for personal injury actions not resulting in death. See, Ala. Code § 6-2-39 (repealed 1980). Under the law, as it existed prior to May 19, 1980, a cause of action accrued and the statute of limitations began to run from the date an injured person was last exposed to the injurious product or danger, whether or not the full amount of damages or injuries was apparent. See, Garrett v. Raytheon Co., 368 So.2d 516, 520 (Ala. 1979); see also, Cazalas v. Johns-Manville Sales Corp., 435 So.2d 55, 57 (Ala. 1983).

Effective May 19, 1980, the Alabama Legislature repealed Section 6-2-39 and enacted a new discovery rule which provides that a personal injury action resulting from asbestos exposure accrues on the date the injured person, through reasonable diligence, should have discovered the alleged injury. See, Ala. Code § 6-2-30(b)(1975). The Alabama Supreme Court determined that the new statute of limitations enacted in 1980 did not apply retroactively. See, Tyson v. Johns-Manville Sales Corp., 399 So.2d 263 (Ala. 1981). In other words, a personal injury plaintiff who was last exposed to asbestos prior to May 19, 1979 must bring suit within one year of the date of the last exposure.

See, Johnson v. Garlock, Inc., 682 So.2d 25 (Ala. 1996).

Under Alabama's wrongful death statute, all actions must be commenced within two years from the date of death. See, Ala. Code § 6-5-410 (1975). However, the Alabama Supreme Court has repeatedly held that there is no cause of action created by the death of an injured party if, at the time of death, the injured party was not able to maintain a suit for personal injury since his claim was barred by the applicable statute of limitations. See, Okeke v. Craig, 782 So.2d 281 (Ala. 2000); see also, Curtis v. Quality Floors, Inc., 653 So.2d 963 (Ala. 1995). Thus, a plaintiff whose decedent was last exposed to asbestos prior to May 19, 1979, must bring suit within one year of the decedent's last exposure.

Plaintiff Teresa Watson alleges a "1980" date as the date of last exposure for her decedent, Shirley Marie Gilbert. [Plaintiffs' Complaint, ¶ 4]. This is insufficient to put this Court and the Defendants on notice as to the decedent's true date of last exposure. Therefore, Watson's claims are likewise due to be dismissed.

Plaintiff Jannie Hicks alleges a date of last exposure of 1974 for her decedent, Willie Hicks. [Plaintiffs' Complaint, ¶ 6]. Her failure to bring her claim within one year of the last alleged exposure forecloses her right to maintain a cause of action. Thus, Hicks's claim is due to be dismissed.

Plaintiff Pauline Matthews alleges a date of last exposure of 1979. [Plaintiffs' Complaint, ¶ 7]. Her failure to bring her claim within one year of the last alleged exposure forecloses her right to maintain a cause of action. Thus, Matthews's claim is due to be dismissed.

Under Alabama law, all actions for personal injury must be brought within two years. See, Ala. Code § 6-2-38(l) (1975). As noted above, the Alabama Legislature enacted a new discovery rule

which provides that a personal injury action resulting from asbestos exposure accrues on the date the injured person, through reasonable diligence, should have discovered the alleged injury. See, Ala. Code § 6-2-30(b)(1975). Plaintiff Bobbie Prentice alleges a date of last exposure of 1990; however, she fails to allege a date of diagnosis or other injury. [Plaintiffs' Complaint, ¶ 8]. As such, her allegations are insufficient to put this Court and the Defendants on notice as accrual of her alleged injury and are due to be dismissed.

### VII.     Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement of Their Claims in Accordance with Rule 12(e), *Federal Rules of Civil Procedure*

Rule 12(e), *Federal Rules of Civil Procedure*, provides: [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." As discussed above, Plaintiffs' Complaint fails to put Kelly-Moore on notice as to the transactions or occurrences that form the basis of their claims. Indeed, Plaintiffs fail to aver any dates, places, or other facts surrounding their alleged use of a Kelly-Moore product and how the use of such product contributed to their alleged injuries. Kelly-Moore cannot properly respond to such bare allegations. As such, Kelly-Moore alternatively moves for this Court's Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to FRCP 12(e).

### VII.     Conclusion

In consideration of the foregoing premises, Kelly-Moore respectfully requests that the Court dismiss Plaintiffs' Complaint for failure to comply with the *Federal Rules of Civil Procedure*. Kelly-Moore further adopts and incorporates by reference all other arguments set forth by the other named defendants in their respective motions to dismiss. Alternatively, Kelly-Moore moves this Court for

its Order requiring Plaintiffs to provide a more definite statement of their claims, or, for severance of the Plaintiffs' claims.

                        Respectfully submitted,

                        s/**William T. Mills, II**
                        William T. Mills, II
                        ASB-0402-L72W; MIL014
                        Attorney for Kelly-Moore Paint
                        PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.
                        22 Inverness Center Parkway, Suite 600
                        Post Office Box 530790
                        Birmingham, Alabama 35253-0790
                        Telephone (205) 980-5000
                        Fax (205) 980-5001
                        E-mail: phm@phm-law.com

## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MARTHA ADAMS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action Number:** |
| v. ) | |
| ) | 2:07-cV-01064-WKW-TFM |
| **KELLY-MOORE PAINT CO., INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                Respectfully submitted,

                s/**William T. Mills, II**
                William T. Mills, II
                ASB-0402-L72W; MIL014
                Attorney for Kelly-Moore Paint
                PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.
                22 Inverness Center Parkway, Suite 600
                Post Office Box 530790
                Birmingham, Alabama 35253-0790
                Telephone (205) 980-5000
                Fax (205) 980-5001
                E-mail: phm@phm-law.com