### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MARTHA ADAMS, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| **ASBESTOS DEFENDANTS, et al.,** ) | 2:07-CV-1064-WKW |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

### ANSWER OF ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST

COMES NOW Defendant Allis-Chalmers Corporation Product Liability Trust ("Defendant" or "Trust") and answers Plaintiffs' Complaint as follows:

### JURISDICTION

This paragraph contains conclusions of law to which no response is required.

### STATUTE OF LIMITATIONS

This paragraph contains conclusions and statements of law to which no response is required.

### BACKGROUND FACTS – THE PLAINTIFFS

1. – 10. Defendant denies any and all liability to the Plaintiffs. Defendant further denies that any Plaintiffs or any Plaintiffs' decedents were exposed to asbestos fibers originating from any product manufactured, distributed, sold or otherwise associated with Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in Paragraphs 1 through 10 and therefore denies the same.

## BACKGROUND FACTS – THE DEFENDANTS

11. Defendant adopts, re-alleges, and incorporates by reference all previous responses as if fully set forth herein.

12. Paragraph 12 consists solely of Plaintiffs' characterization of their claims, and no response is required.

13. Defendant denies any and all liability to Plaintiffs. Defendant denies that any Plaintiffs or Plaintiffs' decedents were exposed to asbestos fibers originating from any product manufactured, distributed, sold, or otherwise associated with this Defendant.

14. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 14, because that paragraph relates to other defendants, and Defendant therefore denies the same.

15. Defendant states that it is a trust which is domiciled in Wisconsin. Defendant denies all remaining allegations of Paragraph 15. Defendant denies any and all liability to Plaintiffs. Defendant further denies that any Plaintiffs or Plaintiffs' decedents were exposed to asbestos fibers originating from any product manufactured, distributed, sold or otherwise associated with Defendant.

16. - 97. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 16 through 97, because those paragraphs relate to other defendants, and Defendant therefore denies the same.

98. Paragraph 98 contains conclusions of law to which no response is required.

**DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY**

99.   Defendant adopts, re-alleges, and incorporates by reference all previous responses as if fully set forth herein.

100.   Defendant denies the allegations of Paragraph 100, as asserted against this Defendant.

101.   Paragraph 101 consists solely of Plaintiffs' characterization of their claims, and no response is required.

102.   Defendant denies the allegations of Paragraph 102, as asserted against this Defendant.

103.   Defendant denies the allegations of Paragraph 103, including subparts A through R, as asserted against this Defendant.

104.   Defendant denies the allegations of Paragraph 104, as asserted against this Defendant.

**COUNT ONE**

105.   Defendant adopts, re-alleges, and incorporates by reference all previous responses as if fully set forth herein.

106.   Paragraph 106 contains conclusions of law to which no response is required.

107.   Defendant denies the allegations of Paragraph 107, including subparts A and B, as asserted against this Defendant.

108.   Defendant denies the allegations of Paragraph 108, as asserted against this Defendant.

109.   Defendant denies the allegations of Paragraph 109, as asserted against this Defendant.

**COUNT TWO**

110.   Defendant adopts, re-alleges, and incorporates by reference all previous responses as if fully set forth herein.

111.   Paragraph 111 contains conclusions of law and a characterization of Plaintiffs' claims to which no response is required.

112. Defendant denies the allegations of Paragraph 112, as asserted against this Defendant.

113. Defendant denies the allegations of Paragraph 113, as asserted against this Defendant.

114. Defendant denies the allegations of Paragraph 114, as asserted against this Defendant.

115. Defendant denies the allegations of Paragraph 115, as asserted against this Defendant.

116. Defendant denies the allegations of Paragraph 116, as asserted against this Defendant.

117. Defendant denies the allegations of Paragraph 117, as asserted against this Defendant.

118. Defendant denies the allegations of Paragraph 118, as asserted against this Defendant.

119. Defendant denies the allegations of Paragraph 119, as asserted against this Defendant.

120. Defendant denies the allegations of Paragraph 120, as asserted against this Defendant.

121. Defendant denies the allegations of Paragraph 121, as asserted against this Defendant.

122. Defendant denies the allegations of Paragraph 122, as asserted against this Defendant.

## **COUNT THREE**

123. Defendant adopts, re-alleges, and incorporates by reference all previous responses as if fully set forth herein.

124. Paragraph 124 contains conclusions of law and a characterization of Plaintiffs' claims to which no response is required.

125. Defendant denies the allegations of Paragraph 125, as asserted against this Defendant.

126. Defendant denies the allegations of Paragraph 126, as asserted against this Defendant.

127. Defendant denies the allegations of Paragraph 127, as asserted against this Defendant.

128. Defendant denies the allegations of Paragraph 128, as asserted against this Defendant.

129. Defendant denies the allegations of Paragraph 129, as asserted against this Defendant.

## **COUNT FOUR**

130. Defendant adopts, re-alleges, and incorporates by reference all previous responses as if fully set forth herein.

131. Defendant denies the allegations of Paragraph 131, as asserted against this Defendant.

132. Defendant denies the allegations of Paragraph 132, as asserted against this Defendant.

133. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 133, including subparts A through JJ, because those paragraphs relate to other defendants, and Defendant therefore denies the same. To the extent any of the allegations of Paragraph 133 relate to this Defendant, Defendant denies the same.

