**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| MARTHA ADAMS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION CASE NO.: |
| | ) | |
| | ) | |
| ALBANY INTERNATIONAL, et al. | ) | 2:07-CV-1064-WKW |
| | ) | |
| Defendants. | ) | |

**ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Westinghouse"), as its Answer to the Complaint of Plaintiffs ("Plaintiff" herein referred to singularly or plurally, living or deceased, possessively and/or in any such capacity as may apply) herein, states and alleges as follows:

**RESPONSE TO JURISDICTION**

In response to this statement, Defendant admits that its principal place of business is not in the State of Alabama. Westinghouse denies the allegations pertaining to the Plaintiff's State of residency for lack of knowledge or information sufficient to form a belief as to the truth contained therein. To the extent the allegations contained in this statement call for a legal conclusion, Westinghouse refers all questions of law to the Court. Westinghouse denies the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

**RESPONSE TO STATUTE OF LIMITATIONS**

This statement calls for a legal conclusion and Westinghouse refers all questions of law to the Court. To the extent any further answer is required of Westinghouse, this statement is denied for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

**RESPONSES TO BACKGROUND FACTS – THE PLAINTIFFS**

1-10. Westinghouse denies the allegations contained in paragraphs 1 through 10 for lack of information or knowledge sufficient to form a belief as to the truth contained therein as these allegations pertain to the Plaintiff's residency, work history or alleged illness. Westinghouse specifically denies that it caused or contributed to the Plaintiff's alleged illness or death.

**RESPONSES TO BACKGROUND FACTS – THE DEFENDANTS**

11.   Westinghouse realleges its responses to the allegations contained in paragraphs 1 through 10 of the Complaint as if each were set forth herein.

12.   Paragraph 12 of the Complaint identifies the term "Producer Defendants" in the Complaint and no response is required of Westinghouse.

13.   Westinghouse denies the allegations contained in paragraph 13 for lack of information or knowledge sufficient to form a belief as to the truth contained therein.

14-82. Westinghouse denies the allegations contained in paragraphs 14 through 82 for lack of information or knowledge sufficient to form a belief as to the truth contained therein as these allegations pertain to other defendants' principal places of business and products.

83.   In response to paragraph 83 of the Complaint, Defendant admits that it is a

Delaware corporation with its principal place of business in New York. Defendant further admits that at certain times in its past, it manufactured, sold or distributed some products which contained bound or encapsulated asbestos. However, Westinghouse denies that the Plaintiff's alleged illness was caused or contributed to by Westinghouse or any product that was manufactured, sold, or distributed by Westinghouse.

84-85. Westinghouse denies the allegations contained in paragraphs 84 through 85 for lack of information or knowledge sufficient to form a belief as to the truth contained therein as these allegations pertain to other defendants' principal places of business and products.

86. Paragraph 86 of the Complaint identifies the term "Specifying Defendant" in the Complaint and no response is required of Westinghouse.

87. Paragraph 87 requires no response.

88. Westinghouse denies the allegations contained in paragraph 88 for lack of information or knowledge sufficient to form a belief as to the truth contained therein as these allegations pertain to another defendant's principal places of business and products.

89. Paragraph 89 of the Complaint identifies the term "Distributor Defendant" in the Complaint and no response is required of Westinghouse.

90. Westinghouse denies the allegations contained in paragraph 90 for lack of information or knowledge sufficient to form a belief as to the truth contained therein as these allegations pertain to another defendant's principal places of business and products.

91. Paragraph 91 of the Complaint identifies the term "Contractor Defendant" in the Complaint and no response is required of Westinghouse.

92. Paragraph 92 requires no response.

93.    Westinghouse denies the allegations contained in paragraph 93 for lack of information or knowledge sufficient to form a belief as to the truth contained therein as these allegations pertain to another defendant's principal place of business and products.

94.    Paragraph 94 requires no response.

95.    Westinghouse denies the allegations contained in paragraph 95 for lack of information or knowledge sufficient to form a belief as to the truth contained therein as these allegations pertain to another defendant's principal place of business and products.

