<u>**IN THE UNITED STATES DISTRICT COURT**</u>
<u>**MIDDLE DISTRICT OF ALABAMA**</u>

| | |
|---|---|
| **MARTHA ADAMS spouse and** ) | |
| **personal representative for the ESTATE** ) | |
| **OF CHARLES ADAMS, deceased,** ) | |
| **ET AL.,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| **v.** ) | **No. 2:07-CV-01064-WKW-TFM** |
| ) | |
| **ALBANY INTERNATIONAL; ET AL.,** ) | |
| ) | |
| Defendants. ) | |

<u>**ANSWER OF DEFENDANT OWENS-ILLINOIS, INC. TO COMPLAINT**</u>

Comes the defendant, Owens-Illinois, Inc. ("OI"), by and through counsel and for answer to the Complaint served upon it states as follows:

**PRELIMINARY STATEMENT**

Plaintiff's Complaint contains numerous legal conclusions and statements of law that require no response in this Answer. However, Defendant OI does not concede the validity of these legal conclusions and statements of law and expressly reserves the right to respond, and if necessary contest, each and every legal conclusion and statement of law contained therein at the appropriate time. Moreover, Defendant OI denies all allegations of liability directed against it and demands strict proof thereof.

**JURISDICTION**

Defendant OI admits that it is a corporation which is incorporated and whose principal place of business is located in a state other than Alabama. For further response, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of this paragraph of the Complaint, but denies any liability arising therefrom and demands strict proof.

## STATUTE OF LIMITATIONS

Plaintiffs' claims concerning the statute of limitations contains legal conclusions and statements of law that require no response in this Answer.  However, Defendant OI does not concede the validity of these legal conclusions and statements of law and expressly reserves the right to respond, and if necessary contest, each and every legal conclusion and statement of law contained therein at the appropriate time.  For further response, Defendant OI avers that certain claims contained herein are time-barred by the applicable statute of limitations.

## BACKGROUND FACTS - THE PLAINTIFFS

1.      Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 1 of the Complaint, and therefore denies same and demands strict proof thereof.  For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 1 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

2.      Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 2 of the Complaint, and therefore denies same and demands strict proof thereof.  For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 2 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

3.      Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 3 of the Complaint, and therefore denies same and demands strict proof thereof.  For further answer, OI is without sufficient knowledge or

information to form a belief as to the truth of the remaining averments of <u>Paragraph 3</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

4.     Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of <u>Paragraph 4</u> of the Complaint, and therefore denies same and demands strict proof thereof.   For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 4</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

5.     Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of <u>Paragraph 5</u> of the Complaint, and therefore denies same and demands strict proof thereof.   For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 5</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

6.     Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of <u>Paragraph 6</u> of the Complaint, and therefore denies same and demands strict proof thereof.   For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 6</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

7.     Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of <u>Paragraph 7</u> of the Complaint, and therefore denies same and

demands strict proof thereof. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 7</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

8.      Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of <u>Paragraph 8</u> of the Complaint, and therefore denies same and demands strict proof thereof. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 8</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

9.      Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of <u>Paragraph 9</u> of the Complaint, and therefore denies same and demands strict proof thereof. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 9</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

10.     Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of <u>Paragraph 10</u> of the Complaint, and therefore denies same and demands strict proof thereof. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 10</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

## BACKGROUND FACTS – THE DEFENDANTS

11.    Defendant OI responds to Paragraph 11 of the Complaint by adopting and incorporating by reference herein its responses set forth hereinabove.

12.    Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 12 of the Complaint, and therefore denies same and demands strict proof thereof.    For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 12 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

13.    Defendant OI denies the averments made against OI that are contained in Paragraph 13 of the Complaint and demands strict proof thereof.    For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 13 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

14 - 64.    Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraphs 14 - 64 of the Complaint that are directed against other defendants.    For further response, defendant OI denies any liability arising out the averments contained in Paragraphs 14 - 64 of the Complaint, and demands strict proof thereof.

