IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MARTHA ADAMS** spouse and personal representative for the **ESTATE OF CHARLES ADAMS**, deceased, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>**ALBANY INTERNATIONAL,** et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civil Action Number:**<br><br>   **2:07-cv-01064-WKW-TFM** |

**ANSWER OF DEFENDANT, T H AGRICULTURE & NUTRITION, LLC
TO PLAINTIFFS' COMPLAINT**

    **COMES NOW,** the Defendant, T H Agriculture & Nutrition, L.L.C., and for Answer to Plaintiffs' Complaint and each and every count and paragraph thereof, separately and severally, hereby sets forth and assigns the following separate and several defenses:

1. The Complaint fails to state a claim against Defendant upon which relief can be granted and therefore, the Complaint is due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. The allegations of the Complaint are so vague, ambiguous, indefinite and uncertain that Defendant is not fairly given notice of the conduct which it is being called upon to defend and therefore, the Complaint is due to be dismissed pursuant to Rules 8, 10(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

3. The Plaintiffs' claims are due to be severed because they do not satisfy the requirements for joinder as set forth in Rule 20 of the Federal Rules of Civil Procedure.

4. The venue of this matter is improper.

5. The Plaintiffs' claims, separately and severally, are barred by the applicable Statute of Limitations.

6. The Defendant pleads lack of subject matter jurisdiction.

7. The Defendant denies each and every material allegation of the Plaintiffs' Complaint and demands strict proof thereof.

8. The Plaintiffs' claims, separately and severally, are barred by the Alabama Rule of Repose.

9. There is an intervening efficient cause between Plaintiffs' alleged injuries and damages and any activity on the part of this Defendant.

10. This Defendant specifically pleads that there is no causal connection or relationship between any activity on the part of this Defendant and Plaintiffs' alleged injuries and damages.

11. Plaintiffs and/or Plaintiffs' decedents were guilty of contributory negligence and said negligence is a bar to any claims against this Defendant.

12. Plaintiffs' claims against this Defendant are barred by the doctrine of assumption of the risk.

13. Plaintiffs' claims are due to be dismissed or stayed due to the existence of prior pending actions.

14. This Defendant pleads the general issue.

15. This Defendant denies any of its acts or omissions were the proximate cause of Plaintiffs' injuries.

16. This Defendant denies that the Plaintiffs were injured or damaged to the nature and extent alleged in the Complaint and demands strict proof thereof.

17. This Defendant denies that the Plaintiffs were injured as a result of any conduct by this Defendant.

18. This Defendant pleads the affirmative defenses of estoppel, waiver, modification, ratification and novation.

19. Plaintiffs' claims are barred by estoppel, laches and waiver.

20. The alleged damages for which the Plaintiffs seek recovery were caused by others for whom this Defendant is not responsible and the Plaintiffs cannot recover from this Defendant.

21. The Plaintiffs' claims are barred, in whole or in part, by the failure to do equity.

22. This Defendant denies that it breached any duty owed to the Plaintiffs.

23. Plaintiffs failed to mitigate damages in this case as required by Alabama law.

24. This Defendant asserts the defenses of release, payment and setoff.

25. To the extent any warranties may have been provided to Plaintiffs, Plaintiffs failed to comply with the terms of said warranties.

26. This Defendant asserts that Plaintiffs' injuries were proximately caused by the Plaintiffs and/or Plaintiffs' decedent's misuse and/or alteration of the product.

27. This Defendant denies that it acted willfully or intentionally.

28. This Defendant pleads failure to join a party under Rule 19.

29. Plaintiffs are not entitled to recover punitive damages pursuant to Ala. Code §§ 6-11-20 and to 6-11-30 (1975), and thereby any claim for such damages is barred.

30. Plaintiffs are not entitled to punitive damages from this Defendant pursuant to the facts alleged in Plaintiffs' Complaint.

31. Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in Ala. Code 1975 § 6-11-21. The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature on punitive damages through judicial fiat. See, *Honda Motor Co., Ltd. v. Oberg*, No. 93-644, n.9 (U.S.Sup.Ct. June 24, 1994) (1994 W.L. 276687) (U.S.Or.).

32. Plaintiffs' claims are subject to the limitations and protections of Ala. Code § 6-11-27.

33. Plaintiffs' claims to punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

    a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiffs' satisfying a burden of proof, which is less than the "beyond a reasonable doubt" standard required in criminal cases.

    b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

c.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Defendant's due process rights.

e.  Plaintiffs' claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

f.  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of the Defendant's due process rights.

g.  Plaintiffs' claims for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Alabama law would violate the Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.  Plaintiffs' claims of punitive damages and the provisions of the Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

i.  Plaintiffs' claims of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause this Defendant to be treated differently than other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

    j.    Plaintiffs' claims of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject the Defendant to punishment for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of the Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

    k.    Plaintiffs' claims for punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

    l.    Plaintiffs are not entitled to recover punitive damages because punitive damages violate the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against this Defendant punitive damages, which are penal in nature, yet compel this Defendant to disclose potentially incriminating documents and evidence.

    m.    An award of punitive damages in this case would constitute a deprivation of property without due process of law.

    n.    The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

    o.    The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense.

