IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MARTHA ADAMS, et al., )<br>)<br>　　Plaintiffs, )<br>)<br>vs. )<br>)<br>ASBESTOS DEFENDANTS: )<br>)<br>ALBANY INTERNATIONAL, et al., )<br>)<br>　　Defendants. ) | CIVIL ACTION NO.<br>2:07-CV-01064-WKW-TFM |

**THE ANCHOR PACKING COMPANY'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR A MORE
DEFINITE STATEMENT AND/OR FOR SEVERANCE**

COMES NOW, THE ANCHOR PACKING COMPANY (hereinafter "ANCHOR"), one of the Defendants in the above-styled cause, and pursuant to Rules 12(b)(6), 12(b)(3) and 12(e) of the *Federal Rules of Civil Procedure,* moves the Court to enter an Order dismissing the Complaint against it or, in the alternative, to enter an Order directing the Plaintiffs to re-plead the vague and ambiguous allegations asserted in the Complaint in a manner that complies with Rule 8 of the *Federal Rules of Civil Procedure*. In support of this Motion, ANCHOR shows as follows:

**I. INTRODUCTION**

1.　The Complaint in this case is brought on behalf of ten Plaintiffs and/or Plaintiffs' decedents who are or were residents of Kentucky and Alabama against 77 Defendants. (Complaint, pp. 1-6; 15-37). The Plaintiffs allege that they or their decedents contracted one or more asbestos-related diseases as a result of work with or around various products allegedly

produced, manufactured, specified for use, installed, etc., by the Defendants at numerous work sites throughout the United States. (Complaint, ¶¶ 1-15).

2. However, the Plaintiffs fail to allege with specificity to which particular products associated with any of the Defendants the Plaintiffs and/or Plaintiffs' decedents allegedly worked with or around. Furthermore, the Plaintiffs fail to allege when, during the course of their long and varied work histories, they or their decedents worked with or around any particular asbestos-containing product or products.

## II. ARGUMENT

**A.    INADEQUATE PLEADINGS**

    **1.    Plaintiffs fail to allege an injury from any product that was allegedly provided by ANCHOR.**

3. The Plaintiffs fail to identify with specificity any particular product, whether asbestos-containing or not, that was allegedly provided by ANCHOR, where it was allegedly provided, how each Plaintiff and/or Plaintiffs' decedent worked with or around it, when each Plaintiff and/or Plaintiffs' decedent supposedly worked with or around it, how it was supposedly defective or any other information to give ANCHOR fair notice of the basis for Plaintiffs' claims.

4. The absence of any specific acts, conduct, or factual allegations directed against a named Defendant entitles that Defendant to have the Complaint dismissed against it. *Clark v. Sierra,* 837 F.Supp. 1179, 1182 (M.D. Fla. 1993); *Potter v. Clarke,* 497 F.2d 1206, 1207 (7th Cir. 1974).

5. Accordingly, the Plaintiffs' claims are due to be dismissed for failure to plead facts with the required specificity with respect to ANCHOR.

**2.  Plaintiffs do not aim any specific allegations against ANCHOR.**

6. Plaintiffs fail to delineate any specific claims against ANCHOR from the claims made against other Defendants. Plaintiffs make general allegations against all Defendants and do not aim any specific allegations towards any specific Defendant. Plaintiffs fail to allege a single fact as to which of the ten Plaintiffs and/or Plaintiffs' decedents used which of the Defendants' products, when or how they used them, or which causes of action are alleged against which Defendants.

7. In failing to delineate any specific claims against ANCHOR from the claims made against other Defendants, Plaintiffs' Complaint fails to satisfy the requirements of Rule 8 of the *Federal Rules of Civil Procedure*. Rule 8(a) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) states "[e]ach averment of a pleading shall be simple, concise and direct."

8. Furthermore under Rule 8, a pleading must give a defendant fair notice of a claim which it has been called upon to defend, as well as the grounds upon which the plaintiffs' claims rest. Even under the liberal pleadings standard of Rule 8(a) of the *Federal Rules of Civil Procedure,* Plaintiffs' allegations are so broad and vague that this Defendant cannot prepare a reasonable response to the Complaint, except to deny the material allegations of the Complaint.

