## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

MARTHA ADAMS, et al.;⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Plaintiffs,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Civil Action No. 2:07 CV-1064-WKW
SURFACE COMBUSTION, et al.,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀)

### ANSWER

Defendant, SURFACE COMBUSTION, INC., (incorrectly identified in the Plaintiffs' Complaint as Surface Combustion), by and through counsel, Answers the Plaintiffs' Complaint, states as follows:

### Jurisdiction

Surface Combustion, Inc. admits only that it is a corporation of a State other than the State of Alabama.  Surface Combustion, Inc. denies the remaining allegations in the paragraph labeled *Jurisdiction* insofar as they apply to this Defendant and demands strict proof thereof. Insofar as they apply to other parties, Surface Combustion, Inc. is without knowledge or information sufficient to form a belief as to the truth of accuracy of the allegations contained in the paragraph labeled *Jurisdiction*.

### Statute of Limitations

The matters contained in the paragraph labeled *Statute of Limitations* are legal conclusions and do not require a response from this Defendant.  If, however, the Court may deem it necessary to provide a response, Surface Combustion, Inc., denies the allegations contained in this paragraph and demands strict proof thereof.

**Background Facts – The Plaintiffs**

1. – 10.  Surface Combustion, Inc. denies the allegations of Paragraphs 1 through 11 and demands strict proof thereof.

**Background Facts – The Defendants**

11.  Surface Combustion, Inc. reasserts its responses to Paragraphs 1 through 10 as if fully set forth herein.

12. - 13.    To the extent the allegations of Paragraphs 12 through 13 are directed against Surface Combustion, Inc., they are denied, and Surface Combustion, Inc. demands strict proof thereof.  Surface Combustion, Inc. denies that it produced, manufactured, or sold any product containing asbestos that allegedly was used at the Plaintiffs' or Plaintiffs' decedents' work cites.

14. – 75.  No allegations are made against this Defendant in Paragraphs 14 through 75, and, therefore, no response is required of Surface Combustion, Inc.  To the extent the Court may deem it necessary to provide a response, this Defendant denies the allegations contained in Paragraph 14 through 75 and demands strict proof thereof.

76.    Surface Combustion, Inc. (incorrectly identified in the Plaintiffs' Complaint as Surface Combustion) admits that it is an Ohio corporation with its principal place of business in Ohio.  Surface Combustion, Inc. denies that it produced, manufactured, or sold any product containing asbestos that allegedly was used at the Plaintiffs' or the Plaintiffs decedents' work sites.

77. – 85.  No allegations are made against this Defendant in Paragraphs 77 through 85, and, therefore no response is required of Surface Combustion, Inc.  To the extent the Court may

2

deem it necessary to provide a response, Surface Combustion, Inc. denied the allegations contained in Paragraphs 77 – 85 and demands strict proof thereof.

86.-87.    Surface Combustion, Inc. denies the allegations of Paragraphs 86-87 of the Plaintiffs' Complaint to the extent they are directed towards it.

88.    No allegations are made against this Defendant in Paragraph 88 of the Plaintiffs' Complaint, and, therefore, no response is required of Surface Combustion, Inc.

89.    Surface Combustion, Inc. denies the allegations of Paragraph 89, to the extent they are directed towards it.

90.    No allegations are made against this Defendant in Paragraph 90 of the Plaintiffs' Complaint, and, therefore, no response is required of Surface Combustion, Inc.

91.    Surface Combustion, Inc. denies the allegations of Paragraph 91 of the Plaintiffs' Complaint to the extent that they are directed towards it.

92.-97.    No allegations are made against this Defendant in Paragraph 92 – 97, and, therefore, no response is required of Surface Combustion, Inc.  To the extent the Court may deem it necessary to provide a response, Surface Combustion, Inc. denies the allegations contained in Paragraph 92 – 97 and demands strict proof thereof.

98.    Surface Combustion denies the allegations of Paragraph 98 of the Plaintiffs' Complaint to the extent they are directed towards it.

### Defendants' Conduct and Plaintiffs' Decedents' Injury

99.    Surface Combustion, Inc. reasserts its responses to Paragraphs 1 through 98 as if fully set forth herein.

100.    Surface Combustion, Inc. denies the allegations contained in Paragraph 100 of the Plaintiffs' Complaint and demands strict proof thereof.

B DWM 769617 v1
1038803-000001 1/9/2008

101.    No allegations are made against this Defendant in Paragraph 101 of the Plaintiffs' Complaint, and, therefore, no response is required of Surface Combustion, Inc.  To the extent the Court may deem it necessary to provide a response, Surface Combustion, Inc. denies the allegations contained in Paragraph 101 and demands strict proof thereof.

