IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MARTHA ADAMS spouse and personal representative for the Estate of CHARLES ADAMS, deceased, et al.,** | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No.: 2:07-cv-01064-WKW-TFM ) |
| **ASBESTOS DEFENDANTS: ALBANY INTERNATIONAL; et al.,** | ) ) ) |
| Defendants. | ) ) ) |

**MOTION TO DISMISS AND/OR FOR MORE DEFINITE STATEMENT AND/OR NOTICE OF TAG-ALONG ACTION**

Comes now the Defendant Honeywell, Inc. and moves the Court to enter an Order dismissing the Complaint against it and/or in the alternative, to enter an Order directing the Plaintiffs to replead the vague and ambiguous allegations asserted against it in the Complaint in a manner that complies with Rule 8(a) of the Federal Rules of Civil Procedure. In support of this Motion, Honeywell, Inc. shows unto the Court as follows:

1. The Complaint fails to state a claim upon which relief may be granted.

2. The claims of at least two Plaintiffs, Pauline Matthews and/or Bobby Prentice, may be barred by the applicable statute of limitations.

3. The Complaint may be barred by res judicata and/or collateral estoppel principles.

4. Venue is improper in this Court.

5. Plaintiffs' claims do not include common questions of law or fact and their joinder together is improper.

6.     Upon information and belief, this case should be transferred to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pre-trail proceedings pursuant to 28 U.S.C. § 1407 as a "tag along action" pursuant to the order entered on July 29, 1999, by the Judicial Panel on Multi-District Litigation.

7.     The Complaint fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure inasmuch as the Complaint is devoid of any specific allegations of wrongdoing levied against Honeywell, Inc. at any specific point in time. Accordingly, the Complaint as presently pled, is so vague and ambiguous that the defendant "cannot reasonably be required to frame a responsive pleading." Rule 12(e) of the Federal Rules of Civil Procedure.

WHEREFORE, premises considered, Honeywell, Inc. moves the Court to enter an Order dismissing the Complaint against it and/or alternatively to enter an Order directing the Plaintiff to replead the Complaint with specific factual allegations which would put this Defendant on notice of the wrongdoing alleged against it, and the time and place at which said alleged wrongdoing occurred. Additionally, Honeywell, Inc. requests the Court to take judicial notice that this case is subject to transfer pursuant to 28 U.S.C. § 1407.

/s/Frank E. Lankford, Jr.
Frank E. Lankford, Jr., Esquire
LAN037
ASB: 8409-K71F
Attorney for Honeywell, Inc.

OF COUNSEL:

**HUIE, FERNAMBUCQ & STEWART, LLP**
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223
205-251-1193

## CERTIFICATE OF SERVICE

     I hereby certify that I have served the above and foregoing pleading by electronically filing with the Court Clerk and/or placing same in the United States Mail, properly addressed and postage prepaid on this the 11th day of January, 2008.

                                        /s/Frank E. Lankford, Jr.
                                        Of Counsel