## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MARTHA ADAMS spouse and personal** | ) |
| **representative for the ESTATE OF** | ) |
| **MATTHEW COACHMAN,** | ) |
| **deceased, et. al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:07-CV-01064** |
| | ) |
| **ASBESTOS DEFENDANTS:** | ) |
| **ALBANY INTERNATIONAL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## AMERICAN OPTICAL CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND/OR MOTION FOR SEVERANCE AND MEMORANDUM BRIEF IN SUPPORT THEREOF

COMES NOW Defendant designated as American Optical Corporation (hereinafter sometimes referred to as "AOC") by and through its attorney of record and moves this Court for relief pursuant to Federal Rules Civil Procedure 9(b)(12)(b)(6), 12(c) and 12(e). [1] In support thereof AOC states as follows:

### INTRODUCTION AND PROCEDURAL HISTORY

This personal injury action involves the claims of ten (10) Plaintiffs against seventy-eight (78) Defendants, including American Optical Corporation. Plaintiffs and/or Plaintiff's Decedents are or were residents of Kentucky and Alabama. [Complaint, ¶¶ 1-10] Generally the Plaintiffs

---

[1] AOC further adopts and specifically incorporates as if fully set forth herein, those authorities and arguments asserted by Co-Defendants' Motion to Dismiss to include but limited to Rapid American Corporation (Doc. 127); Crane Co. (Doc.140); Bondex International, Inc. (Doc. 80); Buffalo Pumps, Inc. (Doc. 172); and Owens-Illinois, Inc. (Doc. 147).

contend that they or their decedents have been "continually exposes to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by Defendants..." [Complaint, ¶¶ 1-10] Plaintiffs contend, without specificity, that they or their Decedents worked around "furnaces, boilers, turbines, and other industrial equipment in his work place, which contains significant amount of asbestos-containing products and materials." [Id.]

## ARGUMENT

**I.     Plaintiffs' Complaint Fails to State a Claim Upon Which Relief May be Granted Pursuant to Rule 12(b)(6), 8(a), and 10(b), Federal Rules of Civil Procedure.**

FRCP 8(a) requires a plaintiff to plead "a short and plain statement of the claims showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise, and direct."   Rule 8(e), Fed.R.Civ.P. "It is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining..." Hoshman v. Esso Standard Oil Co., 263 F.2d 499, 501 (5th Cir. 1959) (citations omitted).  A plaintiff may not merely "label his or her claims" to survive a Motion to Dismiss, but must give the defendant fair notice of the claims and grounds upon which they rest.  Veltman v. Walpole Pharmacy, Inc., 928 F.Supp. 1161 (M.D.Fla. 1996) (*see also*, Williams v. Lear Operations Corporation, 73 F.Supp 1377 (N.D.Ga. 1999). "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a Motion to Dismiss." Jefferson v. Lead Industries Ass'n, Inc., 106 F.3d 1245, 1250 (5th Cir. 1997) (citations omitted); *see also* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. 2007) (factual allegations must be enough to raise a right to relief above the speculative level).  Where a plaintiff's complaint fails to support any claims as to the defendants, it is proper to dismiss the defendants from the action.

In this matter, the Plaintiffs have failed to meet their burden and have chosen instead to employ the "shotgun" approach to pleading which is disfavored by the judiciary. *See* Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). In Magluta, the Court described a shotgun complaint as one that ignores the requirements of a "short and plain statement." Id. Instead, the shotgun complaint identifies multiple defendants and charges each defendant with the same conduct, "though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained." Id. The present Complaint does exactly what the Eleventh Circuit has repeatedly condemned.

