**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **MARTHA ADAMS, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO.:** |
| | * | **2:07-cv-01064-WKW-TFM** |
| **ALBANY INTERNATIONAL, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO SEVER AND FOR MORE DEFINITE STATEMENT

COMES NOW Defendant, FOSTER WHEELER CORPORATION, and in support of its Motion to Dismiss, or in the alternative, Motion to Sever and for More Definite Statement states as follows:

**I.    History and procedural background.**

This personal injury action involves the claims of ten (10) Plaintiffs against seventy-seven (77) Defendants, including Foster Wheeler Corporation.  The Plaintiffs contend generally that they or their Decedents have been "continually exposed to asbestos containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants…." (Complaint, ¶¶ 1-10).  Plaintiffs further contend without specificity that they or their Decedents worked around "furnaces, boilers, turbines, and other industrial equipment in his workplace, which contained significant amounts of asbestos-containing products and materials."  (Complaint, ¶¶ 1-10).

**II.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure.**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiffs' Complaint should be dismissed because it fails to state a claim upon which relief can be granted. The allegations contained therein are inadequate and essentially comprised of a series of broad statements directed at all defendants without any clarification. Such "blanket pleadings" deprive Foster Wheeler Corporation of any meaningful opportunity to investigate the Plaintiffs' claims and prepare a meaningful response. A complaint which on its face is vague and ambiguous does not constitute a well pled complaint. *See*, *generally*, *Byrne v. Nezhat*, 261 F.3d at 1128-1131 (11th Cir. 2001). The Complaint in this case fails to specify where, when or how the Plaintiffs and/or their Decedents were allegedly exposed to asbestos or which of the numerous Defendants are responsible for the alleged exposure and resulting injuries. Simply stating where each Plaintiff or each Plaintiff's Decedent worked and the dates of employment with a general averment that there were "significant amounts of asbestos-containing products and materials" is not enough. As such, the Complaint fails to state a claim upon which relief may be granted and is due to be dismissed.

Federal Rule of Civil Procedure 8(a) requires that a pleading which sets forth a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, each averment in a complaint must "be simple, concise and direct." *Id*. "However, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." *Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997) (citations omitted); *see Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (U.S. 2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"). Where a plaintiff's complaint fails to support any claims as to the

defendants, it is proper to dismiss the defendants from the action. In this matter, the Plaintiffs have failed to meet their burden and have chosen instead to employ the "shotgun" approach to pleading which is disfavored by the judiciary. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). In *Magluta*, the Court described a shotgun complaint as one that ignores the requirement of a "short and plain statement." *Id*. Instead, the shotgun complaint identifies multiple defendants and charges each defendant with the same conduct, "though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Id*. The Complaint in this matter does exactly the same thing that the Eleventh Circuit has repeatedly condemned.

In *Sidney Chancellor, et al. v. Air Liquide America Corp., et al*., Case No. CV-04-BE-2554-S (N.D. Ala., Oct. 8, 2004), (unpublished), Judge Karon O. Bowdre *sua sponte* dismissed a similar shotgun complaint, without prejudice, due to the plaintiffs' failure to state a claim upon which relief could be granted and failure to plead with the required particularity. The court stated that the complaint, "[a]t best ... suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica during all or part of [their] working lives ... while working at various worksites in Alabama and other states, and that all seventy-five named defendants were in some way participants in the sand blasting industry." *Id*. at 2. Furthermore, "the complaint forces the defendants to guess at what they each may have done to injure the plaintiffs, and when, where and how." *Id*. In holding that dismissal was the correct approach, the court stated, "[t]he court is acutely aware of its duty to dispose of shotgun complaints at the earliest opportunity ... Rather than wait until justice has been obstructed by the inadequacies of this complaint and 'scarce judicial and parajudicial resources' are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that

complies with all of the requirements of the Federal Rules of Civil Procedure." *Id*. at 2-3. The

Order of Dismissal, entered on the court record on October 8, 2004, is attached hereto as Exhibit

"1."