134. Defendant denies the allegations of Paragraph 134, as asserted against this Defendant.

135. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 135, because that paragraph relates to other defendants, and Defendant therefore denies the same. To the extent any of the allegations of Paragraph 135 relate to this Defendant, Defendant denies the same.

136. Defendant denies the allegations of Paragraph 136, as asserted against this Defendant.

137. Defendant denies the allegations of Paragraph 137, as asserted against this Defendant.

138. Defendant denies the allegations of Paragraph 138, including subparts A through D, as asserted against this Defendant.

139. Defendant denies the allegations of Paragraph 139, as asserted against this Defendant.

140. Defendant denies the allegations of Paragraph 140, as asserted against this Defendant.

141. Defendant denies the allegations of Paragraph 141, as asserted against this Defendant.

142. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 142, and therefore denies the same.

143. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 143, and therefore denies the same.

144. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 144, and therefore denies the same.

145. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 145, and therefore denies the same.

146. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 146, and therefore denies the same.

## COUNT FIVE

147. Defendant adopts, re-alleges, and incorporates by reference all previous responses as if fully set forth herein.

148. Paragraph 148 contains conclusions of law and a characterization of Plaintiffs' claims to which no response is required.

149. Defendant denies the allegations of Paragraph 149, as asserted against this Defendant.

150. Paragraph 150 contains conclusions of law and a characterization of Plaintiffs' claims to which no response is required.

## JURY DEMAND AND AD DAMNUM

Defendant denies that Plaintiffs are entitled to any relief in this action. Defendant specifically denies that Plaintiffs are entitled to the relief requested in the paragraph entitled "Jury Demand and Ad Damnum."

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to pursue some or all of their claims.

**THIRD AFFIRMATIVE DEFENSE**

Venue is improper, and therefore this matter should be transferred to an appropriate forum.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claimed injuries and damages were caused, in whole or in part, by the actions or omissions of others for whose conduct Defendant is not responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Defendant, or at the instruction or subject to the control of Defendant with regard to any of the actions described in the Complaint. Accordingly, Defendant is not liable for any acts or omissions of such third parties as a matter of law.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of the Plaintiffs' claims are barred by the rule of repose.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs were guilty of abuse or misuse of the products involved in this action and said abuse or misuse proximately caused or contributed to the Plaintiffs' alleged injuries and damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant denies that its conduct was the proximate cause of the Plaintiffs' alleged injuries and damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of the risk.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred by the bulk supplier doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant had no duty to warn of dangers of which Plaintiffs' employers were or should have been aware.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is vague and conclusory in nature. As such, it does not contain essential detailed factual allegations. When the material facts are determined through the discovery process, it may well be that the claims asserted are barred by applicable doctrines of limitation or repose. For that reason, Defendant raises and asserts as a defense the statute of limitations applicable to each of the claims raised in Plaintiffs' Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the contributory negligence of the Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery must be barred, in whole or in part, to the extent that the Plaintiffs failed to mitigate the alleged injuries or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant had no duty to maintain the Plaintiffs' work environments in a safe condition.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is duplicative of actions filed in other jurisdictions and is therefore due to be abated or dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the design, manufacture, inspection, packaging, and/or labeling of Defendant's products are, and have always been, consistent with the generally recognized technological, medical, scientific, and industrial state-of-the-art.

## NINETEENTH AFFIRMATIVE DEFENSE

The products at issue were not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine or strict liability in tort because of each of the following:

(1) The products had been altered or modified prior to the incident and were not in substantially the same condition at that time as when it left the manufacturer or distributor;

(2) The products were not unreasonably dangerous;

(3) The products were not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated;

(4) The manufacture and design of the products were well in keeping with the state-of-the-art at the time of the manufacture of the product; and

    (5)  The products were not unreasonably dangerous because the benefits of the product outweighed any of the attendant risks.

### TWENTIETH AFFIRMATIVE DEFENSE

  Defendant contends that the Alabama Extended Manufacturer's Liability Doctrine is constitutionally void as to Defendant and as applied to acts and circumstances in this case.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

  Plaintiffs' Complaint impermissibly splits a single cause of action and is therefore due to be dismissed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

  While denying any and all allegations of negligence, wrongdoing, fault, or liability, Defendant states that it would be entitled to a full credit, offset, *pro-rata* reduction, or percentage reduction, based on the percentage of fault attributable to each settling defendant, in the event any Plaintiffs' settles with any defendant, pursuant to the applicable statutes.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

  Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Defendant in this case.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

  Plaintiffs' recovery is barred, in whole or in part, to the extent that any alleged dangers claimed by Plaintiffs' was open and obvious.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

If the product allegedly involved in this action was defective or unreasonably dangerous, which Defendant denies, the Plaintiffs were aware thereof and unreasonably proceeded to make use of the product in that condition.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Some or all of the Plaintiffs' claims are barred by the doctrine of release.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant states that the Plaintiffs did not justifiably or reasonably rely on activities attributed by Plaintiffs to Defendant in the Complaint, and that any injuries or damages complained of in the Complaint were not caused by Defendant's alleged actions.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent the injuries alleged in the Complaint resulted from a preexisting and/or unrelated medical condition and not from any act or omission by Defendant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendant denies Plaintiffs' injuries or damages if any, were causally related to any act or omission of Defendant.