96.    Paragraph 96 requires no response.

97.    Westinghouse denies the allegations contained in paragraph 97 for lack of information or knowledge sufficient to form a belief as to the truth contained therein as these allegations pertain to another defendant's principal place of business and products.

98.    Westinghouse denies the allegations contained in paragraph 98 for lack of information or knowledge sufficient to form a belief as to the truth contained therein.

### DEFENDANTS' CONDUCT AND PLAINTIFF'S AND PLAINTIFFS' DECEDENT'S INJURY

99.    Westinghouse adopts, realleges and incorporates herein by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

100.    Westinghouse denies the allegations contained in paragraph 100 of the Complaint insofar as the allegations pertain to Westinghouse.

101.    Paragraph 101 of the Complaint identifies the term "asbestos-containing products" use in the Complaint and no response is required of Westinghouse.

102.    Westinghouse denies the allegations contained in paragraph 102 of the Complaint insofar as the allegations pertain to Westinghouse.

103.    Westinghouse denies the allegations contained in paragraph 103 of the Complaint, including subparagraphs (A) through (R), insofar as the allegations pertain to Westinghouse.  Westinghouse further denies that it caused or contributed to the Plaintiff's alleged injuries or death.

104.    Westinghouse denies the allegations contained in paragraph 104 of the Complaint insofar as the allegations pertain to Westinghouse.  Westinghouse further denies that the Plaintiff or the Plaintiff's Decedent was exposed to asbestos from any product that was manufactured, sold, or distributed by Westinghouse.

<u>**RESPONSES TO COUNT ONE**</u>

105.    Westinghouse adopts, realleges and incorporates herein by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

106.    The allegation contained in paragraph 106 of the Complaint calls for a legal conclusion and Westinghouse refers all questions of law to the Court.  To the extent any further answer is required of Westinghouse, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

107.    Westinghouse denies the allegations contained in paragraph 107 of the Complaint, including subparagraphs (A) and (B), insofar as the allegations pertain to Westinghouse.

108.    Westinghouse denies the allegations contained in paragraph 108 of the Complaint insofar as the allegations pertain to Westinghouse.  Westinghouse further denies that it caused or contributed to the Plaintiff's alleged injuries or death.

109.    Westinghouse denies the allegations contained in paragraph 109 of the

Complaint insofar as the allegations pertain to Westinghouse.  Westinghouse further denies that it caused or contributed to the Plaintiff's alleged injuries or death.

## RESPONSES TO COUNT TWO

110.    Westinghouse adopts, realleges and incorporates herein by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

111.    The allegation contained in paragraph 111 of the Complaint calls for a legal conclusion and Westinghouse refers all questions of law to the Court.  To the extent any further answer is required of Westinghouse, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

112.    Westinghouse denies the allegations contained in paragraph 112 of the Complaint insofar as the allegations pertain to Westinghouse.

113.    Westinghouse denies the allegations contained in paragraph 113 of the Complaint insofar as the allegations pertain to Westinghouse.

114.    Westinghouse denies the allegations contained in paragraph 114 of the Complaint insofar as the allegations pertain to Westinghouse.

115.    Westinghouse denies the allegations contained in paragraph 115 of the Complaint insofar as the allegations pertain to Westinghouse.

116.    Westinghouse denies the allegations contained in paragraph 116 of the Complaint insofar as the allegations pertain to Westinghouse.

117.    Westinghouse denies the allegations contained in paragraph 117 of the Complaint insofar as the allegations pertain to Westinghouse.

118.    Westinghouse denies the allegations contained in paragraph 118 of the

Complaint insofar as the allegations pertain to Westinghouse.

119.    Westinghouse denies the allegations contained in paragraph 119 of the Complaint, including subparts (a) through (d), insofar as the allegations pertain to Westinghouse.

120.    Westinghouse denies the allegations contained in paragraph 120 of the Complaint insofar as the allegations pertain to Westinghouse.

121.    Westinghouse denies the allegations contained in paragraph 121 of the Complaint, including subparts (a) through (c), insofar as the allegations pertain to Westinghouse.