65.    Defendant OI I admits that it is a Delaware corporation whose principal place of business is located in Toledo, Ohio which manufactured Kaylo block and pipe covering for a limited period of time.    For further response, OI denies the remaining averments contained in

Paragraphs 65 of the Complaint, including any liability arising from same, and demands strict proof thereof.

66 - 97.     Defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraphs 66 - 97 of the Complaint that are directed against other defendants.  For further response, defendant OI denies any liability arising out the averments contained in Paragraphs 66 - 97 of the Complaint, and demands strict proof thereof.

98.     Defendant OI denies the averments made against OI that are contained in Paragraph 98 of the Complaint and demands strict proof thereof.  For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 98 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

### DEFENDANTS' CONDUCT AND PLAINTIFF'S INJURY

99.     Defendant OI responds to Paragraph 99 of the Complaint by adopting and incorporating by reference herein its responses set forth hereinabove.

100.     Defendant OI denies the allegations directed against it which are presented in Paragraph 100 of the Complaint, places them in issue and strict proof thereof is demanded.  For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 100 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

101.     Defendant OI denies the allegations directed against it which are presented in Paragraph 101 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth

of the remaining averments of Paragraph 101 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

102.    To the extent that Paragraph 102 of the Complaint calls for an expert opinion, defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 102 of the Complaint and demands strict proof thereof.  Defendant OI denies the allegations directed against it which are presented in Paragraph 102 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 102 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

103.    To the extent that Paragraph 103 of the Complaint calls for an expert opinion, defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 103 of the Complaint and demands strict proof thereof.  Defendant OI denies the allegations directed against it which are presented in Paragraph 103 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 103 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

104.    Defendant OI denies the allegations directed against it which are presented in Paragraph 104 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 104 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

## COUNT ONE

105.    Defendant OI responds to Paragraph 105 of the Complaint by adopting and incorporating by reference herein its responses set forth hereinabove.

106.    Defendant OI denies the allegations directed against it which are presented in Paragraph 106 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 106 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

107.    To the extent that Paragraph 107 of the Complaint calls for an expert opinion, defendant OI is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 107 of the Complaint and demands strict proof thereof.  Defendant OI denies the allegations directed against it which are presented in Paragraph 107 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 107 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

108.    Defendant OI denies the allegations directed against it which are presented in Paragraph 108 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 108 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

109.    Defendant OI denies the allegations directed against it which are presented in Paragraph 109 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth

of the remaining averments of Paragraph 109 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

## COUNT TWO

110.    Defendant OI responds to Paragraph 110 of the Complaint by adopting and incorporating by reference herein its responses set forth hereinabove.

111.    Defendant OI denies the allegations directed against it which are presented in Paragraph 111 of the Complaint, places them in issue and strict proof thereof is demanded. For further answers OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 111 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

112.    Defendant OI denies the allegations directed against it which are presented in Paragraph 112 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 112 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

113.    Defendant OI denies the allegations directed against it which are presented in Paragraph 113 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 113 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

114.    Defendant OI denies the allegations directed against it which are presented in Paragraph 114 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth

of the remaining averments of <u>Paragraph 114</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

115.    Defendant OI denies the allegations directed against it which are presented in <u>Paragraph 115</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 115</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

116.    Defendant OI denies the allegations directed against it which are presented in <u>Paragraph 116</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 116</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

117.    Defendant OI denies the allegations directed against it which are presented in <u>Paragraph 117</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 117</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

118.    Defendant OI denies the allegations directed against it which are presented in <u>Paragraph 118</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 118</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

119.    Defendant OI denies the allegations directed against it which are presented in Paragraph 119 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 119 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

120.    Defendant OI denies the allegations directed against it which are presented in Paragraph 120 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 120 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

121.    Defendant OI denies the allegations directed against it which are presented in Paragraph 121 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 121 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

122.    Defendant OI denies the allegations directed against it which are presented in Paragraph 122 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 122 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

## COUNT THREE

123.    Defendant OI responds to Paragraph 123 of the Complaint by adopting and incorporating by reference herein its responses set forth hereinabove.