34.    Plaintiffs' claims to punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

    a.    It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

    b.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

e. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

f. The procedures pursuant to which punitive damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

g. The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant its right of equal protection and due process.

h. The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, §15 and Article I, §1 of the Alabama Constitution and in violation of this Defendant's due process rights.

i. The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense in violation of Article I, §7 of the Alabama Constitution.

j. It is a violation of the Alabama Constitution to impose punitive damages against this Defendant, which are penal in nature, yet compel this Defendant to disclose potentially incriminating documents and evidence.

k. The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct in violation of Defendant's due process rights and Article 1, §§1, 6, 13 and 22 of the Alabama Constitution.

l. The procedures pursuant to which punitive damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss

      caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

    m.    The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

    n.    Plaintiffs' claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damage or a maximum amount on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct will violate this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

    o.    Plaintiffs' claims for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

35.    An award of punitive damages will violate this Defendant's right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and this Defendant's rights under Article I, §§ 6 and 13 of the Constitution of Alabama of 1901 because under Alabama law:

    a.    The standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give this Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability;

    b.    The judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages;

    c.    The judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence;

    d.    The judge or jury is not expressly prohibited from awarding punitive damages or from determining the amount of an award of punitive damages in whole or in part on the basis of individually discriminatory characteristics including without limitation the residence, wealth and corporate status of the Defendant;

    e.    This Defendant may be subjected to punishment based upon the same course of conduct in more than one action;

    f.    The judge or jury is permitted to award punitive damages under standards for determining liability for and the amount of punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and

    g.    An award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity.

36. Plaintiffs' claim for punitive damages against this Defendant cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the Defendants for different acts of alleged wrongdoing without apportionment among them based on the respective enormity of their alleged misconduct and will, therefore, violate this Defendant's rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution and will be improper under the common law and public policies of the State of Alabama and the United States of America.

37. Plaintiffs' claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

38. Plaintiffs' claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a Defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

39. To permit the imposition of punitive damages against the Defendant on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor and would violate each and every Defendant's right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

40. To permit the imposition of punitive damages against this Defendant on a joint and several liability basis would violate this Defendant's right under the Eighth Amendment to the United States Constitution and Article 1, § 15 of the Alabama Constitution in that the award imposes an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability each Defendant had, if any.

41. The imposition of an award of punitive damages against the Defendant on a joint and several liability basis would violate this Defendant's rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendment to the Constitution of the United States, and Article I, §§ 1, 6, 13 and 22 of the Constitution of Alabama, in that:

    a. It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages without regard for the quality and quantity of culpability of other Defendants joined in one action.

    b. Defendant is denied a fair opportunity to have the jury assess damages based on each Defendant's culpability for negligence, which cannot be segregated from allegations of negligence against other Defendants.

    c. In failing to provide for joint contribution and an apportionment of damages among Defendants, each Defendant is deprived of property without due process of law contrary to those portions thereof proscribing any state from depriving any person or property without due process of law.

    d. In failing to provide for joint contribution and an apportionment of damages among Defendants, each Defendant is deprived of property without due process of law contrary to Article 1, §6 of the Constitution of Alabama which provides that no person will be deprived of property except by due process of law.

42. To permit the imposition of punitive damages against the Defendants on a joint and several liability basis would deprive each Defendant of their rights to due process of law and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 6, 13 and 22 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than the Defendants or the Defendants' agents or employees and/or without apportionment of damages based on the degree of culpability of the Defendants, if any.

43. The claims of the Plaintiffs for punitive damages against this Defendant cannot be upheld because any award of punitive damages under Alabama Law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

44. Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claims of Plaintiffs for punitive damages cannot be upheld because an award of punitive damages without the same protections that are afforded criminal Defendants, including but not limited to protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses to proof by evidence beyond a reasonable doubt and to a speedy trial, would violate this Defendant's rights under the Fourth, Fifth Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless this Defendant is afforded the safeguards guaranteed by these provisions, including but not limited to the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

45. The Plaintiffs cannot recover punitive damages against this Defendant because such an award, which is penal in nature, would violate the Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended in the Constitution of the United States, unless Defendant is afforded the same procedural safeguards as are criminal Defendants, including but not limited to the right to avoid self-incrimination, the right to forego protection and disclosure of incriminating documents.

46. The claims of Plaintiffs for punitive damages against this Defendant cannot be upheld because an award of punitive damages under Alabama law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate this Defendant's due process rights guaranteed by the United States Constitution and by the process provisions of the Alabama Constitution.

47. The claims of Plaintiffs for punitive damages against this Defendant cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

48. Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of _BMW v. Gore_, 116 S.Ct. 1589 (1996).

49. Plaintiffs' claims for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in _BMW v. Gore_, 116 S.Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a Defendant's rights provided by the United States Constitution.

50. The Alabama Statute authorizing punitive damages, Ala. Code § 6-1-20 (1993), is constitutionally vague as written, construed and applied.

51. The Plaintiffs' demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the Plaintiffs' claim for punitive damages is not necessary to vindicate the state's interest in punishing this Defendant and deterring it from future misconduct.

52. The Defendant reserves the right to amend its answer in light of information developed in the course of investigation and discovery in this case.

/s/ *Roger C. Foster*
ROGER C. FOSTER, ESQ. (FOS005)
Attorney for Defendant
T H Agriculture & Nutrition, LLC

**OF COUNSEL:**

**LANEY & FOSTER, P.C.**
Post Office Box 43798
Birmingham, Alabama 35243-0798
Telephone: (205) 986-4405
Facsimile: (205) 298-8441

## JURY DEMAND

The Defendant, T H Agriculture & Nutrition, L.L.C., hereby demands a trial by struck jury on all issues so triable.

/s/ *Roger C. Foster*
ROGER C. FOSTER, ESQ. (FOS005)

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon **all counsel of record** by electronic filing system by the United States District Court on January 7, 2008.

/s/ *Roger C. Foster*
ROGER C. FOSTER, ESQ. (FOS005)