9. In short, Plaintiffs' failure to properly delineate the issues and claims made against specific Defendants creates a situation that will "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. Florida,* 117 F.3d 1258, 1263 (11th Cir. 1997).

10. Accordingly, Plaintiffs' claims against ANCHOR are due to be dismissed.

**B.    IMPROPER VENUE**

**1.    Plaintiffs' claims are due to be dismissed because of improper venue.**

11. Title 28 U.S.C.A. §1391 states in part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

12. Plaintiffs allege that this Court has jurisdiction based on diversity of citizenship. (Complaint, Jurisdiction, page 7). Plaintiffs further allege that "Defendants are corporations whose principal places of business are in states other than the State of Alabama." *Id.* However, none of the Plaintiffs allege that their injuries arose in the Middle District of Alabama. Furthermore, at least one of the Decedents, CHARLES WEBB, had no connection whatsoever to the State of Alabama.

4

13. Thus, Plaintiffs cannot rely on 28 U.S.C.A. §1391(a)(1), (2) or (3) for proper venue.

14. Therefore, since none of Plaintiffs' claims meet the requirements of 28 U.S.C.A. § 1391, venue is improper and Plaintiffs' claims are due to be dismissed.

C. **STATUTE OF LIMITATIONS**

1. **The claims brought by at least one Plaintiff, JANNIE HICKS on behalf of WILLIE HICKS, are untimely because WILLIE HICKS ' last alleged exposure to asbestos or asbestos-containing products was prior to May 19, 1979.**

15. Decedent, WILLIE HICKS, last worked with or around asbestos containing products from 1970 to 1974 in Detroit, Michigan. (*See* Complaint, ¶ 6).

16. Prior to May 19, 1980, Alabama had a one-year statute of limitations for personal injury actions not resulting in death. Code of Alabama 1975, § 6-2-39 (repealed 1980). Under the law as it existed prior to May 19, 1980, the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger, whether or not the full amount of damages or injuries was apparent. *Garrett v. Raytheon Co.*, 368 So.2d 516, 520 (Ala. 1979); *Cazalas v. Johns-Manville Sales Corp.*, 435 So.2d 55, 57 (Ala. 1983).

17. Effective May 19, 1980, the Alabama Legislature repealed § 6-2-39 and prospectively enacted a new discovery rule which provides that a personal injury action resulting from asbestos exposure accrues on the date the injured person, through reasonable diligence, should have reason to discover the alleged injury. Code of Alabama 1975,

§ 6-2-30(b). However, the Alabama Supreme Court held in *Tyson v. Johns-Mansville Sales Corp.*, 399 So.2d 263 (Ala. 1981), that the "discovery rule" statute of limitations that was enacted in 1980 does not apply retroactively.[1] As a result, a personal injury plaintiff who was last exposed to asbestos prior to May 19, 1979 must bring suit within one year (now two years) of the date of last exposure. *See Johnson v. Garlock, Inc.*, 682 So.2d 25, 26-28 (Ala. 1996).

18.  Consequently, because this lawsuit was not filed until December 5, 2007, the claims brought on behalf of Decedent, WILLIE HICKS, are untimely and are due to be dismissed as a matter of law.

19.  Furthermore, the complaint fails to state when Plaintiffs, PAULINE MATTHEWS and BOBBIE PRENTICE, were diagnosed with an asbestos-related disease and asbestos-related lung cancer, respectively. (See Complaint, ¶¶ 7 and 8). Furthermore, Plaintiff PAULINE MATTHEWS last worked with or around asbestos-containing products from "1958-1979 in Florence, Alabama." (Complaint, ¶ 7).

20.  Consequently, these claims may also be untimely and therefore due to be dismissed as a matter of law.

C.  **IMPROPER JOINDER**

  1.  **Plaintiffs' claims should be severed because there are significant differences in the work histories, work sites, occupations, lengths of employment, alleged injuries and alleged exposure periods.**

21.  Here, ten Plaintiffs allege generally that they and/or their decedents worked with

---

[1] While the *Garrett* and *Tyson* decisions may be partially superseded by § 6-2-30, these cases are still controlling with regards to claims based on a date of last exposure prior to May 19, 1979. *See Johnson v. Garlock, Inc.*, 682 So.2d 25, 26-28 (Ala. 1996).

or around asbestos-containing products purportedly associated with the 77 named Defendants at various workplaces throughout the nation during differing times. None of the Plaintiffs allege **any** facts purporting to establish that their right to relief arises out of the same transaction or occurrence or series of transactions or occurrences. Rather, Plaintiffs seek to require Defendants and this Court to presume that all of these claims arise out of a common set of facts and that there are common questions of law with respect to each of their claims.