102.    Surface Combustion, Inc. denies the allegations contained in Paragraph 102 of the Plaintiffs' Complaint and demands strict proof thereof.

103.    Surface Combustion, Inc. denies the allegations contained in Paragraph 103 of the Plaintiffs' Complaint and demands strict proof thereof.

104.    Surface Combustion, Inc. denies the allegations contained in Paragraph 104 of the Plaintiffs' Complaint and demands strict proof thereof.

### COUNT ONE

### Alabama Extended Manufacturer's Liability Doctrine

105.    Surface Combustion, Inc. reasserts its responses to Paragraph 1 through 104 as if fully set forth herein.

106.    No allegation is made against this Defendant in Paragraph 106 of the Plaintiffs' Complaint, and, therefore, no response is required.  To the extent the Court may deem it necessary to provide a response, this Defendant denies the allegations contained in Paragraph 106 of the Plaintiffs' Complaint and demands strict proof thereof.

107.    Surface Combustion, Inc. denies the allegations contained in Paragraph 107 of the Plaintiffs' Complaint and demands strict proof thereof.

108.    Surface Combustion, Inc. denies the allegations contained in Paragraph 108 of the Plaintiffs' Complaint and demands strict proof thereof.

B DWM 769617 v1
1038803-000001 1/9/2008

109.    Surface Combustion, Inc. denies the allegations contained in Paragraph 109 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT TWO

### Negligence and Intentional Tort

110.    Surface Combustion, Inc. reasserts its responses to Paragraphs 1 through 109 as if fully set forth herein.

111.    No allegation is made against this Defendant in Paragraph 111 of the Plaintiffs' Complaint, and, therefore, no response is required.   To the extent the Court may deem it necessary to provide a response, this Defendant denies the allegations contained in Paragraph 111 of the Plaintiffs' Complaint and demands strict proof thereof.

112.    Surface Combustion, Inc. denies the allegations contained in Paragraph 112 of the Plaintiffs' Complaint and demands strict proof thereof.

113.    Surface Combustion, Inc. denies the allegations contained in Paragraph 113 of the Plaintiffs' Complaint and demands strict proof thereof.

114.    Surface Combustion, Inc. denies the allegations contained in Paragraph 114 of the Plaintiffs' Complaint and demands strict proof thereof.

115.    Surface Combustion, Inc. denies the allegations contained in Paragraph 115 of the Plaintiffs' Complaint and demands strict proof thereof.

116.    Surface Combustion, Inc. denies the allegations contained in Paragraph 116 of the Plaintiffs' Complaint and demands strict proof thereof.

117.    Surface Combustion, Inc. denies the allegations contained in Paragraph 117 of the Plaintiffs' Complaint and demands strict proof thereof.

B DWM 769617 v1
1038803-000001 1/9/2008

118.    Surface Combustion, Inc. denies the allegations contained in Paragraph 118 of the Plaintiffs' Complaint and demands strict proof thereof.

119.    Surface Combustion, Inc. denies the allegations contained in Paragraph 119 of the Plaintiffs' Complaint and demands strict proof thereof.

120.    Surface Combustion, Inc. denies the allegations contained in Paragraph 120 of the Plaintiffs' Complaint and demands strict proof thereof.

121.    Surface Combustion, Inc. denies the allegations contained in Paragraph 121 of the Plaintiffs' Complaint and demands strict proof thereof.

122.    Surface Combustion, Inc. denies the allegations contained in Paragraph 122 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT THREE

### Negligence In The Course Of Employment

123.    Surface Combustion, Inc. reasserts its responses to Paragraphs 1 through 122 as if fully set forth herein.

124.    No allegation is made against this Defendant in Paragraph 124 of the Plaintiffs' Complaint, and, therefore, no response is required.   To the extent the Court may deem it necessary to provide a response, this Defendant denies the allegations contained in Paragraph 124 of the Plaintiffs' Complaint and demands strict proof thereof.

125.    Surface Combustion, Inc. denies the allegations contained in Paragraph 125 of the Plaintiffs' Complaint and demands strict proof thereof.

126.    Surface Combustion, Inc. denies the allegations contained in Paragraph 126 of the Plaintiffs' Complaint and demands strict proof thereof.

B DWM 769617 v1
1038803-000001 1/9/2008

127.    Surface Combustion, Inc. denies the allegations contained in Paragraph 127 of the Plaintiffs' Complaint and demands strict proof thereof.