In Sidney Chancellor, et.al. v. Air Liquide America Corp., et.al., Case No. CV-04-BE-2554-S (ND.Ala., October 8, 2004), (unpublished) Judge Karen O. Bowdre *sua sponte* dismissed a similar shotgun complaint, without prejudice. Chief among her reasons included the failure to state a claim upon which relief could be granted and failure to plead with the required particularity. Judge Bowdre stated that the complaint, "[a]t best....suggests only that plaintiffs have respiratory illness, that Plaintiffs were exposed to silica during all or part of [their] working lives...while working at various work sites in Alabama and other states, and that all seventy-five named defendants were in some way participants in the sand blasting industry. Id. at 2. Furthermore, "the Complaint forces the defendants to guess at what they each may have done to injury the Plaintiffs, and when, where and how." Id. In holding that dismissal was the correct approach, the Court stated, "[t]he Court is acutely aware of its duty to dispose of shotgun Complaints at the earliest opportunity...rather than wait until justice has been obstructed by the inadequacies of this Complaint 'scarce judicial and para judicial resources' are further wasted. The Court *sua sponte* dismissed each case as to all defendants without prejudice and with leave to re-file a Complaint that complies with all of the requirements of the Federal Rules of Civil Procedure. Id. at 2-3. [*See* Order of Dismissal attached hereto as Exhibit 1]

Chief Judge U.W. Clemons in the Northern District of Alabama similarly ordered the *sua sponte* dismissal of Skip Palmer, et.al., v. Aearo Corp., et.al., Case No. 7.04-CV-3262-U.W.C. (N.D.Ala. May 31, 2005) (unpublished).  Chief Judge Clemon noted:

> Neither the defendants nor the Court can discern from plaintiff's Complaint a fair idea of what the plaintiffs are complaining.  The Complaint suggests that the plaintiff's have occupational lung disease, that plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) defendants in someway participated in the sandblasting industry.  However, it is not clear what defendants produced which products, and the resulting causes of action related to those products.

> The Complaint alleges that different groups of defendants negligently manufactured equipment, failed to inform of possible danger, *etc*.  However, the Complaint does not state when, where, or how the defendants have injured the plaintiffs.  Furthermore, the plaintiffs do not explain which causes of action apply to which defendants.  Therefore, the plaintiffs do not allow the defendants to adequately defend themselves in response to the Complaint.

> Id. [*See* Order of Dismissal which is attached hereto as Exhibit 2]

The absence of any specific acts, conduct, or factual allegations directed against a named defendant entitles that defendant to have the Complaint dismissed against it.  Clark v. Sierra, 837 F.Supp. 1179, 1982 (M.D.Fla. 1993); Potter v. Clarke, 497 F.2d 1206, 1207 (7th Cir. 1974).  In this case, the plaintiffs generically name numerous products allegedly manufactured by seventy-eight defendants, which might have caused, directly or indirectly, harm to the plaintiffs or their decedents.  Like Chancellor and Palmer, the vague nature of the Complaint forces all of the defendants, including AOC, to guess "what each may have done to injury the plaintiffs, and when, where and how."

Although the Complaint lists vague descriptions of products produced or distributed by the defendants, it fails to make clear "the resulting causes of action related to those products."  In short, the plaintiffs have failed to provide sufficient detail "so that the defendant[s], and the Court can

obtain a fair idea of what the plaintiffs are complaining, and can see that there is some legal basis for the recovery.   Because plaintiffs' Complaint fails to provide a short and plain statement of plaintiffs' claims, it fails to state a claim upon which relief may be granted and is due to be dismissed.

The disjointed and shotgun approach to pleading taken by plaintiffs is clearly inadequate to satisfy their burden.  Beginning in Paragraph 13 of the Complaint, plaintiff uses the label "Producer Defendants" to refer to the defendants named therein, including AOC, stating, [t]he asbestos-containing products produced by each defendant that had been identified at plaintiff's workplace during their employment years there, are set out herein below."  First, defendants have no idea to which plaintiffs the word "their" refers to in the Complaint as there are ten named plaintiffs and at least one of which is claiming a secondary exposure (Shirley Marie Gilbert by and through her husband Harvey B. Byrd, Jr.).  Plaintiffs' list generic products by type for certain defendants, including the allegation that AOC produced "protective covering." [Complaint ¶16] Unfortunately, there is absolutely no information to apprise AOC as to which work place, let alone the period of employment, a particular plaintiff is referring to nor how, when or where the plaintiffs or their decedents were allegedly exposed to a specific product of a AOC.