Chief Judge U. W. Clemon in the Northern District of Alabama ordered the *sua sponte*

dismissal of *Skip Palmer, et al, v. Aearo Corp., et al*., Case No. 7.04-CV-3262-UWC (N.D. Ala.,

May 31, 2005) (unpublished) on similar grounds. Chief Judge Clemon noted:

> Neither the Defendants nor the Court can discern from Plaintiff's Complaint a fair idea of what the Plaintiffs are complaining. The Complaint suggests that the Plaintiffs have occupational lung disease, that Plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) Defendants in some way participated in the sand blasting industry. However, it is not clear what Defendants produced which products, and the resulting causes of action related to those products.

> The Complaint alleges that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, *etc.* However, the Complaint does not state when, where, or how the Defendants have injured the Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants. Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves in response to the Complaint.

*Id*. The Order of Dismissal, entered on the court record on May 31, 2005, is attached hereto as

Exhibit "2."

In this case, the Plaintiffs generically name numerous products allegedly manufactured

by seventy-seven (77) Defendants, which might have caused, directly or indirectly, harm to the

Plaintiffs or their Decedents. Like *Chancellor*, the vague nature of the Complaint forces all of

the Defendants, including Foster Wheeler Corporation, to guess "what each may have done to

injure the plaintiffs, and when, where and how." (*Chancellor*, Ex. "1" at p. 2). Although the

Complaint lists vague descriptions of products produced or distributed by the Defendants, it fails

to make clear "the resulting causes of action related to those products." (*Palmer*, Ex. "2" at p.2).

In short, the Plaintiffs have failed to give sufficient detail "so that the defendant[s], and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Id*.   Because Plaintiffs' Complaint fails to provide a short and plain statement of Plaintiffs' claims, it fails to state a claim upon which relief may be granted and is due to be dismissed.

The Plaintiffs' shotgun approach to pleading is even more evident beginning with paragraph 86 of their Complaint wherein the Plaintiffs' state: "The term 'Specifying Defendant' refers to each and every one of those defendants which specified the use of asbestos-containing products and/or materials on equipment, including both equipment it produced, manufactured distributed, sold and/or placed into the stream of commerce and equipment produced, manufactured, distributed sold and/or placed into the stream of commerce by others."  Plaintiffs also define the term "Contractor Defendant" as referring to "each and every one of those defendants which installed asbestos-containing products and/or materials at the worksites, including both their own asbestos containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others."  (Complaint, ¶ 91).  Plaintiffs then state, "the following defendant is both a "Specifying Defendants" and a Contractor Defendants" and proceed to list generic product types for each of the Defendants, including the allegation that Foster Wheeler Corporation is associated with "Asbestos containing products including but not limited to Boilers; …Contract Units; … Appartemart Boiler Parts." (Complaint, ¶¶ 92, 95).  However, there is absolutely no information to apprise Foster Wheeler Corporation as to which "worksite," let alone the period of employment, the Plaintiffs are referring to nor how, when or where the Plaintiffs or their Decedents were allegedly exposed to the products.  Further, the remaining paragraphs of the Complaint go on to allege five causes of

action against the Defendants.    All causes of action are generically linked to all of the named Defendants.    Chief Judge U.W. Clemon of the Northern District of Alabama  previously dismissed the case of *Vera Beavers, et al. v. A.O. Smith Electrical Products Company, et al.,* Civil Action No. 2:06-CV-899-UWC (N.D. Ala. May 8, 2006), on several grounds, including the fact that the Plaintiffs' Complaint did "not specifically link specific causes of action to a specific Defendant."[1]  See *Order of Dismissal* (N.D. Ala. August 31, 2006) and *Memorandum Opinion on Motions to Dismiss* (N.D. Ala. August 31, 2006) attached hereto collectively as Exhibit "3." Likewise, the Plaintiffs in this case have failed to link specific causes of action to specific Defendants, and as a result thereof, their claims are due to be dismissed.


### III.    The claim of plaintiff, Patsy W. Mibus, should be dismissed, because it was not commenced within two years of the death of her Decedent, Charles Webb.