**THIRTIETH AFFIRMATIVE DEFENSE**

Section 6-5-410 of the Code of Alabama (1975) is violative of the United States and Alabama Constitutions in that it deprives Defendant of its right to a jury trial guaranteed by the Seventh Amendment to the United States Constitution and Article I, Section 11 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of

persons or entities other than Defendant or Defendant's agents or employees and/or without apportionment of damages based on the degree of culpability of defendants, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

While denying that the Plaintiffs are entitled to any relief whatsoever, if Defendant is required to pay any monetary award to Plaintiffs, Defendant claims a set-off against any monies received by the Plaintiffs for their alleged injuries or damages, including, but not limited to, any insurance or workers compensation proceeds.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the intervention of a learned intermediary or intermediaries whose acts, omissions, or fault, if any, are the proximate cause of Plaintiffs' injuries, damages, or losses, if any.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that any harm caused by Defendant's products was caused by an inherent aspect of the product which could not be eliminated without compromising the usefulness of the product.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by the Plaintiffs without substantially impairing the usefulness or intended purpose of the product.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims violate the due process provisions of the United States Constitution and the correlative provisions of the Alabama Constitution to the extent that they seek to deprive Defendant of procedural and substantive safeguards, including traditional defenses to liability.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for punitive damages violates the Excessive Fines and Penalties clause of the United States Constitution and the correlative provisions of the Alabama Constitution. These claims also violate Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the correlative provisions of the Alabama Constitution.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Punitive damages cannot be sustained because of the lack in clarity in Alabama's standards for awarding punitive damages.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Any claim for punitive damages, on its face or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the due process clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defense.

**FORTIETH AFFIRMATIVE DEFENSE**

The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, Section 8 of the United States Constitution to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of state boundaries.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

The imposition of punitive damages in this case would violate Defendant's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

With respect to Plaintiffs' demands for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards which arose in the decisions of *BMW v. Gore*, 116 U.S. 1589 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**FORTY-THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs' demands for punitive damages may result in multiple damage awards to be assessed for the same act or omission against Defendant, such award would contravene Defendant's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such award would infringe upon Defendant's rights

against double jeopardy insured by the Fifth Amendment of the United States Constitution and Article 1, Section 9 of the Alabama Constitution.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The procedures pursuant to which punitive damages are awarded subject Defendant to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1 and 6 of the Alabama Constitution.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of res judicata.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of collateral estoppel.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred by the doctrine of judicial estoppel.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant avers that it did not participate in, authorize, ratify or benefit from the alleged wrongful acts that are asserted in the Complaint.

### FORTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Defendant invokes each and every constitutional defense available to it under the constitutions (or similar charters) of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to the courts, and limitations on compensatory and punitive damages.

**FIFTIETH AFFIRMATIVE DEFENSE**

To the extent that the laws of other jurisdictions apply, Defendant invokes each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

Defendant adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to Defendant.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

Defendant denies any and all liability asserted against it by Plaintiffs, where based in whole or part on its status as a successor, successor in business, successor in product line, assignee, predecessor, predecessor in business, predecessor in product line, parent, alter ego, subsidiary, or other derivative status.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint should be dismissed for failure to join an indispensable party.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs have improperly joined or misjoined the parties to this action.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

Some or all of the damages sought in Plaintiffs' Complaint constitute impermissible double recovery for the alleged injuries.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant did not violate any legal duty allegedly owed to Plaintiffs.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant is not a proper defendant in this action.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Any possible recovery by Plaintiff hereunder is limited by the terms of the Allis-Chalmers Corporation Product Liability Trust Agreement, as Amended.

Except as expressly admitted herein, all allegations in Plaintiffs' Complaint are hereby denied.

        /s/ Haley A. Andrews
        One of the Attorneys for Defendant
        Allis-Chalmers Corporation Product Liability Trust

OF COUNSEL:
W. Larkin Radney IV (RADNL5271)
Haley A. Andrews (ANDRH6198)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

**CERTIFICATE OF SERVICE**

  I hereby certify that on this <u>7th</u> day of <u>January</u>, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

  And I hereby certify that I have mailed by United States Postal Service the document to the following:

G. Patterson Keahey, Jr.
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama  35209
*Attorney for Plaintiffs*

          Respectfully submitted,


          /s/ Haley A. Andrews
          Of Counsel