122.    Westinghouse denies the allegations contained in paragraph 122 of the Complaint insofar as the allegations pertain to Westinghouse.  Westinghouse further denies that it caused or contributed to the Plaintiff's alleged injuries or death.

### RESPONSES TO COUNT THREE

123.    Westinghouse adopts, realleges and incorporates herein by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

124.    The allegation contained in paragraph 124 of the Complaint calls for a legal conclusion and Westinghouse refers all questions of law to the Court.  To the extent any further answer is required of Westinghouse, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

125.    Westinghouse denies the allegations contained in paragraph 125 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth contained.

126.    Westinghouse denies the allegations contained in paragraph 126 of the Complaint insofar as the allegations pertain to Westinghouse.    Westinghouse further denies that it caused or contributed to the Plaintiff's alleged injuries.

127.    Westinghouse denies the allegations contained in paragraph 127 of the Complaint, including subparts (a) and (b), insofar as the allegations pertain to Westinghouse.

128.    Westinghouse denies the allegations contained in paragraph 128 of the Complaint insofar as the allegations pertain to Westinghouse.

129.    Westinghouse denies the allegations contained in paragraph 129 of the Complaint insofar as the allegations pertain to Westinghouse.    Westinghouse further denies that it caused or contributed to the Plaintiff's alleged injuries or death.

### RESPONSES TO COUNT FOUR

130.    Westinghouse adopts, realleges and incorporates herein by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

131.    Westinghouse denies the allegations contained in paragraph 131 of the Complaint insofar as the allegations pertain to Westinghouse.

132.    Westinghouse denies the allegations contained in paragraph 132 of the Complaint insofar as the allegations pertain to Westinghouse. Westinghouse further denies that it caused or contributed to the Plaintiff's or the Plaintiff's Decedent's alleged injuries.

133.    Westinghouse denies the allegations contained in paragraph 133 of the Complaint, including subparagraphs (A) through (JJ), insofar as the allegations pertain to Westinghouse.

134.    Westinghouse denies the allegations contained in paragraph 134 of the Complaint insofar as the allegations pertain to Westinghouse. Westinghouse further denies that it caused or contributed to the Plaintiff's or Plaintiff's Decedent's alleged injuries.

135.    The allegations contained in paragraph 135 of the Complaint pertain to a Defendant other than Westinghouse and Westinghouse has no duty to respond.  To the extent any such duty exists, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

136.    Westinghouse denies the allegations contained in paragraph 136 of the Complaint insofar as the allegations pertain to Westinghouse.

137.    Westinghouse admits it was a member of the IHF but denies the remaining allegations contained in paragraph 137 of the Complaint insofar as the allegations pertain to Westinghouse.

138.    Westinghouse denies the allegations contained in paragraph 138 of the Complaint, including subparagraphs (a) through (d), insofar as the allegations pertain to Westinghouse.  Westinghouse further denies that it caused or contributed to the Plaintiff's alleged injuries or death.

139.    Westinghouse denies the allegations contained in paragraph 139 for lack of information or knowledge sufficient to form a belief as to the truth contained therein. Westinghouse specifically denies that it caused or contributed to the Plaintiff's alleged injuries or death.

140.    Westinghouse denies the allegations contained in paragraph 140 of the Complaint insofar as the allegations pertain to Westinghouse.

141.    Westinghouse denies the allegations contained in paragraph 141 of the

Complaint insofar as the allegations pertain to Westinghouse.

142.    Westinghouse denies the allegations contained in paragraph 142 of the Complaint insofar as the allegations pertain to Westinghouse.  Westinghouse specifically denies that it engaged in tortious conduct.

143.    Westinghouse denies the allegations contained in paragraph 143 of the Complaint insofar as the allegations pertain to Westinghouse.

144.    Westinghouse denies the allegations contained in paragraph 144 of the Complaint insofar as the allegations pertain to Westinghouse.

145.    Westinghouse denies the allegations contained in paragraph 145 of the Complaint insofar as the allegations pertain to Westinghouse.