124.     Defendant OI denies the allegations directed against it which are presented in Paragraph 124 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 124 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

125.     Defendant OI denies the allegations directed against it which are presented in Paragraph 125 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 125 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

126.     Defendant OI denies the allegations directed against it which are presented in Paragraph 126 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 126 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

127.     Defendant OI denies the allegations directed against it which are presented in Paragraph 127 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 127 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

128.     Defendant OI denies the allegations directed against it which are presented in Paragraph 128 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth

of the remaining averments of <u>Paragraph 128</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

129.    Defendant OI denies the allegations directed against it which are presented in <u>Paragraph 129</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 129</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

<strong><u>COUNT FOUR</u></strong>

130.    Defendant OI responds to <u>Paragraph 130</u> of the Complaint by adopting and incorporating by reference herein its responses set forth hereinabove.

131.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 131</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 131</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

132.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 132</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 132</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

133.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 133</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth

of the remaining averments of <u>Paragraph 133</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

134.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 134</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 134</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

135.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 135</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 135</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

136.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 136</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 136</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

137.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 137</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 137</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

138.    Defendant OI denies any allegations directed against it which are presented in Paragraph 138 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 138 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

139.    Defendant OI denies any allegations directed against it which are presented in Paragraph 139 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 139 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

140.    Defendant OI denies any allegations directed against it which are presented in Paragraph 140 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 140 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

141.    Defendant OI denies any allegations directed against it which are presented in Paragraph 141 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 141 of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

142.    Defendant OI denies any allegations directed against it which are presented in Paragraph 142 of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth

of the remaining averments of <u>Paragraph 142</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

143.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 143</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 143</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

144.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 144</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 144</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

145.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 145</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 145</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

146.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 146</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 146</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

## <u>COUNT FIVE</u>

147.    Defendant OI responds to <u>Paragraph 147</u> of the Complaint by adopting and incorporating by reference herein its responses set forth hereinabove.

148.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 148</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 148</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

149.    Defendant OI denies any allegations directed against it which are presented in <u>Paragraph 149</u> of the Complaint, places them in issue and strict proof thereof is demanded. For further answer, OI is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of <u>Paragraph 149</u> of the Complaint which are directed against the other defendants, but denies any liability arising therefrom and demands strict proof thereof.

150.    Defendant OI denies the allegations which are presented in <u>Paragraph 150</u> of the Complaint, places them in issue and demands strict proof thereof.

151.    Defendant OI denies that plaintiffs are entitled to recover any damages from this defendant, including the damages asserted in the paragraph titled, "ad damnum," and demands strict proof thereof.

## AFFIRMATIVE DEFENSES OF OWENS-ILLINOIS, INC.

1.      For further answer and defense, Defendant OI avers that this Complaint fails to state a claim upon which relief can be granted as to it.

2.      Defendant OI pleads the general issue.

3.      Defendant OI pleads that there should be no recovery against it because at the time and place of the alleged injuries of the plaintiff, the plaintiff was guilty of contributory negligence which proximately caused or contributed to the alleged injuries and damages.

4.      Defendant OI further pleads that there should be no recovery against it, because at the time and place of the alleged injuries, the plaintiff assumed the alleged risk of working with and/or around asbestos or asbestos-containing materials and, therefore, the plaintiff may not recover from this defendant.

5.      Defendant OI pleads res judicata and/or collateral estoppel as same may be applicable to these claims.

6.      Defendant OI pleads that one or more of these claims is barred by release, accord and satisfaction, and/or payment

7.      Defendant OI pleads the applicable statute of limitations as a bar to any claims which the plaintiff may have against it.

8.      Defendant OI pleads the applicable statute of repose as a bar to any claims which the plaintiff may have against it.