22. In pertinent part, Rule 20(a) of the *Federal Rules of Civil Procedure* permits "persons to join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or **arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.**" (Emphasis added). A detailed discussion of improper joinder is set forth in *Crossfield Products Corp. v. Irby,* 910 So.2d 498 (Miss. 2005).

23. In *Crossfield*, the Mississippi Supreme Court reversed the denial of Defendants' Motion to Sever Plaintiffs' Claims based on improper joinder under Rule 20, *Mississippi Rules of Civil Procedure*. There, nine Plaintiffs joined together in filing suit against 258 named Defendants as well as 200 fictitious parties for alleged injuries suffered from exposure to asbestos while employed at Ingalls Shipyard in Pascagoula, Mississippi. *Id*. at 499. Plaintiffs alleged that from 1930 through the present date that each of the defendants mined, designed, evaluated, manufactured, furnished, or sold adhesives, construction materials, insulation, fiber or other products that contained asbestos and/or assisted others in doing so in the construction and repair of manufacturing plants and equipment. *Id.*

24.     All the plaintiffs suffered from asbestosis in varying degrees. *Id.* They did claim exposure while working at a common place of employment, Ingalls Shipyard. However, during the span of 24 years, the plaintiffs were employed at different times. *Id.* The plaintiffs also had different job descriptions, different work-stations and different job duties. *Id.* Each plaintiff worked around different products made by various manufacturers for different lengths of time. *Id.* at 499-500. Some of the plaintiffs could have been exposed to asbestos at other jobs. *Id.* at 500. Each plaintiff had a different history, medically and otherwise. *Id.* Given the foregoing, the *Crossfield* Court determined that the plaintiffs did not have "a distinct litigable event that link[ed] them together." *Id.* at 501.

25.     Indeed, the factors shared by all plaintiffs was the alleged exposure to asbestos at Ingalls Shipyard. However, the events giving rise to the litigation were "quite different" for each plaintiff. *Id.* The common element of workplace was not enough to link the parties together in litigation. As such, the joinder of plaintiffs' claims was improper. *Id.*

26.     In this action, there are significant differences in the work histories, work sites, occupations, diseases, lengths of employment, medical backgrounds and histories and injuries. Applying the reasoning set forth in *Crossfield* to the facts in this action, it is even more obvious that these totally unrelated claims must be severed if the Complaint, or portions thereof, are not dismissed.

    **2.**     **Plaintiffs' claims should be severed because of the lack of common relief.**

27.     In this action, the lack of common relief likewise warrants severance of

Plaintiffs' claims. The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims.

28. It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages. *See, Cherokee Elec. Coop. v. Cocran,* 706 So.2d 1188, 1193 (Ala. 1997).

29. Because of the mix of personal injury and wrongful death claims, the claims must be severed for any Plaintiff not dismissed.

WHEREFORE, premises considered, Defendant, THE ANCHOR PACKING COMPANY, respectfully requests that this Honorable Court enter an Order dismissing the Complaint against it or, alternatively, enter an Order directing the Plaintiffs to re-plead the Complaint and provide specific factual allegations which would put this Defendant on notice of the wrongdoing alleged against it and the time and place at which any alleged wrongdoing occurred.

                                               s/Edward B. McDonough, Jr.
                                               EDWARD B. McDONOUGH, JR. (MCDOE0149)
                                               GARY W. FILLINGIM (FILLG1161)
                                               Attorneys for Defendant,
                                               THE ANCHOR PACKING COMPANY

OF COUNSEL:
EDWARD B. McDONOUGH, JR., P.C.
POST OFFICE BOX 1943
MOBILE, ALABAMA  36633
Telephone:   251-432-3296
Facsimile:    251-432-3300
Email:          EBM@emcdonoughlaw.com
              GWF@emcdonoughlaw.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the <u>8th</u> day of <u>January</u>, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                               <u>s/Edward B. McDonough, Jr.</u>
                                               EDWARD B. McDONOUGH, JR.