128.    Surface Combustion, Inc. denies the allegations contained in Paragraph 128 of the Plaintiffs' Complaint and demands strict proof thereof.

129.    Surface Combustion, Inc. denies the allegations contained in Paragraph 129 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT FOUR

### Fraud/Conspiracy

130.    Surface Combustion, Inc. reasserts its responses to Paragraphs 1 through 129 as if fully set forth herein.

131. – 146.    No allegation is made against Surface Combustion, Inc. in Paragraphs 131 through 146 of the Plaintiffs' Complaint, and, therefore, no response is required.  To the extent the Court may deem it necessary to provide a response, this Defendant denies the allegations contained in Paragraph 131 through 146 of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT FIVE

### Product Liability

147.    Surface Combustion, Inc. reasserts its responses to Paragraphs 1 through 146 as if fully set forth herein.

148.    No allegation is made against Surface Combustion, Inc. in Paragraph 148 of the Plaintiffs' Complaint, and, therefore, no response is required.  To the extent the Court may deem it necessary to provide a response, this Defendant denies the allegations contained in Paragraph 148 of the Plaintiffs' Complaint and demands strict proof thereof.

7

149.    Surface Combustion, Inc. denies the allegations contained in Paragraph 149 of the Plaintiffs' Complaint and demands strict proof thereof.

150.    The matters contained in Paragraph 150 of the Plaintiffs' Complaint are legal conclusions and do not require a response from this Defendant.  If, however, the Court may deem it necessary to provide a response, Surface Combustion, Inc., denies the allegations contained in this paragraph and demands strict proof thereof.

## JURY DEMAND AND AD DAMNUM

Surface Combustion, Inc. denies that it is indebted to the Plaintiffs in any amount whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant pleads not guilty.

### SECOND DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Defendant upon which relief can be granted.

### THIRD DEFENSE

Defendant specifically denies all allegations contained in the Plaintiffs' Complaint and demands strict proof thereof.

### FOURTH DEFENSE

Defendant denies any act or omission on its part caused or contributed to cause the injuries and damages alleged in the Plaintiffs' Complaint.

B DWM 769617 v1
1038803-000001 1/9/2008

## FIFTH DEFENSE

Defendant asserts that the contributory negligence of the Plaintiffs and/or Plaintiffs' Decedents were the proximate cause of the injuries and damages alleged in the Plaintiffs' Complaint, therefore barring any recovery.

## SIXTH DEFENSE

Defendant asserts that the Plaintiffs and/or Plaintiffs' Decedents assumed the risk of their own conduct, barring recovery in this lawsuit.

## SEVENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

## EIGHTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## NINTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not related to legitimate government interests.

### TENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and, consequently, the Defendant are entitled to the same procedural safeguards afforded to criminal defendant.

### ELEVENTH DEFENSE

The Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### TWELFTH DEFENSE

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiffs which are less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### THIRTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

B DWM 769617 v1
1038803-000001 1/9/2008

## FOURTEENTH DEFENSE

The Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901, in that the damages would be an excessive fine.

## FIFTEENTH DEFENSE

The Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following separate and several grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages which are penal in nature, against a civil Defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedure pursuant to which punitive damages are awarded fails to provide a reasonable limit on the amount of an award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the

11

Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## SIXTEENTH DEFENSE

The Plaintiffs' claim for punitive damages violates the Due Process Clause of Article 1, Section 6 of the Constitution of Alabama on the following separate and several grounds:

(a)     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages;

12

(e)    The award of punitive damages in this case would constitute deprivation of property without due process of law;

(f)    The procedures permit the award of punitive damages upon satisfaction of a reduced standard of proof;

(g)    The procedures fail to provide a clear and consistent appellate standard of review of any award of punitive damages;

(h)    The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

## SEVENTEENTH DEFENSE

The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article l, Section 15 of the Constitution of the State of Alabama.

## NINETEENTH DEFENSE

The accident was caused by the intervening negligence of a party other than this Defendant.

## TWENTIETH DEFENSE

The claims of the Plaintiffs for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no pre-determined limit on the amount of punitive damages that a jury may impose, violates this Defendant's due process rights guaranteed

13

for the Fourteenth Amendment to the United States Constitution and by the due process of the provisions of the Alabama Constitution.