Furthermore, the remaining Paragraphs of the Complaint merely allege five causes of action against the "defendants."  AOC is not specifically identified, other than generically as "defendants", in any of the alleged causes of action.  A Plaintiff may not conjure a hodgepodge of legal theories and labels, call it a complaint and survive a Motion to Dismiss.  Instead, he/she must give the defendant fair notice of the claims and the grounds upon which they rest.  <u>Veltman</u>, <u>supra</u>; <u>Williams</u>, <u>supra</u>.  For this very reason, Chief Judge U.W. Clemon previously dismissed the case of <u>Vera Beavers, et.al., v. V.A.O. Smith Electrical Products Company, et.al.</u>, Case No. 2:06-CV-899-UWC

(N.D.Ala. May , 2006). In particular, Chief Judge Clemon noted that the plaintiffs' Complaint did "not specifically link specific causes of action to a specific defendant." [2] [*See* Order of Dismissal and Memorandum Opinion on Motions to Dismiss attached hereto collectively and marked as Exhibit 3]

A complaint which on its face is vague and ambiguous does not constitute a well plead complaint. *See generally* Byrne v. Nezhat, 261 F.3d 1128-1131 (11th Cir. 2001). Plaintiffs' Complaint in the present action miserably fails to satisfy the long standing principals herein above discussed. Consequently, a dismissal is warranted.

## II.     The Claim Asserted by Patsy W. Mibus as Personal Representative for Charles Webb Should be Dismissed Pursuant to the Statute of Limitations.

Pursuant to Ala. Code §6-5-410(d), an action for wrongful death "must be commenced within two years from and after the death of testator or intestate." The Complaint alleges that Charles Webb died on or about December 4, 2005. [Complaint ¶9] The Complaint was filed on December 5, 2007, or one day after expiration of the two year statute of limitations. *See e.g.* Dukes v. Jowers, 584 So.2d 524, 526 (Ala. 1991) (cause of action for wrongful death would barred after October 26, 1988 where death occurred on October 26, 1986).

## III.     Jannie Hicks Claim as Personal Representative of Willie Hicks is Time Barred. Pursuant to Ala. Code §6-5-410(a):

A personal representative may commence an action and recover such damage as the jury may assess in a Court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.

Pursuant Ala. Code §6-2-39(repealed in 1980), Alabama had a one year statute of limitations

---

[2] The District Court's dismissal of this action is currently on appeal in the Eleventh Circuit.

for personal injury actions not resulting in death.  This meant that the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger.  This rule was changed in 1980, but the Alabama Supreme Court has declared that the change did not apply retroactively.  *See* <u>Tyson v. Johns-Mansville Sales Corp.</u>, 399 So.2d 263 (Ala. 1981) and <u>Johnson v. Garlock, Inc.</u>, 682 So.2d 25, 26-28 (Ala. 1996).  Consequently, a personal injury plaintiff who was last exposed to asbestos before May 19, 1979 must bring suit within one year of the last date of exposure. <u>Id.</u>  Accordingly to the Complaint, Willie Hicks' last exposure to any asbestos-containing products and materials made the basis of the subject litigation occurred not later than 1974 as an equipment operator for Greenfield Construction. [Complaint ¶6] The previous one year statute of limitations accrued at that point and expired well before May 19, 1979.  Willie Hicks failed to assert any personal injury claim within the one year statutory period; therefore, his personal representative is barred from commencing the current wrongful death claim.  *See* <u>Northington v. Carey-Canada, Inc.</u>, 432 So.2d 1231 (Ala. 1983). [3]

## IV.          Improper Venue

Title 28 U.S.C.A. §1391 states in part:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

---

[3]The claims asserted by Teresa Watson as the daughter and personal representative of Shirley Marie Gilbert and the personal injury claim of Pauline M. Matthews may similarly be timed barred. Ms. Watson claims that her mother, Ms. Gilbert, had secondary exposure to asbestos by and through her late husband Harvey B. Byrd, Jr. The complaint notes that the last possible date of asbestos exposure of Mr. Byrd was in 1980. [Complaint ¶4] The Complaint notes that Ms. Matthews last possible date of exposure occurred in or about 1979. [Complaint ¶7]