Pursuant to Ala. Code § 6-5-410(d), an action for wrongful death "must be commenced within two years from and after the death of the testator or intestate."  The Complaint alleges that that Patsy W. Mibus brought her claim as the personal representative of her Decedent, Charles Webb, and further alleges that Charles Webb died on December 4, 2005. (Complaint, ¶ 9).  The Complaint was filed on December 5, 2007.  Mibus' claim is due to be dismissed because it was not commenced within two years of the death of Charles Webb.  *See e.g. Dukes v. Jowers*,  584 So.2d 524, 526 (Ala. 1991) (Cause of action for wrongful death would be barred after October 26, 1988 where death occurred on October 26, 1986.)

---

[1] The District Court's dismissal of this action is currently on appeal in the Eleventh Circuit.

IV.    **The claim of Plaintiff Janie Hicks should be dismissed because the claim would have been time barred had her Decedent, Willie Hicks, not died.**

Pursuant to Ala. Code § 6-5-410(a):

A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, *provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death*.

(emphasis added)

Pursuant to Ala. Code § 6-2-39 (repealed in 1980), Alabama had a one year statute of limitations for personal injury actions not resulting in death.  This meant that the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger.  This rule was changed in 1980, but the Alabama Supreme Court has declared that the change did not apply retroactively.  See *Tyson v. Johns-Mansville Sales Corp.*, 399 So.2d 263 (Ala. 1981) and *Johnson v. Garlock, Inc.*, 682 So.2d 25, 26-28 (Ala. 1996). Accordingly, a personal injury plaintiff who was last exposed to asbestos before May 19, 1979 must bring suit within one year of the last date of exposure.  *Id.*

Had Willie Hicks not died, his cause of action for personal injury would have clearly been time barred.  Because Hicks could not have commenced an action at the time of his death, the claim of his personal representative, Jannie Hicks, must be dismissed. *Northington v. Carey-Canada, Inc.*,  432 So.2d 1231 (Ala. 1983).

**V.**     **Plaintiffs are not properly joined under Rule 20 of the *Federal Rules of Civil Procedure* and their claims should therefore be severed.**

Rule 20 of the *Federal Rules of Civil Procedure* provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Here, Plaintiffs allege generally that they or their Decedents have been exposed to asbestos and asbestos-containing products. However, Plaintiffs fail to allege facts indicating that their right to relief arises out of the same transaction[s] or occurrences[s]. Rather, Plaintiffs require the Defendants, and this Court, to presume that a common set of facts, or question of law, forms the basis of their claims. Foster Wheeler Corporation submits that FRCP 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief. As such, Foster Wheeler Corporation seeks severance of the Plaintiffs' Complaint.

Moreover, the lack of common relief likewise warrants severance of Plaintiffs' claims. The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims. It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages and not to compensatory damages available to personal injury plaintiffs. *Cherokee Elec. Coop. v. Cochran*, 706 So.2d 1188, 11193 (Ala. 1997). If nothing else, the wrongful death claims should be severed from the personal injury claims.

**VI.**     **Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement of Their Claims in Accordance with Rule 12(e) of the *Federal Rules of Civil Procedure*.**

Federal Rule of Civil Procedure 12(e) provides that "[if] a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to

frame a responsive pleading, he may move for a more definite statement before interposing a responsive pleading." The law requires specificity such that a defendant is aware of the claims brought against it and is able to file responsive pleadings in good faith. If a petition is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the defendant may file a motion for more definite statement. *See Sisk v. Texas Park and Wildlife Dept.,* 644 F.2d 1056, 1059 (5th Cir. 1981).