146.    Westinghouse denies the allegations contained in paragraph 146 of the Complaint insofar as the allegations pertain to Westinghouse. Westinghouse further denies that it caused or contributed to the Plaintiff's alleged injuries.

## RESPONSES TO COUNT FIVE

147.    Westinghouse adopts, realleges and incorporates herein by reference its responses to all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

148.    The allegation contained in paragraph 148 of the Complaint calls for a legal conclusion and Westinghouse refers all questions of law to the Court.  To the extent any further answer is required of Westinghouse, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

149.    Westinghouse denies the allegations contained in paragraph 149 of the Complaint insofar as the allegations pertain to Westinghouse.   Westinghouse further

denies that it caused or contributed to the Plaintiff's alleged injuries or death.

150.   The allegation contained in paragraph 150 of the Complaint calls for a legal conclusion and Westinghouse refers all questions of law to the Court.  To the extent any further answer is required of Westinghouse, the allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth contained therein.

## <u>RESPONSES TO JURY DEMAND AND AD DAMNUM</u>

151.   Westinghouse demands a trial by jury on all issues in the Complaint. Westinghouse further denies that it caused or contributed to the Plaintiff's alleged damages.

152.   Westinghouse denies each and every allegation contained in the Complaint not specifically admitted herein.

153.   Westinghouse denies that the Plaintiff is entitled to the relief requested in the ad damnum clause contained at the end of the Complaint and anywhere else so listed.

## DEFENSES

1.   Venue of this action is improper.

2.   Westinghouse pleads insufficiency of process.

3.   Service of process on Westinghouse was improper.

4.   Plaintiffs and Defendants are not properly joined.

5.   Plaintiff was guilty of contributory negligence.

6.   Plaintiff was guilty of assumption of the risk.

7.   Plaintiff misused Westinghouse's products.

8.   Westinghouse's products were not used for their intended purpose.

9.    Westinghouse's products were substantially changed after they left the control of Westinghouse, and said changes were not foreseeable.

10.    There is a lack of causal relationship between Westinghouse and the damages complained of by the Plaintiff.

11.    Westinghouse's products were not unreasonably dangerous at any time.

12.    The product involved was in conformity with the generally recognized state of the art at the time it was designed, manufactured, inspected, packaged, labeled, and sold.

13.    At all relevant times, the product involved complied with industry standards and with federal and/or state standards and regulations governing the manufacturing, sale, packaging, and distribution of such product.

14.    At the relevant time period, a practical and technically feasible alternative design for the product was not available that would have prevented the harm for which Plaintiff seeks to recover without substantially impairing the usefulness or intended purpose of the product.

15.    Plaintiff's claims are barred by the sophisticated user or learned intermediary doctrine.

16.    Plaintiff's damages, if any, were caused by a pre-existing medical or physical condition.

17.    Plaintiff's damages, if any, were caused by an intervening and/or superseding cause(s).

18.    Plaintiff's injuries were caused by the intervening and direct proximate acts of entities or individuals other than Westinghouse.

19.    Plaintiff's damages are mitigated, satisfied, or set off by their right and entitlement to insurance benefits.

20.    Plaintiff has failed to mitigate damages.

21.    Westinghouse contends that if Plaintiff has / had released, settled, entered into an accord and satisfaction or otherwise compromised his claims herein, then, accordingly, said claims are barred.

22.    Westinghouse contends that if the claims stated in Plaintiff's Complaint have been settled, compromised, or otherwise discharged, then Defendant is due a set off.

23.    Westinghouse was not in privity of contract with Plaintiff.

24.    Plaintiff failed to notify Westinghouse of any breach of warranty within a reasonable time after they discovered of should have discovered any alleged breach of warranty and is therefore barred from recovery for such claims.

25.    Each count and cause of action or claim for relief in Plaintiff's Complaint is barred by the applicable statute or statutes of limitation.