9.      Defendant OI pleads the Rule of Repose as a bar to any claims which the plaintiff may have against it.

10.     Defendant OI pleads that the plaintiff's claims are barred by laches.

11.     Defendant OI pleads that plaintiffs' complaint is duplicative of actions filed in other jurisdictions and is therefore due to be abated or dismissed.

12.     Defendant OI pleads that to the extent that plaintiff seeks relief from this defendant, and plaintiff has settled with the manufacturer of a product in question, this defendant relies upon the defense of accord and satisfaction.

13.     Defendant OI pleads that if plaintiff's decedent was directly employed by this defendant, then any recovery may therefore be barred by the exclusive remedy provision of applicable workers compensation laws.

14.     Defendant OI pleads that the plaintiff has failed to join one or more parties who should or must be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure.

15.     Defendant OI denies that the plaintiff has a cause of action against it based upon the Alabama Extended Manufacturers' Liability Doctrine.

16.     Defendant OI denies that it had a duty to warn the plaintiff's decedent, or if such duty existed, that it breached such duty.

17.     Defendant OI denies that it may have been guilty of any negligence which proximately contributed to the plaintiff's alleged injuries and damages.

18.     Defendant OI denies that it has been guilty of any willful or wanton conduct which proximately contributed to the plaintiff's alleged injuries and damages.

19.     Defendant OI denies that it is a manufacturer of asbestos-containing products.

20.     Defendant OI denies that the alleged products, when being used for their intended manner and purpose, were defective and unreasonably dangerous in design or condition.

21.     Defendant OI denies that the products that it may have sold or supplied were unreasonably dangerous for their intended use.

22.     Defendant OI pleads that there should be no recovery against it for medical expenses incurred in the care, diagnosis or treatment of any injuries of plaintiff's decedent herein,

if such injuries exist, because said decedent's employers are obligated under the Workers' Compensation Law of the State of Alabama, or some other state, to pay for said plaintiff's decedent's medical expenses, which were incurred by said plaintiff as a result of this occurrence; or because said plaintiff is entitled to receive benefits from private or public health insurance programs, health benefit plans, union sponsored or union provided health benefit plans or other sources of health benefits which are responsible for the payments of all past, present and/or future medical expenses.

23.    Defendant OI pleads that there should be no recovery against it because if any of the defendant's products, separately or jointly, were unsafe for the use for which said products were intended, which is strenuously denied, that condition was unavoidable and was apparent to and said decedent had been given adequate warning of said condition or should have been aware of said condition owing to the decedent's knowledge and experience in decedent's field of endeavor.  Therefore, said decedent knowingly, intelligently and voluntarily did encounter said condition and did assume the risk attendant thereto.

24.    Defendant OI pleads that there should be no recovery against it because the plaintiff, if injured, injuries were caused by the superseding and intervening negligence of third parties, including said plaintiff, which said conduct, either by omissions or commission did interrupt the natural and proximate causal relationship between any acts or omissions of this defendant and said resulting injures, if any, to said plaintiff.

25.    There should be no recovery against this defendant because the conduct of the decedent constituted abuse and misuse of the product so as to substantially change the condition of the product prior to their injury.

26.     There should be no recovery against this defendant under any theory of strict liability because such a claim is not recognized under the law of the State of Alabama.

27.     There should be no recovery against this defendant based on the Alabama Extended Manufacturers' Liability Doctrine because any culpable conduct of the defendant, the existence of which is strenuously denied, occurred prior to the recognition of the Alabama Extended Manufacturers' Liability Doctrine.   Any attempt to impose liability upon the defendants for conduct which occurred prior to the recognition of this doctrine would violate, separately and jointly:

      a.     The Fourteenth Amendment of the Constitution of the United States,

      b.     Article One, Section Seven of the Constitution of Alabama of 1901,

      c.     The Fifth Amendment of the Constitution of the United States,

      d.     The Tenth Amendment of the Constitution of the United States.