## TWENTY-FIRST DEFENSE

The claims of the Plaintiffs for punitive damages cannot be sustained because under Alabama law, (1) the jury is not provided a standard sufficient for determining the appropriateness, or the appropriate size, or a punitive damages award, (2) the jury is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) the jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) the jury is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) the award is not subject to judicial review on the basis of objective standards, would violate this Defendant's procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for the due process, equal protection, and guarantee against double jeopardy.

## TWENTY-SECOND DEFENSE

Any award of punitive damages based on anything other than this Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double

B DWM 769617 v1
1038803-000001 1/9/2008

jeopardy, because a judgment of punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong.

### TWENTY-THIRD DEFENSE

Any award of punitive damages in this case would violate this Defendant's rights under the substantive and procedural Due Process Clause of the United States Constitution and the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; the Equal Protection Clause of the United States Constitution and the Constitution of the State of Alabama.

### TWENTY-FOURTH DEFENSE

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American traditional that punishment may not be imposed in the absence of a pre-existing, express legislatively-established range of penalties.

### TWENTY-FIFTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or a standard is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to the Defendant's alleged conduct in this matter or to any alleged harm to the Plaintiff, and may dwarf legislatively-established fines for comparable conduct. A punitive damage award in the absence of such

B DWM 769617 v1
1038803-000001 1/9/2008

guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause in violation of Article I, § 15 of the Alabama Constitution.

### TWENTY-SIXTH DEFENSE

To the extent that the Plaintiffs have concluded or may conclude a settlement or recover a verdict against any person, entity or party against whom the Plaintiffs have, or could have, made or will make a claim, then this Defendant is entitled to a setoff for any amount paid and is otherwise entitled to introduce the fact of said settlement or verdict at its option.

### TWENTY-SEVENTH DEFENSE

There is a lack of causal relation between any act of omission or this Defendant and the injury sustained by the Plaintiffs' decedents.

### TWENTY-EIGHTH DEFENSE

To permit the imposition of punitive damages against the Defendant on a joint and several liability basis would deprive each Defendant of his or its rights to due process of law and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section One, Six, Thirteen and Twenty-two of the Alabama Constitution by allowing punitive damages to be assessed and imposed based upon the conduct of persons or entities other than the Defendants or the Defendants' agents or employees and/or without apportionment of damages based on the degree of culpability of the Defendants if any.

### TWENTY-NINTH DEFENSE

The Defendant pleads the general issue.

### THIRTIETH DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations.

16

## THIRTY-FIRST DEFENSE

The Plaintiffs' claims are time-barred by virtue of the time limitations imposed by the applicable statute of creation.

## THIRTY-SECOND DEFENSE

The Defendant pleads the provisions set forth in § 6-2-30 of the Alabama Code.

## THIRTY-THIRD DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, the Plaintiffs and/or Plaintiffs' decedents and/or his or her co-employees and/or his or her employer and/or other entities misused the product.

## THIRTY-FOURTH DEFENSE

This Defendant's fault, if any there be, was passive in nature.

## THIRTY-FIFTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant denies that any product manufactured or distributed by it referred to in the Plaintiffs' Complaint was defective at the time of the incident complaint of and demands strict proof thereof.

## THIRTY-SIXTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant denies that any product manufactured or distributed by it referred to in the Plaintiffs' Complaint was defective at the time it was designed, manufactured, and/or placed into the stream of commerce and demands strict proof thereof.

17

## THIRTY-SEVENTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant avers that any product manufactured or distributed by it referred to in the Plaintiffs' Complaint was designed and manufactured in accordance and in compliance with all known federal, state, and industry standards applicable at the time such product was placed in the stream of commerce.

## THIRTY-EIGHTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant avers that any product manufactured or distributed by it referred to in the Plaintiffs' Complaint was designed, manufactured, packaged, labeled, sold and distributed with the generally recognized "state-of-the-art" knowledge existing at the time said products were designed, manufactured, labeled, sold, and distributed, and, therefore, this defendant can have no liability.

## THIRTY-NINTH DEFENSE

This Defendant avers that the Plaintiffs' and/or Plaintiffs' decedents' injuries and damages were proximately caused by an "efficient intervening cause."

## FORTIETH DEFENSE

This Defendant avers that the Plaintiffs' and/or Plaintiffs' decedents' alleged injuries and damages were the result of an unavoidable accident or occurrence.

## FORTY-FIRST DEFENSE

This Defendant avers the defense of product modification.

B DWM 769617 v1
1038803-000001 1/9/2008

## FORTY-SECOND DEFENSE

This Defendant avers that the subject product was not being used in a reasonable and foreseeable manner.