Plaintiffs allege that this Court has jurisdiction based on diversity of citizenship. [Complaint "Jurisdiction"] Plaintiffs further allege that "Defendants are corporations whose principal places of business are in states other than the State of Alabama." Id.  None of the Plaintiffs allege that their injuries arose in the Middle District of Alabama.  Furthermore, at least one of the Decedents, Charles Webb, had no connection whatsoever to the State of Alabama. [Complaint ¶9] Accordingly, Plaintiff's cannot rely on 28 U.S.C.A. §1391(a)(1)(2) or (3) for proper venue.  Since none of the Plaintiffs' claims satisfy these requires, venue is improper and Plaintiffs' claims are due to be dismissed.

## V.    Improper Joinder

Rule 20, Fed.R.Civ.P., provides in pertinent part, that "[a]ll person may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respective of or arising out of the same transaction, occurrence, or series of transactions, or occurrences and if any question of law or fact, common to all these persons will arise in the action."  Here, Plaintiffs generally allege that they or their Decedents have been exposed to asbestos and asbestos-containing products.  Plaintiffs failed to allege facts indicating that their right to relief arising out of the transactions or occurrences.  Instead, Plaintiffs require the Defendants, and this Court to presume that a common set of facts, or questions of law, form the basis of their claims. Rule 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief.  Indeed, Plaintiffs identify various work sites across the nation having no commonality by location or employment period.  Moreover, it is not readily apparent on the face of the Complaint as to whether all or some of particular Defendants' products were at some or all of the alleged work sites or for any given period.

Additionally, the lack of common relief likewise warrants severance of Plaintiffs' claims.

The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims. At least one of the claims asserted is a secondary exposure claim. It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages and not to compensatory damages available to personal injury plaintiffs. Cherokee Elec. Coop v. Cochran, 769 So.2d 1188, 1193 (Ala. 1997). If nothing else, the wrongful death claims should be severed from the personal injury claims.

**VI.    Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement of Their Claims in Accordance with Rule 12(e), Fed.R.Civ.P.**

Rule 12(e) provides that "[if] a pleading to which a responsive pleading is permitted is vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he made move for a more definite statement before interposing a responsive pleading." The law requires specificity such that a defendant is aware of the claims brought against it and is able to file responsive pleadings in good faith. If a petition is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the defendant may file a motion for more definite statement. *See* Sisk v. Texas Park and Wildlife Dept., 644 F.2d 1056, 1059 (5th Cir. 1981).

As demonstrated herein above, Plaintiffs' Complaint fails to put AOC on notice as to the transactions or occurrence that form the basis of their claims. Plaintiffs specifically fail to aver any dates, work sites, or facts indicating their alleged use of an AOC product or more specifically, the Complaint wholly fails to identify a particular AOC product. AOC cannot properly respond to such bare allegations. Additionally, personal injury Plaintiffs Pauline M. Matthews and Bobbie Prentice have failed to identify a specific date that they were diagnosed with any asbestos related illness thereby making it impossible for AOC to evaluate the applicability of any statute of limitations or rule of repose defense. [*See* Complaint ¶¶ 7 & 8] Additionally, Teresa Waston's claim as the daughter and personal representative for the Estate of Shirley Marie Gilbert lists the disease process as

"Asbestosis??."  Consequently, AOC is left to plead with abandon in possible violation of its obligations to file a concise responsive pleading.

Moreover, Rule 9(b) Fed.R.Civ.P., requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  It has been said that this Rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir. 1988) (citations omitted).  The Eleventh Circuit has readily endorsed the dismissal of pleadings for failure to comply with the requirements of Rule 9(b).  *See e.g.* Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1210 (11th Cir. 2001); Hendley v. American National Fire Ins. Co., 842 F.2d 267, 269 (11th Cir. 1988); Friedlander vs. Nims, 755 F.2d 810, 813 (11th Cir. 1985).