As discussed above, the Plaintiffs' Complaint fails to put Foster Wheeler Corporation on notice as to the transactions or occurrences that form the basis of their claims. Indeed, Plaintiffs fail to aver any dates, worksites, or other facts surrounding their alleged use of a Foster Wheeler Corporation product or how the use of such a product contributed to their alleged injuries. Foster Wheeler Corporation cannot properly respond to such bare allegations. Further, living Plaintiffs Pauline M. Matthews and Bobbie Prentice have failed to allege the date they were diagnosed with an asbestos related illness, making it impossible for the Foster Wheeler Corporation to evaluate the applicability of the statute of limitations. (Complaint, ¶ 7 and ¶ 8) Moreover, Ms. Matthews has alleged that she was last exposed to asbestos in 1979, but failed to allege the date in 1979 on which she was last exposed to asbestos. A personal injury plaintiff who was last exposed to asbestos before May 19, 1979 must bring suit within one year of the last date of exposure. *Tyson v. Johns-Mansville Sales Corp.*, 399 So.2d 263 (Ala. 1981); *Johnson v. Garlock, Inc.*, 682 So.2d. 25, 26-28 (Ala. 1996). As such, Foster Wheeler Corporation can not ascertain from the Complaint the appropriate statute of limitations to apply to Ms. Matthews' claim, even if she had alleged a date of diagnosis. Accordingly, Foster Wheeler Corporation alternatively moves this Court for an Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to Federal Rule of Civil Procedure 12(e).

**VII.    Conclusion.**

For the foregoing reasons, Plaintiffs have not alleged the basic facts necessary or sufficient under Rule 12(b)(6) to state a claim for which relief can be granted as to Foster Wheeler Corporation in violation of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Foster Wheeler Corporation's Rule 12(b)(6) motion should be granted, dismissing all of the Plaintiffs' claims against Foster Wheeler Corporation, with prejudice, and at Plaintiffs' cost.  Moreover, the claim of Plaintiff, Patsy W. Mibus, is due to be dismissed because it was not commenced within two years of her Decedent's death and the claim of Jannie Hicks must be dismissed because her Decedent's cause of action was time barred at his death.  Further, Plaintiffs have attempted to join their claims in violation of Federal Rule of Civil Procedure 20 without any justifiable assertion that their claims arise out of the same series of transactions or occurrences and despite the fact that common relief can not be had among the Plaintiffs.  As such, Plaintiffs claims are due to be severed. Alternatively, should this Honorable Court deny Foster Wheeler Corporation's motion to dismiss, Foster Wheeler Corporation respectfully submits that its Rule 12(e) motion for more definite statement should be granted and the Plaintiffs ordered to amend their Complaint to provide sufficient particulars, including: (i) the approximate time and locations where Plaintiff was allegedly exposed to asbestos-containing products associated with Foster Wheeler Corporation; (ii) the particular brand of products to which Plaintiffs or Plaintiffs' Decedents were allegedly exposed; (iii) the identity of the manufacturer, producer or seller of the particular products or materials to which the Plaintiffs and Plaintiffs' Decedents were allegedly exposed; (iv) sufficient particulars to sustain Plaintiffs' fraud allegations against Foster Wheeler Corporation; (v) the linking of a particular defendant or defendants to a particular cause of action; (vi) the date of diagnosis of an asbestos related illness

for all living Plaintiffs and for all of Plaintiffs' Decedents; (vii) the day, month and year that Pauline M. Matthews was last exposed to asbestos; and (viii) Plaintiffs' basis, if any, for linking Foster Wheeler Corporation to Plaintiffs' and Plaintiffs' Decedents' alleged asbestos exposure.

Respectfully submitted,

/s/ F. Grey Redditt, Jr.
F. GREY REDDITT, JR. (ASB-5142-R64F)
TIMOTHY A. CLARKE (ASB-1440-R67T)
***Attorneys for Foster Wheeler Corporation***

**OF COUNSEL:**

VICKERS, RIIS, MURRAY AND CURRAN, L.L.C.
P. O. Drawer 2568
Mobile, AL 36652-2568
Telephone:     (251) 432-9772
Facsimile:     (251) 432-9781
Email: gredditt@vickersriis.com
          tclarke@vickersriis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants.

/s/ F. Grey Redditt, Jr.
F. GREY REDDITT, JR.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 OCT -8 PM 2: 37

`. DISTRICT COURT
`. D. OF ALABAMA

SIDNEY S. CHANCELLOR,

    Plaintiff,

    and

JOHN L. PARKER,

    Plaintiff,

    vs.