26.    Plaintiff's claims are barred by statutes of repose.

27.    Plaintiff's have waived or are estopped to assert the matters alleged in his Complaint.

28.    Plaintiff's claims are barred by the doctrine of laches.

29.    Plaintiff's Complaint, and each count thereof, is barred by the doctrines of collateral estoppel and *res judicata*.

30.    Plaintiff's Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

31.     For each count and cause of action or claim for relief in Plaintiff's Complaint, Westinghouse pleads the general issue and says that it is not liable for the matters alleged therein.

32.     There was no conspiracy or concert of action between Westinghouse and any other defendant.

33.     Westinghouse adopts all defenses and affirmative defenses plead by other defendants.

34.     Westinghouse did not participate in any of the alleged activities for which the subject Complaint asserts that punitive damages may be assessed.

35.     Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates each Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a claim under which either punitive or exemplary damages can be awarded.

36.     Plaintiff's Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates each Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates each Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed.

37.    Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to each Defendant under the Constitution of the United States of America.

38.    Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to each Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, in that punitive damages are vague and are not rationally related to legitimate government interests.

39.    Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

40.    Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to each Defendant under the Sixth Amendment to the Constitution of the United States, in that punitive damages are penal in nature and consequently, each Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

41.    It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

42.    It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

43.    It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

44.    Any award of punitive damages to Plaintiff in this case will be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

45.    The imposition of punitive damages in this case would violate the Due Process Clause of Amendments Five and Fourteen to the United States Constitution and Article I, Sections 1, 2, 6, 13, 15, 27, and 35 of the Alabama Constitution of 1901, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts.  Among other things, the present procedures and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid state and federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive

damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective, and specific standard for appellate review of awards for punitive damages; and, (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

46.     The imposition of punitive damages in this case would violate the Equal Protection Clause of Amendments Five and Fourteen to the United States Constitution and would deprive each Defendant of the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

47.     The imposition of a punitive damages award in this case would violate the due process clause of the Fourteenth Amendment to the United States Constitution, the commerce clause thereof, the equal protection clause thereof, and the privileges and immunities clause thereof, because such punishment would be the product of a state-enforced policy that unconstitutionally discriminates against defendants in punitive

damages cases based on the status of those defendants, such as the corporate Defendant in the case at bar, as large, out-of-state, corporate entities.

48.     Plaintiff's claims for punitive damages are limited by the statutory caps contained in § 6-11-21 of the Alabama Code.

49.     Plaintiff's claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

50.     Westinghouse shows that no discovery has been conducted to date in the above-captioned civil action and it is unknown at this time which, if any, products manufactured and sold by Westinghouse give rise to Plaintiff's claims herein. Westinghouse further shows that should the discovery process reveal any products manufactured and sold by Westinghouse, giving rise to Plaintiff's claims that were designed and manufactured pursuant to and in accordance with the standards of, or specifications mandated by, the United States Government and its agencies, the knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of Westinghouse, and by reason thereof Westinghouse is entitled to assume any immunity from liability which exists in favor of the United States Government or its agencies.

51.     Westinghouse pleads that it is immune from civil liability of any form or nature in this matter under Alabama's workers' compensation law if Plaintiff was an employee of Westinghouse during the period of alleged exposure.  The said workers' compensation law provides worker's compensation benefits for the disability of an employee if such resulted from injury or occupational disease incurred or sustained in the course of employment as an exclusive remedy.

52.    Westinghouse reserves all other applicable defenses and reserves its right to amend this Answer in accordance with the provisions of the Alabama Rules of Civil Procedure.

WHEREFORE, Westinghouse prays that Plaintiff's action be dismissed against it and that Westinghouse be awarded its costs in this action.

s/James A. Harris, III
James A. Harris, III
Bar Id # ASB-0683-R74J
Nicole M. Hardee
Bar Id# ASB-0073-P71G
2501 20th Place South
Suite 450
Birmingham, AL  35209
FAX:  (205) 871-0029
TEL:  (205) 871-5777
Email: jamey@harris-harris.com
Email: nicole@harris-harris.com

OF COUNSEL:

Harris & Harris, LLP

Attorneys for CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of January, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/James A. Harris, III
OF COUNSEL