28.     There should be no recovery against this defendant based on the Alabama Extended Manufacturers' Liability Doctrine because there is no causal relation between the activities of the defendant and the injuries of which the plaintiff now complains.

29.     There should be no recovery of punitive damages against this defendant because such a recovery would violate, jointly and individually:

      a.     Amendment Eight of the Constitution of the United States,

      b.     Amendment Fourteen of the Constitution of the United States,

      c.     The Fifth Amendment of the Constitution of the United States,

      d.     The Tenth Amendment of the Constitution of the United States,

      e.     Article One, Section Fifteen of the Constitution of Alabama of 1901,

      f.     Article One, Section Seven of the Constitution of Alabama of 1901,

g.    The Federal common law.

30.    There should be no recovery against this defendant under any claim based on implied or expressed warranty if said claims are said to arise under the Uniform Commercial Code of Alabama because to the extent that the defendant's contractual obligations occurred prior to the enactment of said statutes, the imposition of such liability would violate:

a.    The Fourteenth Amendment of the Constitution of the United States,

b.    Article One, Section Seven of the Constitution of Alabama of 1901,

c.    The Fifth Amendment of the Constitution of the United States,

d.    The Tenth Amendment of the Constitution of the United States.

31.    There should be no recovery against this defendant because, to the extent that defendant acted or failed to act, the defendant's conduct was in keeping with the State of the Art as it existed at all pertinent times.

32.    To the extent that any claim for relief contained within this complaint seeks to recover damages against this defendant for the acts or omissions of alleged predecessors or successors in interest of this defendant, said defendant asserts that it is not responsible and cannot legally be held liable for punitive damages and/or exemplary damages which said damages are attributable to the conduct of any predecessor or successor in interest.  Further, this defendant asserts that the conduct of any predecessors or successors in interest cannot, as a matter of law provide a legal basis for the imposition of punitive damages against this defendant.

33.    There should be no recovery against this defendant because any injury to the plaintiff which may have occurred, the existence of which is denied, was attributable to an unavoidable accident, as that term is known in the law, or in the alternative, was caused by the acts or omissions of third persons, firms, or corporations, or by the instrumentalities which are in

no way connected with the defendant and for which the defendant should not be held legally responsible.

34.     There should be no recovery against this defendant because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability Doctrine or under any theory of implied or expressed warranty, separately and jointly, would operate as an ex post facto imposition of legal liability and duty and thus would violate this defendant's constitutional rights under:

a.      Amendment Eight of the Constitution of the United States,

b.      The Fourteenth Amendment of the Constitution of the United States,

c.      The Fifth Amendment of the Constitution of the United States,

d.      The Tenth Amendment of the Constitution of the United States,

e.      Article One, Section Fifteen of the Constitution of Alabama of 1901,

f.      Article One, Section Seven of the Constitution of Alabama of 1901,

g.      Such an imposition of liability and/or duty operates as an ex post facto law in express violation of the United States Constitution,

h.      The retrospective application of the Alabama Extended Manufacturer's Liability Doctrine to impose a legal duty and/or liability without notice would be an act which is in contravention of the Fifth and Fourteenth Amendments of the United States Constitution and,

i.      To the extent that recovery is had and money actually paid by this defendant, this defendant would be deprived of its property without due process of law in express violation of the Fifth and Fourteenth Amendments of the Constitution of the United States of America,

j.      The other provisions of the Constitution of the United States,

k.     The other provisions of the Constitution of the State of Alabama.

35.     There should be no recovery against this defendant because of any failure to warn or inadequacy of warning because, at all times pertinent to plaintiff's claims, said plaintiff possessed or should have possessed good, sufficient and adequate knowledge which negated any need for said warning and/or said plaintiff was required to follow specific written safety procedures as established by their respective employers which negated the need or requirement for any such warning.

36.     There should be no recovery against this defendant under a claim of implied warranty because all such implied warranties had been properly and adequately disclaimed by this defendant.