## FORTY-THIRD DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant avers that the subject products were not in substantially the same condition at the time of the alleged accident or exposure as when they left this Defendant's possession.

## FORTY-FOURTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant avers that the Alabama Extended Manufacturers Liability Doctrine is constitutionally void in that it creates a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the Defendant to rebut such a presumption. Additionally, the Alabama Extended Manufacturers Liability Doctrine violates due process of law contrary to the Fifth and Fourteenth Amendments of the United States Constitution. Additionally, the Alabama Extended Manufacturers Liability Doctrine deprives the Defendant of property in violation of due process and contrary to Article I, Section 6 of the Alabama Constitution. Moreover, the Alabama Extended Manufacturers Liability Doctrine denies the Defendant equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States. Additionally, the Alabama Extended Manufacturers Liability Doctrine violates the equal protection components of the Alabama Constitution.

## FORTY-FIFTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant specifically denies that the product manufactured or distributed by it referred to in

19

the Plaintiffs' Complaint was not reasonably fit and suitable for the purposes for which it was intended and further denies that any such product was in a dangerously defective and unsafe condition.

## FORTY-SIXTH DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, based on the state of scientific skill and knowledge at the time any product manufactured or distributed by this Defendant referred to in the Plaintiffs' Complaint was placed on the market, such product was reasonably safe and the benefits and utility of such product exceeded any risks or dangers associated with it.

## FORTY-SEVENTH DEFENSE

This Defendant denies that it is liable for failure to warn the Plaintiffs and/or Plaintiffs' decedents directly or under any legal theory, however described.

## FORTY-EIGHTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of laches.

## FORTY-NINTH DEFENSE

This Defendant specifically denies that it mined, milled, processed, manufactured, supplied, distributed, marketed, or sold any products containing any asbestos that are causally related to the Plaintiffs' and/or Plaintiffs' decedents' alleged injuries and denies it otherwise caused or contributed to the Plaintiffs' and/or Plaintiffs' decedents' alleged injuries.

## FIFTIETH DEFENSE

There was no conspiracy or concert of action between this Defendant and any other Defendant herein.

20

## FIFTY-FIRST DEFENSE

This Defendant also adopts all affirmative defenses pled by other Defendants in this matter.

## FIFTY-SECOND DEFENSE

The Plaintiffs and/or Plaintiffs' decedents failed to observe warnings and instructions that were provided for their safety and protection and failed to use protective safety equipment.

## FIFTY-THIRD DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, this Defendant avers that all situations and conditions, and the dangers, if any, arising from the use of any materials containing asbestos, were open and obvious to the Plaintiffs' and/or Plaintiffs' decedents, and if any dangers existed as are claimed by the Plaintiffs and/or Plaintiffs, which are specifically denied, such dangers, if existing, were apparent and easily discernable by the Plaintiffs and/or Plaintiffs' decedents, and the Plaintiffs and/or Plaintiffs' decedents knew as much about the danger as did this Defendant, as such matters were well known to them or should have been known to them; but, nevertheless, the Plaintiffs and/or Plaintiffs' decedents continued in their work to subject themselves to air which was laden with dust, including asbestos-containing materials, and such conditions, if existing, were not such that this Defendant would be legally liable to the Plaintiffs and/or Plaintiffs' decedents.

## FIFTY-FOURTH DEFENSE

This Defendant avers that the Plaintiffs' and/or Plaintiffs' decedents at all times knew of the dangers involved with the materials containing asbestos and of the dangers in working in dust-laden air where materials containing asbestos were in use and had actual notice and knowledge thereof, or, in the alternative, should have known thereof, and he knew and

21

appreciated the nature and extent of such dangers, if any, yet continued to use and to work with such materials and under such conditions with such knowledge and, therefore this Defendant owed them no duty to warn of potential dangers involved if any.

### FIFTY-FIFTH DEFENSE

This Defendant alleges that any exposure of the Plaintiffs and/or Plaintiffs' decedents to asbestos-containing products was so minimal as to be insufficient to establish to a reasonable degree of certainty or probability that the injuries and damages complained of resulted from any exposure to, or defects from, such products.

### FIFTY-SIXTH DEFENSE

This Defendant avers that if the Plaintiffs and/or Plaintiffs' decedents sustained any injury or damage for which the Plaintiff makes claim against this Defendant, and which are denied by this Defendant, that such injury or damages was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent or Plaintiffs and/or Plaintiffs' decedents' job sites and substances other than those supplied by this Defendant, and by cumulative exposure to all types of environmental industrial pollutants of air and water. This Defendant avers that the Plaintiffs are not entitled to recover of this Defendant.