In order to satisfy the particularity requires, a plaintiff must aver "(1) precisely what statements were made and what documents or oral representations or what omissions were made; and (2) the time and place of each set statement and the person responsible for making (or in the case of omissions, not making) same; (3) the content of such statements and the manner in which they mislead the plaintiff[], and (4) what the defendant[] obtained as a consequence of the fraud.  United States ex rel Clausen v. Lab Corp. of America, 290 F.3d 1301, 1310 (11th Cir. 2002) (citations omitted).  In a case involving multiple defendants, a complaint should inform each defendant of the specific fraudulent acts which formed the basis of plaintiff's claim against that particular defendant. *See* Books v. Blue Cross Blue Shield of Fla., 116, F.3d 1364, 1381 (11th Cir. 1997); *See also* Friedlander v. Nims, 755 F.2d 813 (11th Cir. 1985).

In the present matter Plaintiffs generally allege that the Defendants misrepresented, concealed and/or altered scientific evidence regarding alleged health hazardous of asbestos.  However, the

Plaintiffs have failed to identify any false statements made by AOC or even the time, place, and individual responsible for such statements. In fact, AOC is not even identified as member of any of the organizations specified in the claim. As a result of Plaintiffs' failure to set forth specific facts as to AOC, the Complaint with respect to the fraud claims is deficient and due to be dismissed for failure to comply with Rule 9(b), Fed.R.Civ.P.

**VII.**   **Assuming, *Arguendo* Compliance with Rules 8, 9 and 10, Fed.R.Civ.P., Plaintiffs' Complaint is Still Due to be Dismissed for Failure to Adequately Set the Bounds of Discovery.**

The "shotgun" style exemplified by the Complaint mandates relief in favor of Defendants. In Byrn v. Nezhat, 261 F.3d 1075 (11th Cir. 2001), the Court identified a "shotgun" pleading as one that fails to set forth sufficient facts to define the underlying issues and claims in the case and, thus, set boundaries for discovery. The Court warned that "shotgun" pleadings, such as Plaintiffs' Complaint caused disproportionally high transaction costs for the parties and impedes the Court's ability to administer justice by "consuming an inordinate amount of the Court's time" in the inevitable discovery disputes. "Justice is [often] delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." Id. at 1130; *see also* Sikes v. Teleline, Inc., 281 F.3d 1350, 1357 (11th Cir. 2002); Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996).

In the case *sub judice*, Plaintiffs fail to delineate specific claims made against AOC from the claims made against other Defendants. The Complaint only generically identifies five causes of action and fails to allege sufficient facts or identify specific AOC product which would put AOC on notice as to the transactions or occurrences which form the basis of their claims. Said deficiencies herein delineated subject AOC and all Defendants to "unchanneled discovery," "impose unwarranted expense on the litigates, the Court and the Court's parajudicial personnel and resources." Such a

result is intolerable and exactly the sort of thing notice pleading is designed to prevent. <u>Cramer</u>, 117

F.3d at 126.

WHEREFORE PREMISES CONSIDERED, AOC respectfully requests this Court to dismiss

Plaintiffs' Complaint against AOC.  In the alternative, AOC requests the Court to require Plaintiffs

to replead te Complaint with the required specificity, sever the claims and transfer to an approrpriate

venue.  AOC reserves all other defenses and claims not herein set out.

Done this the 29th day of January, 2008.

Respectfully submitted,

**s/Freddie N. Harrington, Jr.**
ASB-8773-G37F
SCOTT, SULLIVAN, STREETMAN
& FOX, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
205-967-9675
FAX: 205-967-7563
fharrington@sssandf.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **WILLIS DONALD SCOTT, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:07-CV-876 MHT** |
| | ) |
| **ASBESTOS DEFENDANTS:** | ) |
| **ALBANY INTERNATIONAL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on <u>January 29, 2008,</u> I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: G. Patterson Keahey, Jr., Esq.

<u>Attorneys for Plaintiffs</u>
G. Patterson Keahey, Jr., Esq.
LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
(205) 871-0707


Respectfully submitted,


**s/Freddie N. Harrington, Jr.**
ASB-8773-G37F
SCOTT, SULLIVAN, STREETMAN
& FOX, P.C.
2450 Valleydale Road
Birmingham, Alabama 35244
205-967-9675
FAX: 205-967-7563
fharrington@sssandf.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 OCT -8 PH 2: 37

U.S. DISTRICT COURT
N.D. OF ALABAMA

SIDNEY E. CHANCELLOR,

    Plaintiff,

and

JOHN L. PARKER,

    Plaintiff,

vs.