AIR LIQUIDE AMERICA CORP.,
et al.,

    Defendants.

ENTERED
OCT - 8 2004

Case No. CV-04-BE-2554-S

## ORDER DISMISSING THE CASE

Based on the gross inadequacies of the plaintiffs' complaint, the court *sua sponte* dismisses this case without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 30 days of the date of this order.

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing that the pleader is entitled to relief.' ... 'The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see

that there is some legal basis for recovery.'" *Hochman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959) (quoting Fed. R. Civ. P. 8(a); James Wm. Moore et al., Moore's Federal Practice 1653 (2d ed.)). Neither the defendants nor the court can discern from the plaintiffs' complaint a fair idea of what the plaintiffs are complaining. At best, the complaint suggests only that plaintiffs have respiratory illnesses, that plaintiffs were exposed to silica "during all or part of [their] working lives...while working at various worksites in Alabama or other states," and that all seventy-five named defendants were in some way participants in the sand blasting industry.

Although the complaint alleges generally that different groups of defendants negligently manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what they each may have done to injure the plaintiffs, and when, where, and how. All seventy-five defendants must therefore answer with abandon, pleading every conceivable affirmative defense, while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relevant to whatever as-yet-unknown specific claims against them discovery may reveal.

Not only does the complaint fail to place the defendants on notice of the nature of the claims against them, it also contains numerous other inadequacies among them, failure to state with particularity the circumstances constituting fraud, and failure to name spouses as plaintiffs while asserting loss of consortium, or to show whether, if the spouses were named as plaintiffs, this court would have jurisdiction over this diversity action. Furthermore, the court finds that it will be impossible to set the boundaries of discovery on the basis of this complaint. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001).

The court is acutely aware of its duty to dispose of shotgun complaints at the earliest

2

opportunity. *Byrne*, 261 F.3d at 1130.[1]  Many defendants have already moved the court to dismiss the plaintiffs' claims against them for failure to state a claim for which relief can be granted, or in the alternative, for a more definite statement.  Many are even now heroically struggling to answer the complaint.  Rather than wait until justice has been obstructed by the inadequacies of this complaint and "scarce judicial and parajudicial resources" are further wasted, the court *sua sponte* dismisses this case as to all defendants without prejudice and with leave to refile a complaint that complies with all the requirements of the Federal Rules of Civil Procedure within 20 days of the date of this order.

In filing their amended complaint, plaintiffs should be mindful of the Eleventh Circuit's suggestion to district courts regarding those who file shotgun pleadings: "[i]f use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the perpetrator could be cited for criminal contempt." *Byrne*, 261 F.3d at 1131-32.  The court is aware that the plaintiffs' nearly identical case has already been dismissed from the Circuit Court of Jefferson County, Alabama.

---

[1] In *Byrne*, the Eleventh Circuit detailed the many evils a court would countenance by allowing a case to proceed on the basis of a shotgun complaint such as the one presently before the court—among them, "obstruction of justice," the potential for extortion, "watering down the rights of parties...to litigate efficiently," and "consuming an inordinate amount of the court's time" while "justice is delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." *Byrne*, 261 F.3d at 1130, 1131.  The Eleventh Circuit observed in *Byrne*: "Why...would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims." *Id.* at 1130.

The pending motions to dismiss (docs. 28, 34, 35, 43, 44, 49, 59, 60, 62, 69, 70, and 74) are

MOOT.

Done and ordered this _8th_ day of October, 2004.

Karon O. Bowdre
United States District Judge

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

SKIP PALMER, *et al.*, )
)
      Plaintiffs, )
)
vs. )            Civil Action Number
)            7:04-cv-3262-UWC
AEARO CORPORATION, *et al.*, )
)
      Defendants. )
)
)

## ORDER OF DISMISSAL

Based upon the gross inadequacies of the Plaintiff's Complaint, the Court *sua sponte* DISMISSES this case without prejudice and with leave to refile a complaint that complies with all of the requirements of the Federal Rules of Civil Procedure within thirty (30) days of the date of this Order.