37.     There should be no recovery against this defendant because the exposure of plaintiff to the products of the defendant was *de minimis*.

38.     There should be no recovery against this defendant because the plaintiff failed to mitigate damages as required by law.

39.     There should be no recovery against this defendant and all claims are barred because the products which are claimed to have caused injury and/or death were manufactured in compliance with the specifications established by the United States government and/or an agency, department or division thereof and that the United States government's knowledge of any and all health hazards were equal to if not greater than that of the defendant who was contractor to the United States government.

40.     There should be no recovery against this defendant under any theory of enterprise liability, concert of action and/or alternative liability because such theories of recovery are not recognized under the laws of the State of Alabama.

41.    All claims based upon failure to recall a product are barred because there is no such theory of recovery under Alabama law.

42.    This defendant had no duty to warn the plaintiff regarding potential alleged dangers, if any, which were known to the plaintiff and/or plaintiff's employer, a sophisticated and knowledgeable use or consumer.    Defendant pleads the sophisticated user and learned intermediary defenses as same may be applicable.

43.    This defendant is entitled to a set-off of all amounts paid to the plaintiff by other defendants pursuant to *pro tanto* settlements.

44.    This defendant pleads as a credit any and all sums of money paid to the plaintiff by any other party or entity arising out of the claims made the basis of this suit.

45.    This Court lacks jurisdiction over the subject matter of the Complaint and each and every claim for relief therein stated, separately and severally.

46.    Venue is improper as to this defendant.

47.    This Court lacks in personam jurisdiction over the defendant.

48.    The Complaint is not plead with the required specificity and particularity and does not allege when the plaintiff was last exposed to this defendant's products or when the plaintiff retired or when the plaintiff was last exposed to any asbestos-containing products or when the plaintiff discovered or should have discovered any asbestos-related illnesses.

49.    An award of punitive damages should be denied because such an award would be an excessive fine which is strictly prohibited by both the Alabama and United States Constitutions.

50.    To the extent that plaintiff's Complaint seeks to make this defendant liable for punitive damages, defendant OI avers that the Supreme Court of the United States has issued an

opinion in the case styled <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 123 S.Ct. 1513 (2003), and this defendant adopts by reference herein the defenses, criteria, limitations and standards which are mandated by that decision in this case.

51.     No award should be allowed for punitive damages and that such an award would constitute double jeopardy and would violate both the Alabama and United States Constitutions.

52.     Defendant OI avers that defendants are not properly joined pursuant to the Federal Rules of Civil Procedure.

53.     Defendant OI avers that plaintiffs are not properly joined pursuant to Rule 20(a) of the Federal Rules of Civil Procedure.

54.     Defendant OI avers all available defenses under common law and/or statutory law to plaintiffs' claim for conspiracy.

55.     Defendant OI would adopt and incorporate by reference herein all affirmative defenses which may be set forth in the answers of the co-defendants.

56.     Defendant OI generally denies any and all allegations in the Complaint.

57.     Defendant OI expressly incorporates any and all defenses contained in any motion that it has filed in accordance with Rule 12 of the Federal Rules of Civil Procedure.

58.     Defendant OI responds that all responses not hereinabove specifically admitted or denied are specifically denied.

59.     Defendant OI specifically reserves the right to supplement and/or amend its answer after completing further discovery and investigation in this cause.

WHEREFORE, Defendant OI respectfully moves for this Court to dismiss this action against this defendant and tax costs against the plaintiffs.

Respectfully submitted this the 7th day of January, 2008.

By: ___/s/ Anthony C. Harlow_____

Anthony C. Harlow – Bar Number: ASB-5692-W474
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
P.O. Box 598512
Birmingham, AL 35259-8512
Email: ach@starneslaw.com
(205) 868-6000
Attorneys for Owens-Illinois, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2008, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Anthony C. Harlow
Anthony C. Harlow – Bar Number: ASB-5692-W474