### FIFTY-SEVENTH DEFENSE

Any recovery had by the Plaintiffs must be reduced or set off by collateral sources paid to the Plaintiffs.

### FIFTY-EIGHTH DEFENSE

This Defendant had no control over the working conditions, methods of fabrication, and other factors pertaining to the use of its products as described in the Complaint. Plaintiffs and/or

B DWM 769617 v1
1038803-000001 1/9/2008

Plaintiffs' decedents' employers and/or unions and/or other entities were at all times responsible for working conditions, and other factors pertaining to said products, and all employers and/or unions and/or other entities were possessed of the same, or greater, knowledge as this Defendant. Hence, the duty, if any, to warn the Plaintiffs and/or Plaintiffs' decedents of the hazards described was a duty placed upon and assumed by the applicable Plaintiffs and/or Plaintiffs' decedents' employers and/or unions and/or other entities, and, thereby, this Defendant was relieved of said duty.

## FIFTY-NINTH DEFENSE

To the extent the Complaint seeks to state a cause of action for breach of warranty, it fails to do so, inasmuch as there is no privity between Plaintiffs and this Defendant. Furthermore, the Plaintiffs have failed to provide sufficient notice to this defendant of any such breach as is required by the Uniform Commercial Code.

## SIXTIETH DEFENSE

Any alleged damages to the Plaintiffs and/or Plaintiffs' decedents occurred as a result of pre-existing medical conditions and medical conditions unrelated to asbestos exposure, causes, or injuries which are completely unrelated to this Defendant, and the existence of these pre-existing or other medical conditions, causes, or injuries are specifically pleaded in bar to or mitigation of any recovery sought herein.

## SIXTY-FIRST DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, if such use is determined, the doctrine of *Res Ipsa Loquitur* does not apply to this litigation as other parties other than this Defendant have had independent, intervening control of the products.

B DWM 769617 v1
1038803-000001 1/9/2008

## SIXTY-SECOND DEFENSE

Without admitting the use of any products manufactured or distributed by this Defendant, if such use is determined, the Plaintiffs and/or Plaintiffs' decedents' employers and other persons and/or entities other than this defendant by reason of the warnings and information given to them and their own experience and expertise, were sophisticated users of any products supplied to them by this Defendant. Therefore, any duty to warn lies with the sophisticated user and not with this Defendant.

## SIXTY-THIRD DEFENSE

The Plaintiffs' Complaint fails to name indispensable parties and must be dismissed, or, in the alternative, stayed pending appropriate relief by the Court.

## SIXTY-FOURTH DEFENSE

In the event the Plaintiffs and/or Plaintiffs' decedents' exposure or claimed exposure or injury occurred during the performance of any military or government contract, or pursuant to any military or government specification, then the products or materials provided by this Defendant, if any, were in accordance with the specifications and instructions of the United States Government, or its agencies, as to which all appropriate disclosure were made and as a result of which this Defendant would be immune to any claims made by the Plaintiffs. If the standards and specifications of the United States Government created a dangerous condition, the United States Government knew or reasonably should have known of such dangers and should have educated or warned the workers. The failure to do so was the proximate cause, or proximate contributing cause, of the alleged injuries and damages, if any.

24

## SIXTY-FIFTH DEFENSE

If the Plaintiffs and/or Plaintiffs' decedents ever worked in a shipyard, then to the extent that they did so, any alleged damages or injuries were proximately caused and contributed to by the negligence of the Department of the Navy, United States of America, or other governmental entities in issuing the standards and specifications for materials and methods of work to be used, specifically requiring the use of asbestos and asbestos-containing products in the construction and overhaul of surface ships and submarines.

## SIXTY-SIXTH DEFENSE

The Plaintiffs have waived or are estopped from asserting the matters alleged in the Complaint.

## SIXTY-SEVENTH DEFENSE

This Defendant denies that the Plaintiffs and/or Plaintiffs' decedents ever used products supplied by this Defendant and further denies that Plaintiffs and/or Plaintiffs' decedents were ever in proximity to products alleged to have been supplied by this Defendant.

## SIXTY-EIGHTH DEFENSE

To the extent that the Plaintiffs have concluded or may conclude a settlement or recover a verdict against any person, entity or party against whom the Plaintiffs have, or could have, made or will make a claim, then this Defendant is entitled to a set-off for any amount paid and is otherwise entitled to introduce the fact of said settlement or verdict at its option.