AIR LIQUIDE AMERICA CORP.,
et al.,

    Defendants.

ENTERED
OCT -8 2004

Case No. CV-04-BE-2554-S

## ORDER DISMISSING THE CASE

Based on the gross inadequacies of the plaintiffs' complaint, the court *sua sponte* dismisses this case, without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 30 days of the date of this order.

Although the liberal federal rules require only notice pleading, they still require a "short and plain statement of the claim showing that the pleader is entitled to relief. . . ." The pleadings still must state a "cause of action" in the sense that it must show "that the pleader is entitled to relief; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see

that there is some legal basis for recovery.'" *Hoskinson v. Esso Standard Oil Co.*, 263 F.2d 499, 501

(5th Cir. 1959) (quoting Fed. R. Civ. P. 8(a); James Wm. Moore et al., Moore's Federal Practice

1653 (2d ed.)). Neither the defendants nor the court can discern from the plaintiffs' complaint a fair

idea of what the plaintiffs are complaining. At best, the complaint suggests only that plaintiffs have

respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working

lives...while working at various worksites in Alabama or other states," and that all seventy-five

named defendants were in some way participants in the said blasting industry.

Although the complaint alleges generally that different groups of defendants negligently

manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what they

each may have done to injure the plaintiffs, and when, where, and how. All seventy-five defendants

must therefore answer with abandon, pleading every conceivable affirmative defense, while

simultaneously risking the possibility that they may inadvertently fail to plead the one good defense

relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

Not only does the complaint fail to place the defendants on notice of the nature of the claims

against them, it also contains numerous other inadequacies among them: failure to state, with

particularity the circumstances constituting fraud, and failure to name spouses as plaintiffs while

asserting loss of consortium, or to show whether, if the spouses were named as plaintiffs, this court

would have jurisdiction over this diversity action. Furthermore, the court finds that it will be

impossible to set the boundaries of discovery on the basis of this complaint. *See Byrne v. Nezhat*, 261

F.3d 1075, 1129 (11th Cir. 2001).

The court is acutely aware of its duty to dispose of shotgun complaints at the earliest

opportunity. *Byrne*, 261 F.3d at 1130.[5] Many defendants have already moved the court to dismiss the plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement. Many are even now heroically struggling to answer the complaint. Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and perijudicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date of this order.

In filing their amended complaint, plaintiffs should be mindful of the Eleventh Circuit's suggestion to district courts regarding those who file shotgun pleadings: "[I]f use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit obstructs justice, the perpetrator could be cited for criminal contempt." *Byrne*, 261 F.3d at 1131-32. The court is aware that the plaintiffs' nearly identical case has already been dismissed from the Circuit Court of Jefferson County, Alabama.

---

[5] In *Byrne*, the Eleventh Circuit detailed the many ways a court would compromised by allowing a case to proceed on the basis of a shotgun complaint without the defendants and before the court striking them. "Obstruction of justice, the perpetrator could be cited for ... rights of parties ... to litigate efficiently ..." *Byrne*, 261 F.3d at 1130. "Justice is delayed, if not denied, to ... while ... waiting to be heard." *Byrne*, 261 F.3d at 1130. ... "Why ... would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim, or they file shotgun complaints to extort the settlement of meritorious claims." *Id.* at 1130.

3

The pending motions to dismiss (docs. 28, 34, 35, 43, 44, 49, 59, 60, 62, 69, 70; and 74) are MOOT.

Done and ordered this 8th day of October, 2004.

Karon O. Bowdre
United States District Judge

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

SKIP PALMER, *et al.*,    )
                          )
        Plaintiffs,       )
                          )
vs.                       )
                          )    Civil Action Number
AEARO CORPORATION, *et al.*,  )    7:04-cv-3262-UWC
                          )
        Defendants.       )
                          )
                          )
                          )

## ORDER OF DISMISSAL

Based upon the gross inadequacies of the Plaintiff's Complaint, the Court *sua
sponte* DISMISSES this case without prejudice and with leave to refile a complaint that
complies with all of the requirements of the Federal Rules of Civil Procedure within thirty
(30) days of the date of this Order.