"Although the liberal federal rules require only notice pleading, they still require a 'short and plain statement of the claim showing the pleader is entitled to relief' .... "The pleadings still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief;' it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal

1

basis for recovery." *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959)(quoting Fed. R. Civ. P. 8 (a); James Wm. Moore *et al.*, Moore's Federal Practice 1653 (2d ed.).

Neither the Defendants nor the Court can discern from Plaintiff's Complaint a fair idea of what the Plaintiffs are complaining. The Complaint suggests that the Plaintiffs have occupational lung disease, that Plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) Defendants in some way participated in the sand blasting industry. However, it is not clear what Defendants produced which products, and the resulting causes of action related to those products.

The Complaint alleges that different groups of Defendants negligently manufactured equipment, failed to inform of possible danger, *etc.* However, the Complaint does not state when, where, or how the Defendants have injured the Plaintiffs. Furthermore, the Plaintiffs do not explain which causes of action apply to which Defendants. Therefore, the Plaintiffs do not allow the Defendants to adequately defend themselves in response to the Complaint.

Many Defendants have moved this Court to dismiss the Plaintiffs' claims for failure to state a claim for which relief can be granted, or in the alternative a more definite statement. Some Defendants answered the complaint. Rather than rely on the inadequacies of this Complaint, the Court *sua sponte* dismisses this case as to all Defendants with leave to refile a Complaint that complies with all of the requirements of

the Federal Rules of Civil Procedure within thirty (30) days of the date of this order.

Done this 31st day of May, 2005.

U.W. Clemon
Chief United States District Judge

3

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VERA . BEAVERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | 2:06-cv-899-UWC |
| A. O. SMITH ELECTRICAL | ) | |
| PRODUCTS COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER OF DISMISSAL

Consistent with the accompanying Memorandum Opinion, this case is

hereby DISMISSED, without prejudice.

The costs of this action are hereby taxed against the Plaintiffs.


_____
U.W. Clemon
Chief United States District Judge


Page 1 of 1.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VERA . BEAVERS, et al.,           )
                                  )
        Plaintiffs,               )
                                  )
    vs.                           )        Civil Action Number
                                  )        2:06-cv-899-UWC
A. O. SMITH ELECTRICAL            )
PRODUCTS COMPANY, et al.,         )
                                  )
        Defendants.               )

## MEMORANDUM OPINION ON MOTIONS TO DISMISS

Presently before the Court are numerous motions to dismiss.[1] Upon review
of the complaint and the motions to dismiss, the Court finds this action should be
dismissed for lack of jurisdiction

The nearly 100 individual Plaintiffs allege that they have been injured by
exposure to asbestos manufactured or utilized by the various Defendants.
Jurisdiction is premised on diversity of citizenship.

The motions to dismiss raise several issues, several of them having

---

[1]. Docs. 24, 37, 40, 45, 48, 49, 50, 56, 57, 58, 61, 63, 66, 69, 75, 80, 81, 91, 97.

substantial merit. First, it does not appear that all of claims arise out of the same transaction or occurrence. Further, the complaint does not specifically link specific causes of action to a specific Defendant. Moreover, to the extent that fraud allegations are made, they are not pled with the specificity required by the Federal Rules of Civil Procedure. Finally, the complaint does not allege the dates of exposure to asbestos, or the dates on which the Plaintiffs discovered their injuries – allegations quite probative in a statute of limitations defense.[2]

But the most compelling reason requiring the dismissal of this action is the simple fact that diversity jurisdiction is absent. It is clear that at least one Plaintiff and at least one Defendant are citizens of the state of California. (See Compl. §§ 16, 113.) Additionally, at least one Plaintiff and one Defendant are citizens of the state of Georgia. (See Compl. §§ 15, 133.)

For want of diversity jurisdiction, the Complaint must be dismissed.

_____
U.W. Clemon
Chief United States District Judge

---

[2] These deficiencies could probably be cured by a severance of the Plaintiffs and an amended complaint in each of the new cases.