## SIXTY-NINTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part because the product described in the complaint complied with all applicable laws and regulations to which the product was in any way subject.

B DWM 769617 v1
1038803-000001 1/9/2008

### SEVENTIETH DEFENSE

Plaintiffs' claims are barred by the applicable statutes of repose.

### SEVENTY-FIRST DEFENSE

This Defendant alleges and avers that at no time did it consult with any other alleged asbestos sellers, manufacturers, producers, or suppliers, and that it never at any time acted in concert with or between any said alleged parties, or any other defendant; based on the foregoing, the Defendant alleges and avers that it is not a joint tortfeasor with any other party, and that it may not be held jointly and severally liable with any other party.

### SEVENTY-SECOND DEFENSE

The Plaintiffs are barred from recovering any damages by virtue of the fact that any harm caused by Defendant's product was caused by an inherent aspect of the product, which could not be eliminated without compromising the usefulness of the product.

### SEVENTY-THIRD DEFENSE

The Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged to the Plaintiffs and/or Plaintiffs decedent without substantially impairing the usefulness or intended purpose of the product.

### SEVENTY-FOURTH DEFENSE

The Plaintiffs are barred in whole or in part from recovery in this case because they failed to mitigate their damages.

### SEVENTY-FIFTH DEFENSE

This Defendant pleads its defenses available under the sealed container doctrine.

B DWM 769617 v1
1038803-000001 1/9/2008

## SEVENTY-SIXTH DEFENSE

Any acts, statements, representations or omissions by persons or entities other than the Defendant that caused damages to Plaintiffs and/or Plaintiffs' decedents, which the Defendant does not concede, were not authorized by the Defendant and were not performed or given with actual, implied, or apparent authority of the Defendant and were not performed or given with actual, implied, or apparent authority of the Defendant.  Alternatively, Plaintiffs are not entitled to recover from the Defendant because their damages, if any, were not caused by any act or omission of the Defendant, or, in the alternative, were caused by acts or omissions of others for which the Defendant had no responsibility.

## SEVENTY-SEVENTH DEFENSE

The injuries alleged in the Complaint are not the foreseeable consequences of any act or omission by or on behalf of the Defendant and are too remote and speculative to warrant an recovery against the Defendant.

## SEVENTY-EIGHTH DEFENSE

Surface Combustion is not liable for any pre-existing medical condition.

## SEVENTY-NINTH DEFENSE

All of the Plaintiffs' claims and issues contained therein are barred by the doctrines of collateral estoppel and *res judicata.*

## EIGHTIETH DEFENSE

If Plaintiffs and/or Plaintiffs' decedents suffered any injuries and damages, all of which are denied, then such injuries and damages were due solely to diseases and causes, including genetic factors inherent in and affecting Plaintiffs and/or Plaintiffs' decedents, and not as a result of exposure to asbestos, or any asbestos-containing products and/or machinery requiring or

B DWM 769617 v1
1038803-000001 1/9/2008

calling for the use of asbestos and/or asbestos-containing components, allegedly mined, processed and/or manufactured, sold or distributed by the Defendant, and such diseases, causes and factors existed and would have occurred whether or not the Defendant mined, processed and/or manufactured, sold, distributed and/or possessed any asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing components, as alleged by Plaintiffs.

### EIGHTY-FIRST DEFENSE

The Defendant alleges and avers that the Complaint filed and exhibited against it is so vague and/or ambiguous that this Defendant cannot reasonably determine the specific claims against it or how those claims arise as to the Plaintiffs and/or Plaintiffs' decedent's specific injuries and consequently cannot reasonably frame a responsive pleading to it.

### EIGHTY-SECOND DEFENSE

Plaintiffs' claims are barred by the Risk/Utility Doctrine.

### EIGHTY-THIRD DEFENSE

The Plaintiffs failed to identify any product connected to this Defendant, which allegedly resulted in the damages to the Plaintiffs' decedent herein.

### EIGHTY-FOURTH DEFENSE

If the Plaintiffs and/or Plaintiffs' decedents used tobacco products, their use was a failure to exercise ordinary care for their own safety and was the sole or primary cause of their injuries. The negligence of the Plaintiffs and/or Plaintiffs' decedents in using tobacco products or the negligence of third parties engaged in the sale, manufacture or distribution of tobacco products is a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

B DWM 769617 v1
1038803-000001 1/9/2008

## EIGHTY-FIFTH DEFENSE

The Plaintiffs and/or Plaintiffs' decedents and/or their employers, individually and through public information, had actual or constructive notice of the information allegedly available to the Defendant with the result that there can be no recovery against the Defendant.