"Although the liberal federal rules require only notice pleading, they still require a
'short and plain statement of the claim showing the pleader is entitled to relief' . . . . "The
pleadings still must state a 'cause of action' in the sense that it must show 'that the
pleader is entitled to relief,' it is not enough to indicate merely that the plaintiff has a
grievance, but sufficient detail must be given so that the defendant, and the court, can
obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal

1

basis for recovery." *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959)(quoting Fed. R. Civ. P. 8 (a); James Wm. Moore *et al.*, Moore's Federal Practice 1653 (2d ed.).

Neither the Defendants nor the Court can discern from Plaintiff's Complaint a fair idea of what the Plaintiffs are complaining. The Complaint suggests that the Plaintiffs have occupational lung disease, that Plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) Defendants in some way participated in the sand blasting industry. However, it is not clear what Defendants produced which products, and the resulting causes of action related to those products.

The Complaint alleges that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, *etc.* However, the Complaint does not state when, where, or how the Defendants have injured the Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants. Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves in response to the Complaint.

Many Defendants have moved this Court to dismiss the Plaintiffs' claims for failure to state a claim for which relief can be granted, or in the alternative a more definite statement. Some Defendants answered the complaint. Rather than rely on the inadequacies of this Complaint, the Court *sua sponte* dismisses this case as to all Defendants with leave to refile a Complaint that complies with all of the requirements of

the Federal Rules of Civil Procedure within thirty (30) days of the date of this order.

Done this 31ᵗ day of May, 2005.


U.W. Clemon
Chief United States District Judge

3

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VERA . BEAVERS, et al.,      )
                            )
        Plaintiffs,         )
                            )
    vs.                     )            Civil Action Number
                            )            2:06-cv-899-UWC
A. O. SMITH ELECTRICAL      )
PRODUCTS COMPANY, et al.,   )
                            )
        Defendants.         )

## ORDER OF DISMISSAL

Consistent with the accompanying Memorandum Opinion, this case is hereby DISMISSED, without prejudice.

The costs of this action are hereby taxed against the Plaintiffs.

_____
U.W. Clemon
Chief United States District Judge

Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VERA . BEAVERS, et al.,          )
                                 )
         Plaintiffs,             )
                                 )
    vs.                          )
                                 )          Civil Action Number
A. O. SMITH ELECTRICAL           )          2:06-cv-899-UWC
PRODUCTS COMPANY, et al.,        )
                                 )
         Defendants.             )

## MEMORANDUM OPINION ON MOTIONS TO DISMISS

Presently before the Court are numerous motions to dismiss.[1] Upon review of the complaint and the motions to dismiss, the Court finds this action should be dismissed for lack of jurisdiction.

The nearly 100 individual Plaintiffs allege that they have been injured by exposure to asbestos manufactured or utilized by the various Defendants. Jurisdiction is premised on diversity of citizenship.

The motions to dismiss raise several issues, several of them having

---

[1] Docs. 24, 37, 40, 45, 48, 49, 50, 56, 57, 58, 61, 63, 66, 69, 75, 80, 81, 91, 97.

substantial merit. First, it does not appear that all of claims arise out of the same transaction or occurrence. Further, the complaint does not specifically link specific causes of action to a specific Defendant. Moreover, to the extent that fraud allegations are made, they are not pled with the specificity required by the Federal Rules of Civil Procedure. Finally, the complaint does not allege the dates of exposure to asbestos, or the dates on which the Plaintiffs discovered their injuries - allegations quite probative in a statute of limitations defense.[2]

But the most compelling reason requiring the dismissal of this action is the simple fact that diversity jurisdiction is absent. It is clear that at least one Plaintiff and at least one Defendant are citizens of the state of California. (*See* Compl. §§ 16, 113.) Additionally, at least one Plaintiff and one Defendant are citizens of the state of Georgia. (*See* Compl. §§ 15, 133.)

For want of diversity jurisdiction, the Complaint must be dismissed.