## EIGHTY-SIXTH DEFENSE

The claims of Plaintiffs for punitive damages against Defendant cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states; to do so would be to violate Defendant' rights under the Alabama Constitution and the United States Constitution.

## EIGHTY-SEVENTH DEFENSE

The claims of the Plaintiffs for punitive damages against Defendant cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## EIGHTY-EIGHTH DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW v. Gore*, 116 S.Ct. 1589 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## EIGHTY-NINTH DEFENSE

Section 6-5-410 of the Code of Alabama (1975) is violative of the United States and Alabama Constitutions in that it deprives Defendants of their right to a jury trial guaranteed by the Seventh Amendment to the United States Constitution and Article I, Section 11 of the

B DWM 769617 v1
1038803-000001 1/9/2008

Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than Defendants or Defendants' agents or employees and/or without apportionment of damages base on the degree of culpability of Defendants, if any.

## NINETIETH DEFENSE

To the extent that Plaintiffs' demands for punitive damages may result in multiple damage awards to be assessed for the same act or omission against Defendant, such award would contravene Defendant's right to due process under the due process clause of Article, 1, Section 13 of the Alabama Constitution. In addition, such award would infringe upon Defendant's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and Article I, Section 9 of the Alabama Constitution.

## NINETY-FIRST DEFENSE

Defendant alleges affirmatively that the Wrongful Death Act of Alabama is constitutionally void as to the Defendant and as applied to the acts and circumstances in this case that:

(a) It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the qualify and quantity of culpability of other defendants joined in one action.

(b)    It operates to deny to defendants a fair opportunity to have the jury assess damages based on defendants' culpability for negligence, which cannot be segregated from allegations of negligence against other defendants.

(c)    In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives defendants of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to

30

those portions thereof proscribing any state from depriving any person or property without due process of law.

(d)     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives defendants of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

## NINETY-SECOND DEFENSE

Defendant alleges affirmatively that the Wrongful Death Statute, § 6-5-410 of the Code of Alabama (1975), as it applies to joint tortfeasors, is unconstitutional in that it is punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the Wrongful Death Act is predicated upon the alleged enormity of the wrong committed by the tortfeasor.  Therefore, this Act, as it applies to joint tortfeasors, denies each and every defendant equal protection of the laws and violates the United States Constitution.

## NINETY-THIRD DEFENSE

Defendant alleges affirmatively that the Wrongful Death Act of Alabama violates the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution in that it allows for the imposition of an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability a defendant had, if any.

B DWM 769617 v1
1038803-000001 1/9/2008

### NINETY-FOURTH DEFENSE

Plaintiffs' claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, Section 9 of the Constitution of the State of Alabama.

### NINETY-FIFTH DEFENSE

This Defendant pleads the defense of injury by fellow servant.

### NINETY-SIXTH DEFENSE

Plaintiffs, separately and severally, lack standing.

### NINETY-SEVENTH DEFENSE

Plaintiffs' claims, separately and severally, are barred in whole or in part, by the doctrines of abatement, *res judicata*, collateral estoppel, judicial estoppel, and/or prior pending action.

### NINETY-EIGHTH DEFENSE

Plaintiffs' claims, separately and severally, are barred or due to be abated, in whole or in part, because Plaintiffs have impermissibly split their causes of action in violation of applicable laws.

### NINETY-NINTH DEFENSE

This Defendant had no notice of any claim against it until the time suit was filed, and, accordingly, it reserves the right to add any later defenses which discovery might reveal to be available.

B DWM 769617 v1
1038803-000001 1/9/2008

Respectfully submitted on January 9, 2008.

s/David W. McDowell
DAVID W. McDOWELL
(ASB - 7713-L69D)
Attorney for Surface Combustion, Inc.

OF COUNSEL:
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Wachovia Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone:    (205) 328-0480
Facsimile:    (205) 322-8007

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

G. Patterson Keahey, Jr.
Law Offices of G. Patterson Keahey, PC
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
(205) 871-0707
(205) 871-0801 facsimile
E-mail: info@mesohelp.com

Respectfully submitted,

s/David W. McDowell
DAVID W. McDOWELL (ASB - 7713-L69D)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Wachovia Tower, Suite 1600
420 North Twentieth Street
Birmingham, Alabama 35203
Telephone: (205) 250-8312
Facsimile: (205) 488-3712

B DWM 769617 v1
1038803-000001 1/9/2008