_W. Clemon_
U.W. Clemon
Chief United States District Judge

---

[2] These deficiencies could probably be cured by a severance of the Plaintiffs and an amended complaint in each of the new cases.

FILED
2005 Sep-30 AM 11:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLOTTE MAE FIKES,                          }
                                              }
          Plaintiff,                          }
                                              }
v.                                            }          Case No. 2:05-cv-1864-RDP
                                              }
AEROFIN CORPORATION, et al.,                  }
                                              }
          Defendants.                         }
                                              }

ORDER

In accordance with the court's rulings during the September 30, 2005 telephone conference

and the memorandum opinion issued contemporaneously herewith, the following motions are

GRANTED:

    (1)   Aqua-Chem, Inc.'s Motion for More Definite Statement (Doc. # 15);[1]

    (2)   Cleaver Brooks Company, Inc.'s Motion for More Definite Statement (Doc. # 16); and

    (3)   The Austin Company's Motion for More Definite Statement (Doc. # 40).

Plaintiff is **ORDERED** to replead her complaint **on or before October 28, 2005**, in

accordance with the Federal Rules of Civil Procedure and the following specific mandates:

    (1)   include a separate count for each cause of action that specifically delineates
          which claims are asserted against which Defendant;

    (2)   assert a proper factual basis for each claim with sufficient detail to put
          Defendants on notice of the claims against them (*e.g.*, identity of product(s),

---

[1] The motions for more definite statement filed by Aqua-Chem and Cleaver Brooks Company, Inc. request that Plaintiff provide a more definite statement in accordance with Alabama Rule of Civil Procedure 12(e). (Docs. # 15, 16, at 3). The court assumes that Defendants intended to move on the authority of Federal Rule of Civil Procedure 12(e), and the motions are granted on that basis.

manufacturer(s), purchaser(s) or other user(s) of product(s), time frame of alleged exposure(s), location(s)/employer(s) where exposure(s) occurred, identification of how other Defendant(s) contributed to the alleged exposure(s));

(3)  plead with particularity any fraud claims in accordance with Rule 9(b) (e.g., identity of manufacturer(s), purchaser(s) and any other party who allegedly concealed information, time frame of alleged concealment, and identity of person(s) who allegedly concealed information); and

(4)  ensure that each claim pled has a proper legal basis.

Given that the court has ordered repleading of the complaint, the following motions are **DENIED WITHOUT PREJUDICE**:

(1)  Aqua-Chem, Inc.'s Motion to Dismiss (Doc. # 15);

(2)  Cleaver Brooks Company, Inc.'s Motion to Dismiss (Doc. # 16);

(3)  Georgia Pacific Corporation's Motion to Dismiss (Doc. # 22);

(4)  John Crane, Inc.'s Motion to Dismiss (Doc. # 27);

(5)  Honeywell International, Inc.'s Motion to Dismiss (Doc. # 28);

(6)  The Austin Company's Motion to Dismiss (Doc. # 40); and

(7)  Saint-Gobain Abrasives, Inc.'s Motion to Dismiss (Doc. # 44).

Moreover, having found that a stay of this litigation would promote judicial efficiency and would prevent the possibility of inconsistent pretrial rulings, the court hereby **STAYS** all proceedings in this case (with the exception of the filing of Plaintiff's amended complaint, as outlined above) pending the potential transfer of this action to the MDL proceeding established in the Eastern District of Pennsylvania.[2]

---

[2] With the exception of the requirement that Plaintiff replead her complaint, the court intends for the stay of this case to apply to **all filings**, including required responses under Fed. R. Civ. P. 12 and Fed. R. Civ. P. 15. Accordingly, Defendants are not required to respond to Plaintiff's amended complaint until after transfer to the MDL proceeding. Moreover, the stay of this case is also

2

DONE and ORDERED this ___30th___ day of September, 2005.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

applicable to responses due from Defendants who have been served with Plaintiff's original complaint, but for whom the response time has not yet expired, and Defendants served after the entry of this order. Counsel for Defendants who have not yet responded to Plaintiff's original complaint should file a notice of appearance in this court.

3